1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MARILYN MORTON, et al. | Case No.:  21-cv-1428-MMA-DDL |
| 12                 Plaintiffs, | |
| 13   v. | **ORDER REGARDING JOINT MOTION FOR CLARIFICATION RE: DISCOVERY ORDER** |
| 14   COUNTY OF SAN DIEGO, et al., | |
| 15                Defendants. | **[Dkt. No. 135]** |

16

17

18       On June 27, 2023, the Court issued an amended Order granting in part and denying

19 in part Plaintiffs' motion to compel production of documents (the "Discovery Order").

20 Dkt. No. 97.  The Discovery Order provided, in relevant part:

21      The County has provided a "Privilege Log Re Emails" identifying 93 emails

22      as to which it asserts the attorney-client privilege.  The County asserts the
     attorney-client privilege over these emails, which include discussions about

23      press releases and other issues relating to Morton's death.  However, the
     County's briefing does not explain why these emails are privileged, and the

24      Court's *in camera* review indicates that the emails are not confidential

25      attorney-client communications "which are made for the purpose of giving
     legal advice." *In re Grand Jury*, 23 F.4th at 1091 (citation omitted).  Based

26      on the current record, the County has failed to carry its burden to establish that

27      the attorney-client privilege applies to these documents.

28 *Id.* at 12.

The Court thereafter issued a limited stay of the Discovery Order pending resolution of the County's objection under Federal Rule of Civil Procedure 72.  Dkt. No. 109.  Specifically, the Court directed that the County's "production of CIRB reports, CIRB records, and 93 emails listed in the County's privilege log" was stayed.  *Id.* at 2.  The Court directed that the stay would "automatically expire on the date of the District Court's order disposing of the Rule 72 motion," and, if the District Judge affirmed the Discovery Order, the County "must produce all documents no later than one week from the date of the District Court's order."  *Id.*

On September 6, 2023, the District Judge overruled the County's objection to the Discovery Order.  Dkt. No. 131.  As the County acknowledges, it was obligated to produce the documents at issue, including the documents identified in its "Privilege Log Re Emails," by not later than September 13, 2023.  *See* Dkt. No. 135 at 3.

On September 13, 2023, the County filed the instant motion for "clarification" asserting that three documents (UIN Nos. 4-6) in its Privilege Log Re Emails and one document (UIN No. 38) erroneously listed in its Supplemental Privilege Log Re CIRB-Related Records include communications between the San Diego Sheriff's Department and County Counsel.  Dkt. No. 135 at 3.  The County "suggests that the Court extend protection to the select items specifically to County Counsel . . . ."  Dkt. No. 135 at 5.  Plaintiffs oppose the motion.  *Id.* at 5-6.

The Court held in its Discovery Order that the County failed to carry its burden to establish that the attorney-client privilege applies to the documents identified in the County's "Privilege Log Re Emails" and directed the County to produce those documents to Plaintiffs.  Dkt. No. 97 at 12, 17.  To the extent the County seeks clarification as to whether the Discovery Order requires production of those documents, the answer is "yes."  The Court ORDERS the County to produce UIN Nos. 4, 5, 6 and 38 to Plaintiffs by not later than **September 19, 2023**.

/ / /

/ / /

1  To the extent the County is asking the Court to reconsider its Discovery Order

2  requiring production of UIN Nos. 4, 5, 6 and 38, the Court finds that the County has not

3  made the requisite showing to warrant reconsideration. *See Sch. Dist. No. 1J, Multnomah*

4  *Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate

5  only when the Court "(1) is presented with newly discovered evidence, (2) committed clear

6  error or the initial decision was manifestly unjust, or (3) if there is an intervening change

7  in controlling law") (citation omitted).

8  **IT IS SO ORDERED.**

9  Dated: September 18, 2023

10

11  _____

12  Hon. David D. Leshner
   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-1428-MMA-DDL