UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al. ,<br><br>                              Defendants. | Case No.:  21-cv-1428-MMA-DDL<br><br>**ORDER DENYING EX PARTE MOTION TO STAY AND DIRECTING SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW**<br><br>**[Dkt. No. 146]** |

Before the Court is the County Defendants' *Ex Parte* Application for an Order Staying the Court's September 20, 2023 Discovery Order re Motion to Compel Pending District Judge Review.  Dkt. No. 146.

On September 20, 2023, the undersigned issued an order granting Plaintiffs' motion to compel CIRB Reports relating to in-custody suicides over a five-year period, finding the County had not carried its burden to show that the documents were protected from disclosure by the attorney-client, official information, deliberative process, or law enforcement investigatory privileges, the work product doctrine, or HIPAA and similar medical privacy statutes.  *See* Dkt. No. 144 (hereafter the "September 20 Discovery Order").  The County Defendants indicate they will move pursuant to Federal Rule of Civil

1

Procedure 72 to set aside the September 20 Discovery Order on or before October 4, 2023, the same date by which they were ordered to produce the disputed CIRB Reports. *See id.* at 27.

When considering whether to grant a stay, the Court applies a four-factor test: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *See In re Republic of Ecuador,* No. 10-MC-80087 CRB (NC), 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). Having considered each of these factors, the Court **DENIES** the *Ex Parte* Application.

First, the Court concludes the County Defendants are not likely to succeed on the merits. On June 27, 2023, the Court granted Plaintiffs' motion to compel production of the CIRB Report and related documents pertaining to Joseph Morton's death. Dkt. No. 97 (hereafter the "June 27 Discovery Order"). Thereafter, the District Judge overruled the County Defendants' Rule 72 objection to the June 27 Discovery Order. Dkt. No. 131. The September 20 Discovery Order involves the same issues of attorney-client privilege raised in the County Defendants' unsuccessful challenge to the undersigned's June 27 Discovery Order. *See* Dkt. Nos. 105, 131.

Second, the Court finds that by applying targeted, appropriate redactions, the potential injury to the County from disclosure of its assertedly privileged information is ameliorated. Third, given the impending fact discovery cutoff and other deadlines that were imposed after the County Defendants' prior unsuccessful Rule 72 challenge, the Court concludes that the other parties to the action would be unfairly and substantially prejudiced by a stay. Fourth, the Court concludes that the public interest is not served by further delay in the production of these documents.

The Court will, however, provide the County Defendants with a final opportunity to propose specific and targeted redactions to communications they assert are protected by

the attorney-client privilege.  By not later than **October 10, 2023**, the County Defendants shall submit to the undersigned its proposed redactions to the CIRB Reports for *in camera* review.

For the above reasons, the *Ex Parte* Application for an Order Staying the Court's September 20, 2023 Discovery Order [Dkt. No. 146] is **DENIED**.  The September 20 Discovery Order is hereby **STAYED** until further Order of this Court regarding the proposed redactions.

**IT IS SO ORDERED.**

Dated: October 3, 2023

*/s/ David Leshner*

Hon. David D. Leshner
United States Magistrate Judge