# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No. 21-cv-1428-MMA-DDL<br><br>**ORDER OVERRULING DEFENDANT COUNTY OF SAN DIEGO'S RULE 72 OBJECTION**<br><br>[Doc. No. 149] |

On September 20, 2023, Magistrate Judge David D. Leshner issued a Discovery Order granting in part Plaintiffs' motion to compel production of documents. *See* Doc. No. 144. Defendant County of San Diego (the "County") now objects to portions of the Discovery Order. *See* Doc. No. 149. Plaintiffs have filed a response in opposition to the objection, to which the County replied. *See* Doc. Nos. 156, 163. For the reasons set forth below, the Court **OVERRULES** the County's objection.

Pursuant to Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days of service of the order. Fed. R. Civ. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion

only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat'l Broad Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion.)

Having conducted an *in camera* review of the subject documents and upon review of the entire record, including Judge Leshner's Discovery Order, the parties' briefs, and the Court's prior Rule 72 objection Order, *see* Doc. No. 131, the Court is not persuaded that Judge Leshner's Order was clearly erroneous or contrary to law. Judge Leshner found that the County failed to satisfy its burden of demonstrating that the nineteen (19) CIRB reports are protected by the attorney-client privilege, the work product doctrine, the official information privilege, the deliberate process privilege, or the law enforcement investigatory privilege. He also concluded that the CIRB reports are relevant and proportional to the needs of this case. As to the three Sheriff's Department's Internal Affairs reports, Judge Leshner similarly found that the County failed to meet its burden

of showing they are protected by the official information privilege and concluded these reports are relevant and proportional to the needs of this case.  On this record, the Court is not left with a definite or firm conviction that a mistake has been committed.  Accordingly, the Court **OVERRULES** Plaintiffs' objection to Judge Leshner's September 20, 2023 Discovery Order.

**IT IS SO ORDERED**.

Dated:  November 8, 2023

HON. MICHAEL M. ANELLO
United States District Judge