**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN MORTON, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br>  Defendants. | Case No. 21-cv-1428-MMA-DDL <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** <br><br> [Doc. No. 143] |

Marilyn Morton ("Ms. Morton"), as successor in interest to Decedent Joseph Earl Morton's ("Mr. Morton") estate, as well as Ms. Morton and Dean Morton as individuals (collectively, "Plaintiffs"), bring this action pursuant to 42 U.S.C. § 1983 against the County of San Diego (the "County"), Samantha Macanlalay ("Macanlalay"), Bijan Rahmani ("Rahmani"), Hosanna Alto ("Alto"), Matthew Berlin ("Berlin"), Liberty Healthcare ("Liberty"), and Does 1–10. *See* Doc. No. 28 ("Third Amended Complaint" or "TAC"). Plaintiffs now seek leave to file a Fourth Amended Complaint. The County, Macanlaylay, and Alto (collectively, the "County Defendants") filed and opposition, to which Plaintiffs replied. *See* Doc. Nos. 154, 155. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 158. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.

# I. BACKGROUND

The parties are well-versed in the relevant facts, and so the Court does not recite them here. For the purpose of this motion, the Court provides the following abbreviated summary.

On May 8, 2020, Mr. Morton attempted suicide and was placed under a 72-hour welfare hold pursuant to Cal. Welf. & Inst. Code § 5150. TAC ¶ 4. Mr. Morton was released on May 10, 2020, and on May 11, 2020, attempted to commit a robbery. *Id.* ¶¶ 4–5. Mr. Morton was arrested by County Sheriff's Department deputies and booked into custody at Vista Detention Facility ("VDF"). *Id.* ¶ 5. Plaintiffs allege that during his arrest, processing, and evaluation, Mr. Morton made suicidal statements and attempted to harm himself. *Id.* ¶¶ 6–11. Nonetheless, Mr. Morton was classified as a low risk for suicide and cleared for mainline housing. *Id.* ¶¶ 9–12. On May 17, 2020, Mr. Morton died by suicide. *Id.* ¶ 16.

# II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure[1] provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, once a district court has issued a scheduling order under Rule 16 establishing a timetable for amending pleadings, the liberal standards of Rule 15 no longer govern. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Within this context, good cause is measured by the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609.

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

In ruling on matters such as these, which involve the supervision of the pretrial phase of litigation, "[t]he district court is given broad discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). If the district court finds a lack of diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609. If, however, the movant meets the Rule 16 burden, the Court proceeds to considering the motion under the usual standard of Rule 15.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)); *see also Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2019 U.S. Dist. LEXIS 39789, at *8 (S.D. Cal. Mar. 12, 2019) ("Whether to grant a motion to amend depends on five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether the plaintiff has previously amended.") (citing *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

### III. DISCUSSION

Plaintiffs seek leave to amend their pleading to name two previously unidentified Does, as well as add a claim for violation of the Bane Act and to pursue municipal and supervisory liability for the alleged Fourteenth Amendment violation.

At the outset, the Court must determine whether to apply Rule 16 or 15. Plaintiffs initiated this action on August 9, 2021. *See* Doc. No. 1. Following several rounds of motions to dismiss, *see* Doc. Nos. 6, 10, 21, Plaintiffs filed a Third Amended Complaint on June 3, 2022, *see* TAC. On June 16, Defendants filed their Answers. *See* Doc. Nos. 31, 32.

On August 5, 2022, Magistrate Judge Karen S. Crawford issued the first Rule 16 Scheduling Order. *See* Doc. No. 39. Relevant here, the amended pleadings deadline was set for September 20, 2022. *Id.* Thereafter, Magistrate Judge David D. Leshner issued a First Amended Scheduling Order, *see* Doc. No. 51, and a Second Amended Scheduling Order, *see* Doc. No. 88. In neither Order did he reset the amended pleadings deadline. Instead, he noted that "[e]xcept as explicitly modified herein, all deadlines, instructions and mandatory procedures set forth in the Court's August 5, 2022 Scheduling Order [Dkt. No. 39] remain in effect." Doc. No. 51 at 2.

Consequently, the deadline for Plaintiffs to seek leave to amend their pleading was September 20, 2022. Doc. No. 39 at 1. Because the amended pleadings deadline lapsed over a year ago, Rule 16 first applies.

**A.   Pleadings**

It is necessary to begin with an overview of Plaintiffs' pleadings and the Court's dismissal orders. By way of the First Amended Complaint, *see* Doc. No. 8, Plaintiffs pleaded the following: (Claim 1) objective indifference in violation of the Fourteenth Amendment against Macanlaylay, Rahmani, Alto, Berlin, and Does 1–10; (Claim 2) inadequate suicide prevention/self-harm policy and training program in violation of the Fourteenth Amendment against the County and Liberty; (Claim 3) gross negligence/medical malpractice against all Defendants and Does 1–10; and (Claim 4) wrongful death/survival against all Defendants and Does 1–10. As relevant here, the Court dismissed Claim 2 for failure to identify a policy or custom to adequately plead *Monell* liability. Doc. No. 18 at 14. The Court also dismissed Claim 4, noting that a survival claim is not a separate cause of action. *Id.* at 16–17.

