**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN MORTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br> Defendants. | Case No. 21-cv-1428-MMA-DDL <br><br> **ORDER DENYING MOTION TO DISMISS FOURTH AMENDED COMPLAINT** <br><br> [Doc. No. 202] |

Pending before the Court is Defendants County of San Diego and Janine Sparks' motion to dismiss. Doc. No. 202. Plaintiffs Marilyn Morton and Dean Morton filed a response in opposition, to which the moving defendants replied. *See* Doc. Nos. 208, 209. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 212. For the following reasons, the Court **DENIES** the motion.

## BACKGROUND

The Court has issued several substantive orders detailing Plaintiffs' factual allegations, *see, e.g.*, Doc. Nos. 18, 27, 185, which have essentially never varied. So the Court does not recite them again here. Instead, the Court provides the following abbreviated summary of the procedural history of this case.

On August 9, 2021, Marilyn Morton and Dean Morton initiated this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  Their claims stem from the suicide of their son, Joseph Earl Morton ("Mr. Morton"), while in the custody of the San Diego County Sheriff's Department at the Vista Detention Facility on May 17, 2020.  Thereafter, Plaintiffs amended their Complaint once voluntarily and twice in response to a Rule 12(b)(6) motion.  *See* Doc. Nos. 8 (First Amended Complaint), 20 (Second Amended Complaint), 28 (Third Amended Complaint).  Nearing the end of discovery, and after the amended pleadings deadline had passed, Plaintiffs filed a motion for leave to amend.  Doc. No. 143.  The Court largely denied Plaintiffs' request but permitted amendment solely to the extent they sought leave to name Janine Sparks and Christopher Kagay—two previously unidentified "Does"—as defendants to their preexisting claims.  Doc. No. 185.  On January 30, 2024, Plaintiffs filed their Fourth Amended Complaint.  Doc. No. 190 ("FAC").  Defendants County of San Diego and Janine Sparks now move to dismiss Plaintiffs' claims against them pursuant to Rule 12(b)(6).

Relevant here, the dispositive motions deadline is April 19, 2024.  *See* Doc. No. 193.

## DISCUSSION

As an initial matter, the County of San Diego has already had three bites at the Rule 12(b)(6) apple.  *See* Doc. Nos. 6, 10, 21.  At round four, the County opted to answer rather than challenge the sufficiency of the same allegations, again.  *See* Doc. No. 31.  Thereafter, leave to amend was granted solely to name Ms. Sparks and Mr. Kagay as defendants.  Thus, practically speaking, the County has already responded to the allegations and claims against it by filing an Answer to the Third Amended Complaint.

Of course, to the extent Plaintiffs' Fourth Amended Complaint includes substantive additions, their amendment was improper.  But it appears from the Court's comparison of Plaintiffs' Third and Fourth Amended Complaints that Plaintiffs complied with the Court's order on their motion for leave to amend, and that no substantive changes were made.

      The County does not take issue with what Plaintiffs added to their amended pleading. Rather, the County largely challenges what impermissibly remains. In ruling on Plaintiffs' motion for leave to amend, *see* Doc. No. 185, the Court recounted the history of Plaintiffs' pleadings, the parties' motion practice, and the Court's prior Dismissal Orders, *see* Doc. Nos. 18, 27. The Court incorporates those orders by reference here. In short, Plaintiffs repeatedly failed to cure deficiencies, including that: (1) Plaintiffs cannot seek punitive damages against the County under § 1983; and (2) Plaintiffs as individuals cannot bring claims for failure to summon and professional negligence as those claims belong to Mr. Morton. These legal deficiencies are important and yet easily fixable. Nevertheless, they have persisted.

