**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN MORTON, et al., | Case No. 21-cv-1428-MMA-DDL |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE EXCESS PAGES; AND** |
| COUNTY OF SAN DIEGO, et al., | |
| Defendants. | [Doc. No. 236] |
| | **GRANTING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL** |
| | [Doc. No. 237] |

Pending before the Court are Defendants Hosanna Alto, County of San Diego, and Janine Sparks' (collectively, "County Defendants") motion for summary judgment ("MSJ") and *Daubert* motions. Doc. Nos. 219, 220, 221. On July 8, 2024, Plaintiffs filed their responses in opposition to the motions. Doc. Nos. 234, 235, 238. They simultaneously filed an *ex parte* motion for leave to file their MSJ opposition brief in excess of twenty-five (25) pages, Doc. No. 236, as well as a motion for leave to file

various exhibits in support of their MSJ opposition under seal, Doc. No. 237.  County Defendants oppose Plaintiffs' *ex parte* request.  Doc. No. 241.

Upon due consideration of Plaintiffs' *ex parte* motion for leave to file additional pages and County Defendants' response, good cause appearing, the Court **GRANTS** the motion.  The Court similarly accepts County Defendants' oversized reply brief.  *See* Doc. No. 243.

Turning to Plaintiffs' motion for leave to file under seal, because the subject exhibits are submitted in opposition to County Defendants' motion for summary judgment, which is "more than tangentially related to the underlying cause of action," the compelling reasons standard applies.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Plaintiffs counterintuitively argue that compelling reasons do not exist to seal the twenty-one (21) exhibits.  Doc. No. 237 at 4.  Plaintiffs explain that Defendants produced these documents and designated them confidential, and that they filed this motion to seal merely to comply with their obligations under the Protective Order.  *Id.*  According to Plaintiffs, County Defendants contend that these documents are protected by the official information and governmental privileges.  Doc. No. 237 at 4.  Plaintiffs also concede that some of the documents are medical records, and that many courts recognize the need to protect medical privacy as a compelling reason to overcome the presumption of public access.  *Id.* at 5.

The Court set a July 16, 2024 deadline to respond to Plaintiffs' motion.  Doc. No. 240.  To date, no responses have been filed.

The subject exhibits consist of Mr. Morton's arrest records, reports, records, letters, and emails related to Mr. Morton's in-custody death, and Mr. Morton's in-custody medical records.  *See* Doc. No. 239.  For the same reasons stated in the Court's prior order, Doc. No. 232, the Court finds that these exhibits contain sensitive information, not generally accessible to the public, and that the need to keep these records and information private so as to protect various individual's privacy and protect against the risk of improper use are compelling reasons to file them under seal.  Accordingly, the Court

**GRANTS** the motion and **DIRECTS** the Clerk of Court to file Plaintiffs' exhibits (Doc. No. 239) **UNDER SEAL**.

   **IT IS SO ORDERED**.

Dated:  July 19, 2024

HON. MICHAEL M. ANELLO
United States District Judge