# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, *individually, and as Successor in Interest to Joseph Morton*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al,<br><br>Defendants. | Case No. 21-cv-1428-MMA-DDL<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SUBSTITUTE LINNEA MORTON AS SUCCESSOR IN INTEREST TO DEAN MORTON UNDER FEDERAL RULE OF CIVIL PROCEDURE 25**<br><br>[Doc. No. 261] |

Pending before the Court is Plaintiffs Marilyn Morton and Dean Morton's ("Plaintiffs") motion to substitute parties pursuant to Federal Rule of Civil Procedure 25.[1] Doc. No. 261. For the reasons discussed below, the Court **DENIES** the Motion.

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure, unless otherwise stated.

# I. Relevant Background

The Court discusses this action's background in detail in its prior orders and incorporates that discussion herein. Doc. No. 253. For purposes of this motion, the Court provides the following summary:

On May 11, 2020, Joseph Earl Morton was arrested. *Id.* at 2. On May 17, 2020, after a series of evaluations and interactions with jail medical staff, Mr. Morton committed suicide by hanging in his cell. *Id* at 6.

Following his death in custody, Joseph's biological parents, Plaintiffs Marilyn Morton and Dean Morton, filed this action. Doc. No. 1. Plaintiff Marilyn Morton asserted claims both individually and as Mr. Morton's successor in interest for: inadequate medical care in violation of Mr. Morton's 14th Amendment rights against the individual Defendants (Claim 1); inadequate suicide prevention policy and training in violation of Mr. Morton's 14th Amendment rights against the County of San Diego and Liberty Healthcare (Claim 2); failure to summon care (Claim 3); wrongful death (Claim 4); and professional negligence (Claim 5). *See generally* Doc. No. 190. Plaintiff Dean Morton asserted claims individually for failure to summon care (Claim 3); wrongful death (Claim 4); and professional negligence (Claim 5). *Id.* Both Plaintiffs' state law claims are brought under California law.

In 2024, as the parties briefed summary judgment, they revealed that Plaintiff Dean Morton passed away at some undisclosed point prior, something unknown to the Court. *See* Doc. No. 253 at 10–11. The Court directed counsel for Plaintiffs to file a motion to substitute parties pursuant to Rule 25 within 90 days, should a proper individual seek to substitute themself in Plaintiff Dean Morton's place. *Id.* at 67.

On March 12, 2025, counsel for Plaintiffs filed this motion to substitute Plaintiffs' daughter, Linnea Morton, as a plaintiff in this matter for now-deceased Dean Morton pursuant to Rule 25(a). Doc. No. 261. The basis for the motion was that, under California law, Linnea Morton should be substituted as the successor-in-interest to Dean Morton for purposes of this litigation. *Id.* Plaintiffs represent that Dean Morton passed

away on July 2, 2022, in Wisconsin, his state of residence, and provide a copy of his death certificate. Doc. No. 261-2 at 5. In support of the motion, Plaintiffs provide declarations from Dean Morton's wife and three children—Linnea Morton, Marilyn Morton, Brian Morton, and Elizabeth Helminiak—all indicating that: (1) Dean Morton died intestate; (2) he was survived by his wife and three shared children; (3) his wife and children agree Linnea Morton should be appointed as Successor in Interest; (4) no proceeding was pending in California for Dean Morton's estate; (5) to the declarants' knowledge, no other person has a superior claim to Linnea Morton as Dean Morton's personal representative or successor in interest; and (6) they each waive personal service of the Statement Noting Death and the pending motion under Rule 25(a)(3). *See* Doc. No. 261-2 at 2–3; Doc No. 261-3 at 2; Doc. No. 261-4 at 2–3 ; Doc. No. 261-5 at 2.

On July 2, 2025, the Court issued an order requiring Plaintiffs to file a supplemental brief. Doc. No. 273. The death certificate filed in support of the motion reflects Dean Morton was a resident of Wisconsin, where he died in July 2022. Doc. No. 261-2 at 5. As "the question of who is a proper party is a substantive issue" for which the Court "must rely upon state law," the Court ordered Plaintiffs to address whether Wisconsin or California law governs whether Ms. Linnea Morton qualifies as a "representative" or "successor" for purposes of Rule 25. Doc. No. 273 (citing *In re Baycol Prods. Litig.*, 616 F.3d 778, 787–88 (8th Cir. 2010).

At the Court's request, Plaintiffs filed supplemental briefing on July 11, 2025. Doc. No. 274. Within, Plaintiffs assert that, in fact, under applicable law the correct individual to substitute into Dean Morton's place is Marilyn Morton, his wife and the other plaintiff in this action. Doc. No. 274 at 3–4. Plaintiffs also request the Court substitute Marilyn Morton as a plaintiff for Dean Morton's claims accordingly. *Id.* at 4.

///
///
///
///

## II. Legal Standard

Rule 25 governs the substitution of parties. Subsection (a) provides:

> (a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . .
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). If the court determines that a party has met the requirements of Rule 25, "[t]he substituted party steps into the same position as [the] original party." *Estate of O'Shea v. Am. Solar Sols., Inc.*, No. 14cv894-L-RBB, 2021 WL 4819311 at *1, (S.D. Cal. Oct. 15, 2021) (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (internal quotation marks omitted, brackets original)).

## III. Discussion

Plaintiffs concede that "[t]he appropriate successor to Dean Morton's cause of action is not Linnea Morton, decedent's daughter, but Marilyn Morton, decedent's wife." Doc. No. 274 at 4. Accordingly, the Court **DENIES** Plaintiffs' motion to substitute Linnea Morton in Dean Morton's place. Doc. No. 261. Though Plaintiffs' supplemental brief includes a request to substitute Marilyn Morton in place of decedent Dean Morton in this action, such a request is not properly before the Court in this motion. Rule 25(a)(3) sets forth service and notice requirements for both the motion to substitute and the statement noting death. Assuming, without deciding, that Rule 25's requirements are satisfied as to Plaintiffs' motion to substitute Linnea Morton, they are not satisfied as to

the request to substitute Marilyn Morton, as it was not raised in a noticed motion properly served on all parties and non-parties, but instead raised for the first time in the supplemental brief; nor was it addressed in any of the declarations accompanying the motion. *See* Fed. R. Civ. P. 25(a)(3).  This finding also comports with well-settled principles prohibiting a party from raising new facts or legal arguments in a reply brief. *Cf. U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper . . . to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Do v. Tri City Healthcare Dist.*, No. 19CV2253-MSB (NLS), 2020 WL 6484633 *2 (S.D. Cal. Nov. 4, 2020) (same).  Thus, the Court will not consider that request at this time.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' motion to substitute Linnea Morton as the successor-in-interest to Dean Morton.  This order is **without prejudice** to Plaintiffs filing a renewed motion to substitute Marilyn Morton as a plaintiff in Dean Morton's place.  In the event Plaintiffs file such a motion, they must expressly address the timeliness of the motion, in addition to the Rule 25(a)'s substantive and procedural requirements.  *See* Fed. R. Civ. P. 25(a)(1); Doc. No. 253 at 67.  Any renewed motion to substitute an individual as plaintiff for Dean Morton must be filed on or before **August 11, 2025**.  If no motion is filed by this deadline, the claims asserted by Plaintiff Dean Morton "must be dismissed." Fed. R. Civ. P. 25(a).

**IT IS SO ORDERED**.

Dated: July 28, 2025

HON. MICHAEL M. ANELLO
United States District Judge