Michael L. Wroniak, Esq. (State Bar No. 210347)
Rada Feldman, Esq. (State Bar No. 285931)
Bianca M. Bonjean, Esq. (State Bar No. 342297)
Sofia Torrez, Esq. (State Bar No. 355321)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 823-4100 – FAX (714) 823-4101
Email: mwroniak@ccllp.law
Email: rfeldman@ccllp.law
Email: bbonjean@ccllp.law
Email: storrez@ccllp.law

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 3:21-cv-01428-MMA-DDL<br>*Assigned to Judge Ruth Bermudez Montenegro, Courtroom 5B; Magistrate Judge David D. Leshner, Courtroom 2D*<br><br>**NOTICE OF COUNTY OF SAN DIEGO'S MOTION FOR RECONSIDERATION OF DISCOVERY ORDERS COMPELLING THE PRODUCTION OF CIRB REPORTS AND RELATED DOCUMENTS [ECF 97, 105] (FRCP 60(b))**<br><br>*[Filed concurrently with Memorandum of Points and Authorities, Declaration of Bianca Bonjean, and Request for Judicial Notice]*<br><br>**Hearing Date: September 29, 2025**<br>**Courtroom:** |

23475

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]**

**Complaint Filed:** 08/09/2021
**Trial Date:** None Set

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on September 29, 2025 at _____ in Courtroom \_\_\_, Defendant County of San Diego ("County") will move this Court for an order reconsidering and reversing the June 27, 2023 "Amended Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents" (Dkt. 97) and September 20, 2023 "Order Granting in Part and Denying in Part as Moot Plaintiffs' Motion to Compel Production of Documents" (Dkt. 144) (the "Discovery Orders") pursuant to Federal Rules of Civil Procedure, Rule 60(b).

County requests that this Court reconsider the Discovery Orders as to their rulings that the County of San Diego Sheriff's Department's Critical Incident Review Board ("CIRB") reports, CIRB documents, and CIRB emails at issue in Plaintiffs' respective Motions to Compel[1] (together, the "CIRB Records") are not protected by the attorney-client privilege and compelling the County to produce the CIRB Records with limited redactions to the CIRB reports. This motion is made on the following grounds:

The Ninth Circuit's recent decision in *Greer v. County of San Diego, et al.* entered on February 10, 2025 is an intervening change in controlling law and affirmatively

---

[1] With respect to the June 27, 2023 Discovery Order (Dkt. 97), Plaintiffs' Motion to Compel Production of Documents from County (Dkt. 56) sought the production of (40) CIRB documents and records relating to the CIRB's review of decedent Joseph Morton's ("Morton") in-custody death, including the Morton CIRB report, and (23) inter-department emails relating to the Morton CIRB investigation, CIRB meeting, and CIRB review. With respect to the September 20, 2023 Discovery Order (Dkt. 144), Plaintiffs' Motion to Compel Further Responses to Amended RFP No. 26 (Dkt. 114) sought the production of CIRB reports prepared for (19) in-custody deaths unrelated to Morton.

23475

2
NOTICE OF COUNTY'S MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

establishes that the primary purpose of the CIRB is to obtain legal advice. *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1226 (9th Cir. 2025). The Ninth Circuit *Greer* decision is binding and constitutes a significant change in controlling law on the issue of the attorney-client privilege as applied to the CIRB, CIRB process, and the documents that the CIRB generates, including CIRB reports. At the time that the Discovery Orders were decided and entered, there was no prior Ninth Circuit authority on these issues and the District Courts were split. Further, the Discovery Orders rely on the District Court's flawed ruling in *Greer* that was reversed by the Ninth Circuit. Accordingly, the Discovery Order rulings finding that legal advice was not primary purpose of the CIRB and CIRB reports, finding that the CIRB Records were not protected by the attorney-client privilege in their entirety, and compelling the County to produce the CIRB Records with limited redactions to the CIRB reports, was incorrectly decided and should be reconsidered and reversed in light of the new binding Ninth Circuit *Greer* opinion.

Further, the Ninth Circuit *Greer* decision conclusively demonstrates that the Discovery Orders' analysis and findings with respect to the CIRB and its primary purpose are clearly erroneous and contrary to law. Pursuant to the Ninth Circuit's opinion in *Greer*, the Discovery Orders misapplied the primary purpose test in *In re Grand Jury* and erred in finding that the primary purpose of the CIRB, CIRB meetings, and CIRB Records was not legal advice. Pursuant to *Greer*, the Discovery Orders further erred in finding that the attorney-client privilege did not apply to the CIRB process as a whole, and that the CIRB reports, CIRB documents, and CIRB emails were not privileged in their entirety. As a result, the Discovery Orders committed clear legal error by compelling County to produce the CIRB Records with limited redactions to the CIRB reports.

On the grounds stated herein, the County further moves for an order as follows:

1. Finding that the previously produced CIRB reports concerning Morton and the 19 other in-custody deaths are attorney-client privileged and protected from disclosure;

2. Finding that the previously produced CIRB documents and CIRB emails related to the Morton in-custody death are attorney-client privileged and protected from disclosure;

3. Ordering all counsel in this litigation to return and/or destroy all previously produced CIRB reports, CIRB documents, and CIRB emails in their possession;

4. Ordering that all counsel in this litigation are prohibited from sharing, retaining, or utilizing any information derived from the privileged CIRB reports, CIRB documents, and CIRB emails produced in this litigation; and

5. Ordering that all references to the privileged CIRB reports, CIRB documents, and CIRB emails, information derived from the CIRB reports, CIRB documents, and CIRB emails, and opinions based on the CIRB reports, CIRB documents, and/or CIRB emails are to be removed from any expert reports.

There will be no oral argument on the Motion and therefore no scheduled appearances at the hearing unless requested by the Court.

Counsel for the County conferred with counsel for all parties regarding this Motion between February 12, 2025, and June 24, 2025. *See* Declaration of Bianca Bonjean at ¶¶ 7-11. The parties were unable to reach an agreement on these issues. *Id.*

This Motion is based upon this Notice, the Memorandum of Points and Authorities, Declaration of Bianca Bonjean, and Request for Judicial Notice filed concurrently herewith, all papers and pleadings on file in this action, any matter of

///
///
///
///
///
///
///

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

which the court may or shall take judicial notice, and all other matters as may be presented to the court at the hearing on this Motion.

DATED: August 25, 2025          COLLINS + COLLINS LLP

By: _____
BIANCA M. BONJEAN
MICHAEL L. WRONIAK
RADA FELDMAN
SOFIA TORREZ
Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

23475