Thereafter, Plaintiffs filed the Second Amended Complaint, *see* Doc. No. 20, alleging: (Claim 1) objective indifference in violation of the Fourteenth Amendment against Macanlaylay, Rahmani, Alto, Berlin, and Does 1–10; (Claim 2) inadequate suicide prevention/self-harm policy and training program in violation of the Fourteenth Amendment against the County and Liberty; (Claim 3) negligence against all Defendants

and Does 1–10; (Claim 4) "survival action" against all Defendants and Does; and (Claim 5) wrongful death against all Defendants and Does. Assessing the sufficiency of the Second Amended Complaint, the Court dismissed Plaintiffs' *Monell* claim (Claim 2), to the extent it was based upon an express policy without leave to amend because Plaintiffs had still failed to identify any policy, and had abandoned that theory of liability. Doc. No. 27 at 6. The Court also dismissed Plaintiffs' policy of inaction theory without leave to amend to the extent the claim was based upon the failure to task a mental health professional with intake evaluations as opposed to a registered nurse and lack of follow-up after inmates are released from the Inmate Safety Program ("ISP") housing. *Id.* at 8. The Court found that Plaintiffs did not plead causation given that they pleaded Mr. Morton was seen by a mental health professional and was nevertheless inaccurately designated, and that Mr. Morton was never placed in ISP housing. *Id.* As to Plaintiffs' claim that the County and Liberty were liable for failing to provide adequate mental health care by not monitoring suicidal inmates, the Court found the claim sufficiently plausible. *Id.* at 10. The Court also, again, dismissed Plaintiffs' "survival action" claim, noting that it was neither necessary nor appropriate. *Id.* at 16.

In their operative pleading—the Third Amended Complaint—Plaintiffs plead the following: (Claim 1) objective indifference in violation of the Fourteenth Amendment against Macanlaylay, Rahmani, Alto, Berlin, and Does 1–10; (Claim 2) inadequate suicide prevention/self-harm policy and training program in violation of the Fourteenth Amendment against the County and Liberty; (Claim 3) failure to summon medical care against all Defendants and Does 1–10; (Claim 4) "survival action" against all Defendants and Does; (Claim 5) wrongful death against all Defendants and Does; and (Claim 6) professional negligence against all Defendants and Does 1–10. Defendants did not challenge the sufficiency of the Third Amended Complaint but rather filed answers. *See* Doc. Nos. 31, 32.

Plaintiffs now seek leave to pursue the following: (Claim 1) objective indifference in violation of the Fourteenth Amendment against Macanlaylay, Rahmani, Alto, Berlin,

Janine Sparks, and Christopher Sparks; (Claim 2) inadequate suicide prevention/self-harm policy and training program in violation of the Fourteenth Amendment against the County and Liberty; (Claim 3) failure to summon medical care against all Defendants except Melissa Quiroz; (Claim 4) "survival action" against all Defendants except Melissa Quiroz; and (Claim 5) wrongful death against all Defendants except Melissa Quiroz; (Claim 6) professional negligence against all Defendants except Melissa Quiroz; (Claim 7) supervisory liability for/ratification of a violation of the Fourteenth Amendment against Melissa Quiroz and the County; and (Claim 8) violation of the Bane Act against Janine Sparks, Christopher Kagay, the County, Liberty, and Does.  Doc. No. 143-1 at Ex. 1 ("FAC").  The County Defendants oppose Plaintiffs' motion.  *See* Doc. No. 154.

**B.     Analysis**

To the extent Plaintiffs seek leave to amend their pleading to substitute Ms. Sparks and Mr. Kagay as two previously named Does on their existing claims, there is good cause and the applicable *Foman* factors favor amendment.  According to Plaintiffs, they "just discovered the identity and culpable conduct of Janine Sparks during her deposition, which was noticed by Defendant Liberty Healthcare and taken on August 18, 2023." *Id.* Plaintiffs also contend that Ms. Sparks' identity was "concealed from Plaintiffs." *Id.*  As to Mr. Kagay, Plaintiffs contend that while they knew of his identity, they only learned of his potential liability upon receiving the Critical Incident Review Board ("CIRB") documents produced on September 13, 2023.  *Id.*

In opposition, the County Defendants point out that Plaintiffs have already requested and received extensions of the Rule 16 Scheduling Order.  *See* Doc. No. 154. However, as noted above, none of these amended scheduling orders extended the September 2022 amended pleadings deadline.  The County Defendants' remaining arguments, *see id.* at 13–16, bear on the Rule 15 analysis.  They do not dispute that Plaintiffs only learned of Ms. Sparks' identity by way of Liberty's notice of her deposition.  *See id.* at 13.  Nor do they dispute that Plaintiffs have been diligent in

pursuing discovery, including the CIRB records.