      But at this point, it is irrelevant. The Court has already addressed these issues. And the County has either already made these same arguments, successfully, or has failed to address these issues previously. *See* Fed. R. Civ. P. 12(g)(2); *see also Davidson v. Countrywide Home Loans, Inc.*, No. 09-CV-2694-IEG (JMA), 2011 U.S. Dist. LEXIS 33404, at *11 (S.D. Cal. Mar. 29, 2011) ("Rule 12(g) applies to situations in which a party files successive motions under Rule 12 for the sole purpose of delay . . . .") (internal quotation marks and citations omitted). For example, the County argues that Dean Morton lacks standing to pursue a wrongful death claim because he did not comply with the California Tort Claims Act. *See* Doc. No. 202-1 at 16–17. But Mr. Morton has consistently pleaded a wrongful death claim by way of Plaintiffs' Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint. And yet the County never moved to dismiss the claim on this basis. The County also, again, complains that Plaintiffs: did not delete an allegation pertaining to a previously dismissed theory of *Monell* liability, *see id.* at 13–14; still impermissibly seek punitive damages from the County under § 1983, *see id.* at 14; and failed to correct the subheadings regarding who brings Claims 3 and 5, *see id.* at 14–15. The County is splitting an already dangerously thin hair. Legally incorrect claims, or theories of liability that have already been dismissed, will not sneak through to judgment merely because Plaintiffs failed to

make these corrections. Regardless of these technical issues, the County has been on notice of the substance of Plaintiffs' viable claims for no less than two years. This case is on the eve of summary judgment and the claims and allegations against the County in Plaintiffs' Fourth Amended Complaint must proceed to the dispositive motions phase. Accordingly, the Court **DENIES** the County's motion to dismiss.

Next, Ms. Sparks, one of the newly added defendants, moves to dismiss Plaintiffs' claims against her. As to Plaintiffs' Fourteenth Amendment medical care claim, Ms. Sparks argues that Plaintiffs fail to plausibly plead her objective deliberate indifference or that her actions caused Mr. Morton's death. Alternatively, Ms. Sparks asserts that she is entitled to qualified immunity.

Beginning with the latter, "[t]he Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage of litigation.'" *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). However, the Ninth Circuit has found that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making," *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), particularly where the Court is "aided only by the skeletal . . . factual picture sketched out in the complaint," *Kwai Fun Wong v. United States INS*, 373 F.3d 952, 956 (9th Cir. 2004). "When, as here, defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal citation omitted)).

This case is not in the early stages of litigation. And Ms. Sparks is not entitled to qualified immunity under the Rule 12(b)(6) standard on this record. The Ninth Circuit has explained that "[i]f the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." *Keates*, 883 F.3d at 1235 (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir.

1992)).  Here, Plaintiffs allege that Ms. Sparks was aware she was ordered by Alto to perform a suicide assessment follow-up within 24 hours and did not.  FAC ¶¶ 16, 72.  Not only did Ms. Sparks allegedly not perform the assessment within 24 hours, but according to Plaintiffs, she failed to do so for four days despite being prompted each day with a reminder that the appointment was still pending.  *Id.* ¶ 75.  Plaintiffs allege that she intentionally failed to perform the assessment because she was afraid to enter the COVID quarantine housing.  *Id.* ¶ 72.  And Plaintiffs plead that her failure to perform this assessment caused Mr. Morton's mental health to deteriorate without psychiatric treatment and provided him with the means and opportunity to commit suicide.  *Id.* ¶¶ 76–77.

Based upon the totality of the allegations against Ms. Sparks, which the Court must accept as true for the purpose of resolving this motion, it is plausible that her actions were unreasonable and caused Mr. Morton's death, and that the consequences of her actions were obvious.  For these reasons, the Court finds that Plaintiffs have adequately pleaded Ms. Sparks' objective deliberate indifference in violation of the Fourteenth Amendment.  Given the late stage of this proceeding and the limited factual record before the Court, final resolution of issues such as causation and whether the right was clearly established are better suited for summary judgment.  But on this record, Plaintiff has plausibly pleaded a violation of a clearly established right.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("Following *Estelle*, we have held that a prison official acts with deliberate indifference when he ignores instructions of the prisoner's treating physician or surgeon," including for reasons "unrelated to the medical needs of the prisoner") (internal quotation marks omitted).  Thus, the Court cannot say that Ms. Sparks' entitlement to qualified immunity is clear on the face of the Fourth Amended Complaint.  The Court therefore **DENIES** Ms. Sparks' motion on this basis.