Turning to the *Foman* factors, as to this requested amendment, there is no indicia of bad faith or undue delay. It is clear Plaintiffs have been diligent in pursuing this relevant discovery and the basis for these proposed amendments did not become apparent until Ms. Sparks' August 18, 2023 deposition and production of the CIRB records on September 13, 2023. It also appears on this record that the County Defendants would not be prejudiced by amendment in this respect because these amendments are based upon discovery that has already been taken.

Adding Ms. Sparks and Mr. Kagay on the preexisting claims also does not appear to be futile. Ms. Sparks was a Mental Health Clinician at VDF from May 12, 2020 through May 16, 2020. FAC ¶ 16. Plaintiffs allege that Ms. Sparks admitted during her deposition that it was her responsibility to perform the 24-hour suicide assessment follow-up with Mr. Morton, and that she failed to do so. *Id.* According to Plaintiffs, the internal investigation recorded that Ms. Sparks failed to perform the assessment because she was afraid to go into the COVID quarantine housing module. *Id.* Ms. Sparks allegedly testified that if she had assessed Mr. Morton, and had he expressed that he planned to kill himself, she would have placed him in ISP housing. *Id.* ¶ 20.

According to Plaintiffs, Christopher Kagay was "a Liberty-employed provider" working at VDF on May 13, 2020. *Id.* ¶¶ 17, 34. Plaintiffs allege that Mr. Kagay intentionally cancelled Berlin's 24-hour psychiatric sick call order and converted it to a chart check. *Id.* ¶ 17. According to Plaintiffs, Mr. Kagay did this despite not physically evaluating Mr. Morton and despite being aware that Mr. Morton had verbalized a plan to commit suicide and was off medication. *Id.* Plaintiffs also contend that Mr. Kagay was aware Mr. Morton had been receiving medication during his 5150, but did not order anti-psychotic medication. *Id.* Mr. Kagay rescheduled the psychiatric sick call assessment for May 20, 2020. *Id.* According to Plaintiffs, if Ms. Sparks and Mr. Kagay had "followed policy," Mr. Morton would have undergone two additional suicide follow-up assessments, likely preventing his death. *Id.* ¶ 20. The Court finds that these allegations

are sufficient at this time. Accordingly, the Court **GRANTS** Plaintiffs' motion to the extent they seek leave to identify Ms. Sparks and Mr. Kagay as the previously named Does on their preexisting claims.

Turning to the remainder of Plaintiffs' proposed amendments, the Court finds that Plaintiffs have not demonstrated good cause to permit amendment beyond the deadline. As noted above, the Rule 16 good cause standard turns on Plaintiffs' diligence; the Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609 (internal citation and quotation marks omitted). Plaintiffs have not persuasively argued that they could not have timely sought leave to amend to add these new claims.

Plaintiffs are required to demonstrate that they could not reasonably have met the September 2022 deadline. Despite seeking several discovery extensions, it appears that Plaintiffs never sought to extend this deadline. This weighs against a finding that Plaintiffs have been diligent in enabling this Court to create a workable Rule 16 scheduling order. With respect to their asserted inability to meet the September 2022 deadline, Plaintiffs again point to Ms. Sparks' August 2023 deposition and the September 2023 CIRB document production. But this discovery is not sufficiently tethered to Plaintiffs' new claims. Plaintiffs do not explain why they could not have timely pleaded a Bane Act claim. In fact, it appears they could have. In the original Complaint, Plaintiffs expressly pleaded that Defendants acted with the specific intent to violate Mr. Morton's constitutional rights. *See, e.g.*, Doc. No. 1 ¶ 64. And yet only now, years later, Plaintiffs seek to press a Bane Act claim, and interestingly only seek to press this claim against the two newly-identified Does, the County, and Liberty. The other new claim is a second Fourteenth Amendment *Monell* claim against Ms. Quiroz and the County, which is entitled "Supervisory Liability/Ratification." FAC at 69. So far as the Court can surmise, Plaintiffs seek to pursue the theories of liability that Ms. Quiroz and/or the County ratified Ms. Sparks' conduct, *see* FAC ¶ 166, and failed to supervise/discipline her, *see id.* ¶ 180, rejected the State Auditor's recommendation that

follow-up be required, *see id.* ¶ 171, and concealed Ms. Sparks and Mr. Kagay's misconduct, *see id.* ¶ 172. This appears to be an attempt to attempt to take another bite at the apple after the close of discovery and on the eve of the February 1, 2024 dispositive motions deadline. *See* Doc. No. 167. Moreover, even assuming the CIRB reports "evidence[] that the CIRB investigators knew about Defendants Sparks and Kagay's misconduct but intentionally concealed it from Internal Affairs and the CIRB Board," *see* Doc. No. 143-1 at 7, there is no genuine argument that Plaintiffs were unaware of Ms. Quiroz's identity and involvement earlier such that they could not have timely sought leave to amend. Finally, as noted above, Plaintiffs were on notice of any deficiencies or issues regarding their *Monell* claim since at least May 2022.