Turning to Plaintiffs' state law claims, Ms. Sparks first argues that she is immune from liability under California Government Code §§ 844.6, 845.6, 855.6, and 855.8.  *See* Doc. No. 202-1 at 25.  Ms. Sparks has devoted eleven lines of argument to her asserted

entitlement to immunity under four California statutes. The Court is not persuaded on this record that Ms. Sparks is statutorily immune from liability under California law and therefore **DENIES** her motion on this basis.

Substantively, Ms. Sparks challenges Plaintiffs' failure to summon medical care, wrongful death, and professional negligence claims. A failure to summon medical care claim under California Government Code § 845.6 requires a showing that: (1) "the employee is acting within the scope of his [or her] employment"; (2) "the employee knows or has reason to know that the prisoner is in need of immediate medical care"; and (3) "he [or she] fails to take reasonable action to summon such medical care." *Villarreal v. Cty. of Monterey*, 254 F. Supp. 3d 1168, 1187 (N.D. Cal. 2017).

Ms. Sparks argues that Plaintiffs do not plead she was aware of a risk of serious harm or any need for immediate care. Doc No. 202-1 at 26. Ms. Sparks points to the fact that Plaintiffs expressly plead that Ms. Sparks did not have any interactions with Mr. Morton while he was in the County jail. *Id.* The Court agrees that Plaintiffs' claim for failure to summon is tenuous as pleaded. It appears that Plaintiffs take issue with Ms. Sparks' failure to provide medical care herself, which bears on the adequacy of medical care Ms. Sparks provided and not whether she failed to summon someone else to provide medical care. However, the Court finds that Plaintiffs' allegations are sufficient to survive dismissal.

Plaintiffs plausibly plead that Mr. Morton made suicidal comments and actively attempted to harm himself, which resulted in his initial placement in Enhanced Observation Housing—a housing placement within the Inmate Suicide Program. *See, e.g.*, FAC ¶ 9. Alto performed a follow-up suicide assessment and noted, among other things, that Mr. Morton had verbalized suicidal intent. *Id.* ¶ 10. Although Alto assessed him as a "low risk for suicide," she ordered that he receive a follow-up suicide assessment within 24 hours. *Id.* ¶¶ 11–12. The Court cannot determine on a motion to dismiss whether Ms. Sparks actually knew or should have known Mr. Morton was in need of immediate care—for example, suicide prevention intervention. But because

Ms. Sparks was the Mental Health Clinician assigned to Mr. Morton's housing module, and because Plaintiffs plead that Ms. Sparks had reviewed the Electronic Health Record and knew she was ordered to perform a suicide assessment, *see id.* ¶ 16, it is plausible on this record that Ms. Sparks knew or should have known Mr. Morton was in need of immediate medical care and failed to take reasonable action. *See Kelly v. Cty. of Orange*, No. SA CV 20-01531-DOC-JDE, 2022 U.S. Dist. LEXIS 18516, at *12 (C.D. Cal. Jan. 4, 2022) ("Plaintiffs' TAC adequately suggests that Defendants all had constructive knowledge of Decedent's medical history while she was in the jail by way of her recorded past and current suicidal ideation, prescription history, and behavior.").

Ms. Sparks' remaining arguments are unpersuasive. First, Ms. Sparks asserts that because Plaintiffs' failure to summon claim is deficient, their wrongful death claim fails as well. *See* Doc. No. 202-1 at 28. But Plaintiffs' failure to summon claim is not subject to dismissal. Moreover, Plaintiffs rely on all "of the conduct alleged above" in support of their wrongful death claim, FAC ¶ 130, which includes the allegations of deliberate indifference in violation of the Fourteenth Amendment. Finally, as noted above, the issue of causation is not appropriate for resolution on this record and at this stage. *See id.* at 27. For these reasons, the Court **DENIES** Ms. Sparks' motion to dismiss.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** the County of San Diego and Janine Sparks' motion to dismiss without prejudice to raising these arguments at summary judgment. The Court **RESETS** the dispositive motions deadline, *see* Doc. No. 193, to **May 31, 2024**. The Court will not extend this deadline further unless a sufficiently persuasive showing of good cause is made.

**IT IS SO ORDERED**.

Dated: April 16, 2024

HON. MICHAEL M. ANELLO
United States District Judge