This is Plaintiffs' fifth attempt at pleading their claims. The Court previously issued two substantive Dismissal Orders in an effort to assist Plaintiffs with ascertaining the viability of claims and theories of liability as they pertain to the facts as best understood at the time. *See* Doc. Nos. 18, 27. The Court incorporates those Orders by reference here. And yet, despite repeated instruction, Plaintiffs have once again put before the Court a pleading that is inoperable as drafted. Plaintiffs have failed to do the bare minimum to cure the previously identified deficiencies or otherwise conform their pleading to comply with the Court's Orders. For example, the Court has twice informed Plaintiffs that there is no such thing as a "survival action" claim. And yet, in five pleadings, including this proposed Fourth Amended Complaint, Plaintiffs have included a claim, often separately, entitled "survival." Plaintiffs have never responded to either the County's argument or the Court's Orders that such a claim does not exist. And yet it has persisted in the face of two Court Orders and despite a total absence of legal authority.

In a footnote in both the Third and Fourth Amended Complaints, Plaintiffs supplied a footnote, seemingly in an effort to address this glaring issue:

> On May 4, 2022, the Court issued an extensive 20-page ruling on the County's motion to dismiss. The Court granted in part and denied in part the County's motion. The Court dismissed portions of the second cause of action, third

cause of action, and the fourth cause of action in its entirety. In its Order, the Court ruled this Complaint will be the operative complaint moving forward. As such, due to the complexity of the Court's Order, Plaintiff will maintain the complaint as it was but for making the two changes directed by the Court. See Dkt.27, 20:4-9; See TAC ¶ 24 and Sixth Cause of Acton.

TAC at 2 fn.1; FAC at 2 fn.1.

Any complexity in the Court's Dismissal Orders has been the result of Plaintiffs' pleading.

Plaintiffs are seeking to expand the scope of this case on the eve of summary judgment, and the new claims in the Fourth Amended Complaint are neither clearly nor precisely pleaded.  For example, in addition to the untenable "survival action" claim, *see* FAC at 61, and the pressing of a claim for professional negligence against "All Defendants," despite having already been informed that this claim cannot be pursued against the County, *see* Doc. No. 27 at 14, Plaintiffs' proposed seventh cause of action is another splattering of potential bases for liability against Ms. Quiroz and/or the County.  Simply put, this Fourth Amendment Complaint does not put Defendants on fair notice of what their claims are and the grounds upon which they rest.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court therefore finds that Defendants would be prejudiced by allowing amendment.

Diligently propounding discovery is not the same as diligently complying, or attempting to comply, with Court Orders.  In the latter respect, the Court finds that Plaintiffs have not been diligent.  Accordingly, because the Court finds that Plaintiffs have not demonstrated good cause to amend the Scheduling Order under Rule 16, the Court **DENIES** the remainder of Plaintiffs' motion.

However, even assuming the Court were to find that Plaintiffs have demonstrated good cause, the applicable *Foman* factors weigh against the remainder of Plaintiffs' proposed amendment.  For the reasons discussed above, Plaintiffs have unduly delayed seeking amendment and the submission of yet another untenable pleading is not an indicator of good faith.  Further, the Court finds that Defendants would be prejudiced by

permitting the addition of these new claims and theories of liability. Plaintiffs' failure to plead or otherwise pursue these claims earlier, or name Ms. Quiroz as a defendant, narrowed the scope of this case and discovery. Fact discovery is closed, and the case is on the eve of summary judgment. *See* Doc. No. 167. To allow amendment beyond the naming of two previously unidentified Does would, at this juncture, require yet another extension of discovery and the related deadlines. And, as noted above, Plaintiffs are already on their fourth pleading. Liberality on these facts is not warranted.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to amend. Plaintiffs are permitted to amend their pleading to name Janine Sparks and Christopher Kagay as Defendants on their preexisting claims, which they pleaded against these individuals as "Does." To the extent they wish to do so, they must file a Fourth Amended Complaint that complies with this Order on or before **January 19, 2024**. The Court **DENIES** the remainder of Plaintiffs' motion.

**IT IS SO ORDERED**.

Dated: January 16, 2024

HON. MICHAEL M. ANELLO
United States District Judge