**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Rada Feldman, Esq. (State Bar No. 285931)**
**Bianca M. Bonjean, Esq. (State Bar No. 342297)**
**Sofia Torrez, Esq. (State Bar No. 355321)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rfeldman@ccllp.law**
**Email:  bbonjean@ccllp.law**
**Email:  storrez@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. 3:21-cv-01428-RBM-DDL<br>***Assigned to Judge Ruth Bermudez Montenegro, Courtroom 5B; Magistrate Judge David D. Leshner, Courtroom 2D***<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISCOVERY ORDERS COMPELLING THE PRODUCTION OF CIRB REPORTS AND RELATED DOCUMENTS [ECF 97, 105] (FRCP 60(b))**<br><br>*[Filed concurrently with Notice of Motion, Declaration of Bianca Bonjean, and Request for Judicial Notice]* |

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hearing Date: September 29, 2025
Location:

Complaint Filed:  08/09/2021
Trial Date:        None Set

**[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

   A.   Summary of Facts and Allegations ........................................................ 3

   B.   Discovery Orders Compelling County's Production of Attorney-Client Privileged CIRB Records ...................................................................... 3

   C.   The County's Motions for Reconsideration of the Discovery Orders ................. 6

   D.   The Critical Incident Review Board ...................................................... 6

III.  LEGAL STANDARD ...................................................................................... 7

IV.   THIS COURT'S FINDINGS THAT THE CIRB DOCUMENTS ARE NOT PRIVILEGED SHOULD BE RECONSIDERED AND REVERSED BASED ON NEW CONTROLLING *GREER* DECISION ................................................. 9

   A.   The Ninth Circuit Decision in *Greer* Holds that the CIRB Process and Related Documents are Protected by the Attorney-Client Privilege ...................................................................... 10

   B.   The Ninth Circuit Decision in *Greer* is a Significant Change in Controlling Law Warranting Reconsideration of the Discovery Orders ............................... 11

      1.   The *Greer* decision is binding ...................................................... 11

      2.   *Greer* decided unsettled issues of law not previously addressed by the Ninth Circuit .................................................................................... 12

      3.   The *Greer* decision holds that this Court's Discovery Orders are clearly erroneous and contrary to law ................................................... 13

   C.   The *Greer* Decision Applies Equally to the CIRB Records in this Case .......... 15

      1.   *Greer* decision finding that legal advice is the primary purpose of CIRB and CIRB documents applies to all CIRBs ................................... 15

      2.   The CIRB Reports in this case are materially the same as those in *Greer* and are privileged ................................................................ 16

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

3.  The other Morton CIRB documents and CIRB-related emails are privileged pursuant to the Greer decision ................................................................. 16

D.  The County Has Been Diligent in Seeking Relief from the Discovery Orders . 18

E.  The Totality of the Circumstances Warrants Reconsideration and Reversal of the Discovery Orders ........................................................................................ 19

V.  CONCLUSION .................................................................................................... 20

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Federal Cases

*Al Otro Lado, Inc. v. Mayorkas*,
  619 F. Supp. 3d 1029, 1041 (S.D. Cal. 2022), judgment entered,
  No. 17-CV-02366-BAS-KSC, 2022 WL3970755 (S.D. Cal. Aug. 23, 2022)............ 8
*Beckstrand v. Elec. Arts Grp. Long Term Disability Ins. Plan*,
  No. CV F 05-0323 AWI LJO, 2007 WL 177907 (E.D. Cal. 2007) ........................... 8
*Bynoe v. Baca*,
  966 F.3d 972 (9th Cir. 2020)................................................................................ 8, 18, 19
*Est. of Arroyo by & through Wilson v. Cnty. of San Diego*,
  No. 21CV1956-RBM-SBC, 2025 WL 1532873 (S.D. Cal. May 29, 2025) . 12, 15, 17
*FTC v. Hewitt,*
  68 F.4th 461 (9th Cir. 2023).................................................................................. 7, 8, 13
*Gonzalez v. Arizona*,
  677 F.3d 383 (9th Cir. 2012) ....................................................................................... 12
*Gonzalez v. Crosby,*
   545 U.S. 524 (2005) .............................................................................................. 7, 8, 12
*Greer v. Cnty. of San Diego*,
  127 F.4th 1216 (9th Cir. 2025) ............................................................................. passim
*Greer v. Cnty. of San Diego*,
  634 F. Supp. 3d 911 (S.D. Cal. 2022) ....................................................................... 1, 6
*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001).................................................................................... 12
*Henson v. Fid. Nat'l Fin., Inc.,*
   943 F.3d 434 (9th Cir. 2019) ......................................................................................... 7
*In re Grand Jury,*
  23 F.4th 1088 (9th Cir. 2021) ........................................................................................ 6
*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000)........................................................................................ 8
*Lopez v. Ryan*,
  678 F.3d 1131 (9th Cir. 2012)....................................................................................... 8
*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003)........................................................................................ 8
*Phelps v. Alameida*,
  569 F.3d 1120 (9th Cir. 2009)............................................................................... passim
*Pritchard v. County of Erie* (*In re County of Erie*),
  473 F.3d 413 (2d Cir. 2007)........................................................................................ 11

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax       (714) 823-4101

23475

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

*Riley v. Filson,*
   933 F.3d 1068 (9th Cir. 2019)........................................................................ 8

*Ritter v. Smith,*
   811 F.2d 1398 (11th Cir. 1987)..................................................................... 20

*Rodney v. Garett,*
   116 F.4th 947 (9th Cir. 2024)....................................................................... 12

*Rupard v. Cnty. of San Diego,*
   No. 23CV1357 CAB (BLM), 2025 WL 1082795
   (S.D. Cal. Apr. 10, 2025) ............................................................... 10, 15, 17

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.,*
   282 F.R.D. 216 (D. Ariz. 2012) ...................................................................... 8

*United States v. ISS Marine Servs., Inc.,*
   905 F. Supp. 2d 121 (D.D.C. 2012) ............................................................ 11

*Upjohn Co. v. United States,*
   449 U.S. 383 (1981) ................................................................. 10, 14, 17, 19

Statutes

Fed. R. Civ. P. 60(c)(1)....................................................................................... 18
Fed. R. Civ. P. 60(b) ........................................................................................ 1, 7
Fed. R. Civ. P. 60(b)(6) ....................................................................... 7, 8, 18, 19

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

## I.    **INTRODUCTION**

Defendant County of San Diego (the "County") requests reconsideration of the discovery rulings in this Court's (1) Amended Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents entered on June 27, 2023 (Dkt. 97), and (2) Order Granting in Part and Denying in Part as Moot Plaintiffs' Motion to Compel Production of Documents entered on September 20, 2023 (Dkt. 144) (the "Discovery Orders") pursuant to Federal Rule of Civil Procedure 60(b).

The Discovery Orders found that various Critical Incident Review Board ("CIRB") reports, CIRB documents, and CIRB emails (the "CIRB Records") were not protected by the attorney-client privilege based on erroneous findings that the primary purpose of CIRB and the CIRB Records was not legal advice.[1] Dkt. 97 at 8-12, 14; 144 at 10-13, 15. The Discovery Orders compelled County's production of (40) CIRB documents relating to the in-custody death of Joseph Morton ("Morton") including the Morton CIRB report with redactions, (23) emails regarding the Morton CIRB, and CIRB reports for (19) other in-custody deaths unrelated to Morton with redactions. *Id*.

The Discovery Orders followed the same flawed analysis and made the same legal errors as the district court's ruling in *Greer v. County of San Diego* in finding that the primary purpose of the CIRB is investigatory and remedial, not to obtain legal advice, and that the CIRB documents at issue were not protected by the attorney-client privilege. See *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022); Dkt. 97 at 8-11; 144 at 8-13.

On February 10, 2025, the United States Court of Appeals for the Ninth Circuit published an opinion reversing the district court's prior ruling in *Greer*, finding that the primary purpose of the CIRB and documents generated by CIRB is "assessing legal

---

[1] Plaintiffs' Motions (Dkts. 56, 114) also sought San Diego County Citizens Law Enforcement Review Board (CLERB) and Sheriff's Department Internal Affairs (IA) reports for Morton and the other nineteen (19) in-custody deaths. The County does not seek reconsideration of the orders with respect to CLERB or IA.

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

liability for a past event and avoiding legal liability for future similar events" and thus, legal advice. *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224-26 (9th Cir. 2025). The Ninth Circuit accordingly held that the (12) CIRB reports at issue in *Greer* were protected by the attorney-client privilege and ordered that the produced reports be returned or destroyed. *Id*. at 1227. Further, the Ninth Circuit held that "the district court made significant legal errors and…its finding concerning the primary purpose of the CIRB is illogical, implausible, and without support in the record." *Id*. at 1222.

The new *Greer* decision is a significant change in controlling case law warranting this Court's reconsideration and reversal of the Discovery Orders. Notably, the Discovery Orders made the same findings with respect to the CIRB's primary purpose that the Ninth Circuit held were erroneous and contrary to law.

In light of the new controlling law established by the Ninth Circuit in *Greer*, the County respectfully requests that this Court reconsider the Discovery Orders' rulings concerning the CIRB reports, CIRB documents, and related emails (Dkt. 97, 144) and enter a new Order as follows:

1. Finding that the previously produced CIRB reports concerning Morton and the 19 other in-custody deaths are attorney-client privileged and protected from disclosure;

2. Finding that the previously produced CIRB documents and CIRB emails related to the Morton in-custody death are attorney-client privileged and protected from disclosure;

3. Ordering all counsel in this litigation to return and/or destroy all previously produced CIRB Records in their possession;

4. Ordering that all counsel in this litigation are prohibited from sharing, retaining, or utilizing any information derived from the privileged CIRB Records produced in this litigation; and

5. Ordering that all references to the privileged CIRB Records, information derived from the CIRB Records, and opinions based on the CIRB Records are

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

to be removed from any expert reports.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Summary of Facts and Allegations

This case arises from the in-custody suicide of decedent Joseph Morton ("Morton") on May 17, 2020, while housed as an inmate at the Vista Detention Facility jail ("VDF"). Morton's family ("Plaintiffs") initiated this litigation against County of San Diego, Liberty Healthcare of California, and various medical or mental health professionals allegedly responsible for screening and assessing Morton with respect to his potential suicide risk while at VDF. As to the County, Plaintiffs allege *inter alia* that its suicide prevention policy and training is inadequate in violation of the Fourteenth Amendment under *Monell* and *Canton*. *See* Fourth Amended Complaint, Dkt. 190.

Following this Court's ruling on County Defendants' Motion for Summary Judgment, the only remaining claims against the County are Section 1983 claims based on alleged lack of policy and training providing guidance to qualified mental health professionals on how to weigh risk and protective factors in determining suicide risk. Dkt. 255 at 53-59.

### B. Discovery Orders Compelling County's Production of Attorney-Client Privileged CIRB Records

On February 27, 2023, Plaintiffs filed a Motion to Compel Production of Documents from County (Dkt. 56) seeking County's production of the CIRB report, CIRB documents, and communications arising from the CIRB's review of Morton's in-custody death.[2] On July 31, 2023, Plaintiffs filed a Motion to Compel the County's

---

[2] Plaintiffs' Motion to Compel (Dkt. 56) sought (40) CIRB records for Morton's in-custody death including the CIRB report for Morton and emails and emails related to the CIRB presentation, meeting, and CIRB records, and (23) emails exchanged with respect to the Morton CIRB investigation and review, which were identified in County's privilege logs and withheld as privileged. *See* County Defendants' Privilege Log re CIRB-Related Records (Dkt. 56, Exh. 1); County Defendants' Supplemental

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax      (714) 823-4101

Further Response to Amended Request for Production No. 26 (Dkt. 114), which sought production of CIRB reports for nineteen (19) other in-custody deaths taking place between January 2015 and the date of Morton's suicide, May 17, 2020.[3]

The County opposed Plaintiffs' Motions to Compel, arguing that the CIRB documents were protected by the attorney-client privilege because the primary purpose of CIRB, CIRB meetings, presentations, and reports was for the Chief Legal Advisor and Legal Affairs to assess the Department's civil exposure and liability as a result of an incident triggering anticipated litigation, thus, to provide legal advice. Dkt. 58, 58-1, 58-2, 119, 119-1, 119-3. County's Oppositions provided supporting declarations from the Department's Chief Legal Advisor Michael Baranic ("Baranic") explaining the role and purpose of CIRB and CIRB records, CIRB review procedures, and efforts undertaken to maintain confidentiality of the CIRB reports and documents. Dkt. 58-1, 119-1. The County also cited the Department's Policies and Procedures, Section 4.23 establishing the CIRB's purpose and procedures. *See* Dkt. 58-1, Ex. A; 119-1, Ex. A.

With respect to Plaintiffs' first Motion to Compel (Dkt. 56), the Court held an evidentiary hearing on April 24, 2023 to take testimony from Baranic. *See* Dkt. 97 at 6:23-25; Dkt. 79. The parties were then ordered to submit supplemental briefing, and a second hearing was held on May 15, 2025. Dkt. 97 at 6:25-26; Dkt. 83, 84 and 87. The County additionally submitted the Morton CIRB records for *in camera* review. *See* Dkt. 97 at 6:21-23.

On June 28, 2023, the Court entered an Amended Order granting in part

_____

Privilege Log re CIRB-Related Records (Dkt. 56, Exh. 6); and County Defendants' Privilege Log re Emails (Dkt. 56, Exh. 3 at UIN Nos. 1-3, 30-43, 56, 59, 67, 69-70, 82).

[3] Plaintiffs' Motion to Compel (Dkt. 114) sought the CIRB reports for (19) other in-custody deaths taking place between January 2015 and the date of Morton's suicide on May 17, 2020, which were identified in County's privilege log and withheld as privileged. *See* County Defendants' Privilege Log re Plaintiff's Request for Production No. 26 (Dkt. 114, Ex. 1).

23475

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

Plaintiffs' Motion to Compel (Dkt. 56). Dkt. 97. As described herein, the Court ruled that legal advice was not the primary purpose of CIRB, and that the Morton CIRB report and related CIRB documents and emails were not attorney-client privileged in their entirety, ordering County to produce the CIRB Records at issue with limited redactions to the CIRB report. Dkt. 97 at 7-12, 17.

With respect to Plaintiffs' second Motion to Compel (Dkt. 114), the County submitted copies of the (22) documents comprising the (19) CIRB reports for *in camera* review with proposed redactions of excerpts that should be redacted based on the Court's analysis in its prior Amended Order (Dkt. 97). Dkt. 144 at 13:17-18; Dkt. 125.

On September 20, 2023 the Court entered an Order Granting in part Plaintiffs' Motion to Compel the production of the (19) CIRB reports. Dkt. 144. As described in more detail below, the Order made the same rulings with respect to the attorney-client privilege as applied to the CIRB and CIRB reports, and ordered County to produce the CIRB reports with limited redactions.[4]

The Discovery Orders' findings that the CIRB Records were not attorney-client privileged applied the same flawed reasoning and facts in *Greer* to find that legal advice was not the primary purpose of the CIRB and CIRB reports, documents, and emails. Dkt. 97 at 8-11; 144 at 8-13. The Discovery Orders relied on the District Court's prior holding in *Greer* and its analysis of the primary purpose test as applied to CIRB in ruling that the CIRB process, CIRB report and CIRB documents and emails related to the Morton CIRB, and CIRB reports for the other (19) in-custody deaths were not protected by the attorney-client privilege in their entirety. *Id.*

///

---

[4] In its Order (Dkt. 114), the Court initially ordered the County to produce all (22) records relating to the (19) CIRB reports unredacted, finding that the County did not meet its burden of demonstrating *in camera* which portions of the reports should be redacted. Dkt. 144 at 13:17-14:9. The Court later granted County a further opportunity to identify portions of the CIRB records that should be redacted and ordered that the (22) CIRB records be produced redacted. Dkt. 147 at 2:27-3:7; Dkt. 172.

23475

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

### C. The County's Motions for Reconsideration of the Discovery Orders

The County moved *ex parte* for orders staying each of the Discovery Orders compelling County's production of the attorney-client privileged CIRB Records pending District Court review of the orders. Dkt. 98, 146; *see also* Declaration of Bianca Bonjean ("Bonjean Decl.") at ¶ 3(c)-(d), (j)-(k).

The County timely objected to both Discovery Orders and sought District Court review and reconsideration of the orders pursuant to Rule 72(a) (the "Rule 72 Motions"). Dkt. 105, 149; *see also* Bonjean Decl. at ¶ 3(e), (l). The Rule 72 Motions as to each Discovery Order argued that their rulings were contrary to law and clearly erroneous with respect to their findings that legal advice was not the primary purpose of the CIRB process, CIRB reports, and other CIRB Records. Dkt. 105, 149; Bonjean Decl. at ¶ (e), (l). The Rule 72 Motions asserted that the Discovery Orders, in following the district court's ruling in *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022), incorrectly applied the Ninth Circuit's primary purpose test set forth in *In re Grand Jury* and was therefore legally flawed. *Id.*; *In re Grand Jury,* 23 F.4th 1088, 1091 (9th Cir. 2021), *cert. granted sub nom. In re Jury,* 143 S. Ct. 80 (2022), and *cert. dismissed as improvidently granted,* 143 S. Ct. 543 (2023).

The County's Rule 72 Motions were taken under submission by the District Judge and subsequently overruled. Dkt. 131, 169; Bonjean Decl. at ¶ 3(f)-(g), (m).

### D. The Critical Incident Review Board

The primary purpose of the CIRB is specified in the Sheriff's Department Policies and Procedures ("P&P") § 4.23. See *Greer*, 127 F.4th at 1219-21, 1226. The CIRB is convened to conduct a review of critical incidents, including in-custody deaths, for the primary purpose of assessing the Department's civil exposure and liability due of a given incident triggering anticipated litigation. *Id*. P&P § 4.23 sets forth the relevant policies and procedures for the CIRB and states that the "purpose of [the] board is to consult with department legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the department's civil exposure as a

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax    (714) 823-4101

result of a given incident." *See* P&P § 4.23 in effect (Baranic Decl., Dkt. 58-1 at ¶¶ 8-10 and Exh. "A" thereto; Baranic Decl., Dkt. 119-1 at ¶¶ 9-18, 20-39, 41, Exh. "A" thereto).[5] The CIRB is comprised of department leadership and the Chief Legal Advisor and performs a critical review of each incident. See *Greer*, 127 F.4th at 1219-21. As set forth in *Greer* and Baranic's declarations, the privileged CIRB review of a given incident is a bifurcated process with both phases kept confidential. *Id*. At the conclusion of the Closed session, the confidential CIRB report is prepared by an authorized DIS representative for Sheriff's Legal. *Id*. The report is kept confidential and is maintained in the Chief Legal Counsel's office in the Legal Affairs section of the Office of the Sheriff. *Id*.

## III.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 60 governs relief from orders of the district court. Rule 60(b) lists the grounds for such relief, including mistake, inadvertence, fraud, and newly discovered evidence. A motion for reconsideration based on an intervening change in the law is evaluated under the "catch-all" provision in Rule 60(b)(6), which permits a court to relieve a party from a final judgment or order based on "any other reason that justifies relief." *See FTC v. Hewitt* (9th Cir. 2023) 68 F.4th 461, 468. Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby* (2005) 545 U.S. 524, 536. A change in the controlling law can provide a sufficient basis for granting relief under Rule 60(b)(6). *Henson v. Fid. Nat'l Fin., Inc.* (9th Cir. 2019) 943 F.3d 434, 444. A change in the controlling law is found where the reasoning or theory of a case is clearly irreconcilable with the reasoning or theory of

---

[5] The *Greer* Ninth Circuit's decision contains the same facts here regarding CIRB and its purpose. See *Greer*, 127 F.4th at 1219-21; *see also* Baranic Decl., Dkt. 58-1 at ¶¶ 6-13, Exh. A (regarding the privileged Morton CIRB documents), Baranic Decl., Dkt. 119-1 at ¶¶ 9-18, 20-39, Exh. A thereto (regarding the privileged CIRB reports for (19) other in-custody deaths), and prior Declarations: Request for Judicial Notice ("RJN") Exh. 1 (Serna, Dkt. 153-2): ¶¶ 6-7, 9-15, Exh. A thereto; RJN Exh. 2 (Greer, Dkt. 361-1): ¶¶ 3-7, 9-12, Exh. A thereto; RJN Exh. 3 (Rupard, Dkt. 186-2): ¶¶ 9-13.

23475

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax    (714) 823-4101

intervening higher authority, or where a subsequent decision creates a significant shift in a court's analysis. *Al Otro Lado, Inc. v. Mayorkas*, 619 F. Supp. 3d 1029, 1041 (S.D. Cal. 2022), judgment entered, No. 17-CV-02366-BAS-KSC, 2022 WL 3970755 (S.D. Cal. Aug. 23, 2022), aff'd in part, vacated in part sub nom. *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, 120 F.4th 606 (9th Cir. 2024) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003), *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 222 (D. Ariz. 2012), and *Beckstrand v. Elec. Arts Grp. Long Term Disability Ins. Plan*, No. CV F 05-0323 AWI LJO, 2007 WL 177907, at *2 (E.D. Cal. 2007)).

When a Rule 60(b)(6) motion is based on an intervening change in the law, the Ninth Circuit examines several factors, including: (1) the nature and relationship of the intervening change in law to the final judgment or order; (2) the diligence of the party seeking relief; and (3) the totality of the circumstances. *Hewitt,* 68 F.4th at 468-69; *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020) (listing six factors that do not constitute a "'rigid or exhaustive checklist'") (citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

A change in law "does not always supply sufficient conditions for granting" a Rule 60(b)(6) motion. *Bynoe*, 966 F.3d at 983 (citing *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019)). For example, a "dismissal of a petition based on an accurate application of then-settled law—even after the Supreme Court overrules such precedent—is 'hardly extraordinary.'" *Id*. (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). However, "the resolution of *unsettled* law…or a 'remarkable—if limited' development in relevant settled law may present extraordinary circumstances, *Lopez*, 678 F.3d at 1136 (internal quotation marks omitted)." *Id*. (emphasis in original) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135-36 (9th Cir. 2009) and quoting *Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012) (internal quotation marks omitted)).

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax      (714) 823-4101

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

## IV. **THIS COURT'S FINDINGS THAT THE CIRB DOCUMENTS ARE NOT PRIVILEGED SHOULD BE RECONSIDERED AND REVERSED BASED ON NEW CONTROLLING *GREER* DECISION**

The Discovery Orders should be reconsidered and reversed because the Ninth Circuit decision in *Greer* affirmatively holds that the CIRB process and documents generated by CIRB are attorney-client privileged. The binding Ninth Circuit *Greer* opinion is a significant intervening change in controlling law deciding issues of whether the primary purpose of the CIRB is to obtain legal advice, and in turn, whether documents prepared by CIRB or in the process of CIRB's review of a critical incident are protected by the attorney-client privilege. The new *Greer* decision is the first Ninth Circuit opinion to address these issues, and the district courts previously had a split of opinion regarding the same.

The Ninth Circuit in *Greer* reversed the district court's prior ruling, which the Discovery Orders relied on in finding that the CIRB documents in this case are not attorney-client privileged. The Discovery Orders followed the same flawed premise that legal advice is not the primary purpose of the CIRB and CIRB documents based on specific policy language and findings that investigatory and remedial functions relating to liability are separate and distinct from "legal advice." *See* Dkt. 97 at 7-12; 144 at 7-13. The Discovery Orders followed the same incorrect analysis of *In re Grand Jury's* primary purpose test set forth in the overruled *Greer* decision. *Id*.

Moreover, the new *Greer* decision affirmatively holds that the Discovery Orders' rulings that legal advice is not the primary purpose of CIRB, and that the CIRB reports and other CIRB Records are not protected by the attorney-client privilege, are clearly erroneous and contrary to law. Pursuant to *Greer*, the Discovery Orders incorrectly applied the Ninth Circuit's primary purpose test and made findings that were unsupported by the evidence.

The County has been diligent in objecting to the Discovery Orders and seeking reconsideration and relief from the same and has undertaken extensive efforts to

23475

9

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

maintain the privileged status of the CIRB and CIRB Documents. Bonjean Decl. at ¶3(a)-(m).

Accordingly, the totality of the circumstances here warrants this Court's reconsideration and reversal of the Discovery Orders' rulings with respect to CIRB.

## A. The Ninth Circuit Decision in *Greer* Holds that the CIRB Process and Related Documents are Protected by the Attorney-Client Privilege

The Ninth Circuit in *Greer* held that the "primary purpose of the CIRB [was to assess] legal liability for a past event and avoid[ ] legal liability for future similar events" which is protected by the attorney-client privilege. *Greer*, 127 F.4th at 1226; see also *Rupard v. Cnty. of San Diego*, No. 23CV1357 CAB (BLM), 2025 WL 1082795, at *3 (S.D. Cal. Apr. 10, 2025) (analyzing the Ninth Circuit *Greer* decision). The Ninth Circuit rejected the lower court's conclusion that the CIRB's primary purpose was "investigative and remedial" and therefore not legal advice, finding that its legal analysis was flawed and based on clearly erroneous factual determinations. *Greer*, 127 F.4th at 1222 ("the district court made significant legal errors and, in addition, its finding concerning the primary purpose of the CIRB is illogical, implausible, and without support in the record").

First, the *Greer* Court found that "avoiding future legal liability is not necessarily just an 'investigative and remedial' purpose," as the district court held. *Id*. at 1224. When a critical incident takes place at a jail, "such as a non-natural in-custody death or a serious injury," the jail reasonably expects a lawsuit to follow. *Id*. Investigation of what happened "is a necessary predicate to assessing liability for that past event and thus is not separate from the provision of legal advice." *Id*. at 1224-25 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (noting that the attorney-client "privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice")). Further, the jail "reasonably wishes to understand not only its liability for what already happened but also options for avoiding future liability-creating incidents,"

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax    (714) 823-4101

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

and "a lawyer's recommendations on <u>both</u> liability for past events <u>and</u> avoidance of future liability-creating events constitute legal advice. *Id*. at 1225 (emphasis in original) (citing *Pritchard v. County of Erie* (*In re County of Erie*), 473 F.3d 413, 419 (2d Cir. 2007) ("Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct")).

Second, the district court "erred by relying on the purported motive of the CIRB's creator to dress non-privileged communications in privileged garb." *Id*. at 1225. The Ninth Circuit explained that "what matters is not what the architect of the CIRB thought, but how the CIRB actually operates." *Id*. "The situation here differs markedly from cases in which the protections of the attorney-client privilege have been rejected. *See, e.g.*, *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 129–30 (D.D.C. 2012) (rejecting a claim of attorney-client privilege where the allegedly privileged audit report was completed without any input whatsoever from counsel, where the audit in question was designed specifically to assist in making a business decision, and where the report was not sent to counsel until two months after completion)." *Id*.

Thus, the district court's "determination that obtaining legal advice (both backward-and forward-looking) is not the primary goal of the CIRB meetings memorialized in the underlying reports" was legally flawed. *Id*.

The Ninth Circuit in *Greer* reversed the lower court's ruling, finding that it erred in "deciding that the primary purpose of the CIRB, *and the documents it generates*, is not to obtain legal advice." *Greer* at 1224 (emphasis added). The *Greer* court accordingly held that CIRB process, and documents generated with respect to CIRB are protected by the attorney-client privilege.

**B. The Ninth Circuit Decision in *Greer* is a Significant Change in Controlling Law Warranting Reconsideration of the Discovery Orders**

1. The *Greer* decision is binding

The Ninth Circuit decision in *Greer* is a significant intervening change in controlling law warranting review and reconsideration of the rulings in the Discovery

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

*23475*

11

Orders. It is well-established precedent that "a published decision of the Ninth Circuit 'constitutes binding authority which must be followed unless and until overruled by a body competent to do so.'" *Est. of Arroyo by & through Wilson v. Cnty. of San Diego*, No. 21CV1956-RBM-SBC, 2025 WL 1532873, at *3 (S.D. Cal. May 29, 2025) (finding that County of San Diego's Motion for Reconsideration of a discovery order compelling the production of CIRB documents was "not premature because the Ninth Circuit's decision in *Greer* is binding precedent, regardless of whether a mandate has issued"), (citing *Rodney v. Garett*, 116 F.4th 947, 955 (9th Cir. 2024) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001))).

Thus, the Ninth Circuit *Greer* decision holding that the primary purpose of CIRB and documents generated by CIRB is legal advice, and that CIRB-generated reports and documents are privileged is binding on this Court.

2. <u>*Greer* decided unsettled issues of law not previously addressed by the Ninth Circuit</u>

At the time that the Discovery Orders were decided, there was no binding Ninth Circuit precedent on the issues of whether legal advice is the primary purpose of CIRB, or whether CIRB reports and documents prepared in the course of the CIRB's review of critical incidents were protected by the attorney-client privilege. As noted in the Discovery Orders, the courts in this district were split as to whether the attorney-client privilege applied to CIRB reports and related CIRB documents. Dkt. 97 at 8:15-9:13; 144 at 8:22-9:27.

The Ninth Circuit in *Greer* decided these *exact* issues and reversed the district court's prior ruling that the CIRB's primary purpose was investigatory and remedial and therefore not legal advice, and that the CIRB records at issue were not privileged. That the "intervening precedent 'resolve[s] a conflict between' competing and coequal legal authorities" weighs in favor of granting a motion under Rule 60(b)(6). *Phelps v. Alameida*, 569 F.3d 1120, 1139 (9th Cir. 2009); see also *Gonzalez v. Crosby*, 545 U.S.

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax     (714) 823-4101

524, 536 (2005) (change in controlling law did not constitute "extraordinary circumstances" warranting reconsideration of a decision that was correctly decided based on settled precedent).

     3.  The *Greer* decision holds that this Court's Discovery Orders are clearly erroneous and contrary to law

The Discovery Orders should be reviewed and reconsidered based on the new *Greer* decision which holds that this Court's findings with respect to the primary purpose of CIRB, and the attorney-client privilege as applies to CIRB reports and other CIRB Records, are clearly erroneous and contrary to law. The Discovery Orders relied on the legally flawed district court ruling in *Greer* that was reversed by the Ninth Circuit in reaching its rulings. Moreover, the Discovery Orders reviewed the same evidence with respect to CIRB, followed the same incorrect analysis of *In re Grand Jury's* primary purpose test, and reached the same incorrect conclusions as the reversed *Greer* ruling. Thus, reconsideration and reversal of the Discovery Orders and erroneous rulings therein is proper.

The Ninth Circuit's decision and analysis in *Greer* demonstrate that the Discovery Orders' findings and rulings are clearly erroneous and contrary to law. See *Phelps*, 569 F.3d at 1135 (considering whether the underlying decision was correct based on well-settled precedent in ruling on an FRCP 60(b) motion). The Discovery Orders analyzed the same evidence with respect to CIRB, addressed the same issues of the CIRB's primary purpose and whether CIRB reports and other CIRB Records are attorney-client privileged, and came to the same flawed conclusion as the underlying *Greer* decision that was reversed by the Ninth Circuit. The "'close relationship between the underlying decision and the now controlling precedent' favors relief because the foundation for the underlying decision was 'directly overruled'" by the Ninth Circuit's decision in *Greer*. *Hewitt*, 68 F.4th at 468 (quoting *Phelps,* F.3d at 1139-40). As with the district court's findings in *Greer*, this Court "made significant legal errors and…its finding concerning the primary purpose of the CIRB is illogical, implausible, and

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

without support in the record." *Greer*, 127 F.4th at 1222.

The Discovery Orders' finding that legal advice was not the primary purpose of the CIRB meetings because, based on the Department's CIRB policy, legal advice from the Chief Legal Advisor was not necessary for the CIRB to fulfill its duties of voting on whether or not a policy violation may exist and making training recommendations and proposed policy recommendations improperly focused on select policy language rather than how the CIRB operates as a whole. Dkt. 97 at 10-12; 144 at 10-13. Further, the Discovery Orders evaluated the contents of each CIRB report and determined that the reports were not prepared for the purpose of giving legal advice because they did not contain legal advice from the Chief Legal Advisor on their face. *Id*.

These findings are contrary to law because the Ninth Circuit in *Greer* found that the purpose of CIRB is to obtain legal advice. *Greer*, 127 F.4th at 1224-26. As the Ninth Circuit explained, investigations of critical incidents to assess liability, communications whereby information is provided to counsel for purposes of obtaining legal advice, and recommendations on policy and training to avoid future liability, fall under the provision of legal advice. *Id*. Discussions on these issues which involve counsel have the same purpose and are attorney-client privileged. *Id*. at 1225-1226 (citing *Upjohn*, 449 U.S. at 390). Further, the Ninth Circuit found that the relevant inquiry in determining the CIRB's primary purpose is "how the CIRB actually operates." *Id*. at 1225. The Discovery Orders therefore erred in relying on the Department's CIRB policy with respect to the CIRB closed session and voting on policy violations rather than the CIRB process as a whole. The reliance on whether each CIRB report contained legal advice on their face was also in error. The question is whether the purpose of the CIRB process with respect to review of the critical incidents at issue was to obtain legal advice. The Ninth Circuit found that the primary purpose of CIRB is to obtain legal advice and therefore the reports and documents that are generated through this process are privileged.

Accordingly, the Discovery Orders' findings with respect to the CIRB were

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax       (714) 823-4101

*23475*

14

erroneous and its analysis and application of the primary purpose was contrary to law. *Greer*, 127 F.4th at 1222 ("the district court made significant legal errors and, in addition, its finding concerning the primary purpose of the CIRB is illogical, implausible, and without support in the record"). This Court should reconsider and reverse the Discovery Orders' erroneous rulings finding that the CIRB reports and documents are not privileged.

### C. The *Greer* Decision Applies Equally to the CIRB Records in this Case

1. *Greer* decision finding that legal advice is the primary purpose of CIRB and CIRB documents applies to all CIRBs

The Ninth Circuit in *Greer* found that the district court erred in "deciding that the primary purpose of the CIRB, *and the documents it generates*, is not to obtain legal advice." *Greer* at 1224 (emphasis added). The *Greer* decision analyzed the entire CIRB procedure and found that CIRB's primary purpose was to obtain legal advice. *Id*. at 1219-22, 1224-26; see also *Rupard*, 2025 WL 1082795, at *3.

In *Rupard*, the district court considered *Greer's* application to the CIRB reports that County was ordered to produce and found that the Ninth Circuit's "analysis clearly indicates that CIRB's investigations, discussions, and written reports are privileged. Accordingly, the Court [found] that all of the CIRB reports at issue" were protected by attorney-client privilege. *Rupard*, 2025 WL 1082795 at *3.

Similarly, the district court in *Arroyo* found that the "Ninth Circuit's analysis was not limited to the factual nuances of a single CIRB report or document. Instead, the Ninth Circuit engaged in a broader examination of the CIRB's structure, purpose, and function. The decision addressed the CIRB process itself, and concluded that the primary purpose of the CIRB is to assess legal liability and avoid future liability. Since the CIRB's purpose does not vary on a case-by-case basis, and CIRB reports are generated with the same objectives guiding their creation, the analysis in *Greer* logically extends to other CIRB reports and related documents prepared under the same framework." *Arroyo*, 2025 WL 1532873, at *4.

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

Accordingly, the Ninth Circuit *Greer* decision holds that CIRB is attorney-client privileged in its entirety.

> 2. The CIRB Reports in this case are materially the same as those in *Greer* and are privileged

The CIRB reports produced in this case are identical in all material respects to the (12) CIRB reports that were found to be attorney-client privileged in *Greer*. As in *Greer*, the CIRB reports here "meet the criteria for attorney-client privilege. Department Policy required the Chief Legal Advisor to be part of the CIRB, and there is no contention that the Chief Legal Advisor was absent from any of the meetings memorialized in the reports. In each instance, areas of potential liability for the inmate's death were discussed. In most instances, counsel participated actively by asking questions designed to understand and, where appropriate, by highlighting areas of potential liability." *Greer*, *supra*, 127 F.4th at 1226; *see* Baranic Decl., Dkt. 58-1 at ¶¶ 14-25 (regarding the Morton CIRB report); and Dkt. 119-1 at ¶¶ 7, 9-40 (regarding the (19) other CIRB reports); *see also* Privilege Log re CIRB-Related Records (Dkt. 56, Exh. 1), UIN No. 1; Privilege Log re Plaintiff's Request for Production No. 26 (Dkt. 114, Ex. 1), UIN Nos. 1-22. Each CIRB report was prepared with respect to the CIRB's review of an in-custody death and pursuant to the same procedures and requirements analyzed by the *Greer* court.

The Morton CIRB report and other 19 CIRB reports that the County was ordered to produce in this case are no different from the CIRB reports that were deemed privileged in *Greer*. They each therefore meet the requirements for attorney-client privilege.

> 3. The other Morton CIRB documents and CIRB-related emails are privileged pursuant to the *Greer* decision

Pursuant to the Ninth Circuit *Greer* decision, all other documents relating to the Morton CIRB, including emails exchanged with respect to the CIRB review of Morton's in-custody death, are also protected by the attorney-client privilege as being generated

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*23475*

by CIRB for the Chief Legal Advisor, in furtherance of the CIRB investigation and review, or in preparation for the CIRB meeting and presentation. The privileged CIRB documents include (1) the CIRB PowerPoint presentation, (2) CIRB synopsis, (3) CIRB tracking spreadsheet, and (4) emails exchanged before and after the CIRB meeting and presentation relaying information for the same, including drafts of the attorney-client privileged CIRB PowerPoint, CIRB synopsis, and CIRB report. *See* Privilege Log re CIRB-Related Records (Dkt. 56, Exh. 1), UIN Nos. 2-33; Supplemental Privilege Log re CIRB-Related Records (Dkt. 56, Exh. 6), UIN Nos. 34-40; and Privilege Log re Emails (Dkt. 56, Exh. 3), UIN Nos. 1-3, 30-43, 56, 59, 67, 69-70, 82.

These CIRB documents and emails were prepared and transmitted in the course of the privileged CIRB investigation, review, analysis, and presentation of Morton's in-custody death and served the same purpose of legal advice pursuant to *Greer*. See Baranic Decl., Dkt. 58-1 at ¶¶ 26-33. Because "the CIRB's purpose does not vary on a case-by-case basis, and CIRB reports are generated with the same objectives guiding their creation, the analysis in Greer logically extends to other CIRB reports and related documents prepared under the same framework." *Arroyo*, 2025 WL 1532873, at *4 (applying *Greer* and finding the "CIRB reports *and accompanying spreadsheet* at issue [] are protected by the attorney-client privilege." (emphasis added)); *Greer*, *supra*, 127 F.4th at 1224 ("Investigation—that is, discovering what happened—is a necessary predicate to assessing liability for that past event and thus is not separate from the provision of legal advice") (citing *Upjohn Co.*, 449 U.S. at 390); *Rupard*, 2025 WL 1082795, at *3 ("the Ninth Circuit analyzed the entire CIRB procedure and found that the primary purpose was to obtain legal advice…its analysis clearly indicates that CIRB's *investigations, discussions, and written reports* are privileged" (emphasis added)).

Accordingly, all documents, drafts, spreadsheets, and emails relating to the CIRB investigation and review of Morton's in-custody death which were prepared or exchanged for the purpose of assessing civil liability for the Morton incident and

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone    (714) 823-4100
Fax      (714) 823-4101

avoiding legal liability for future similar events are attorney-client privileged pursuant to *Greer*. *Greer*, 127 F.4th at 1224-26.

### D. The County Has Been Diligent in Seeking Relief from the Discovery Orders

The County's ongoing diligence in seeking relief from the Discovery Orders further supports this Court's reconsideration and reversal of the same. In evaluating a motion for reconsideration pursuant to Rule 60(b), the court "considers whether the petitioner exhibited sufficient diligence in advancing his claim. The diligence analysis overlaps significantly with the timeliness requirement in Rule 60(b); a petitioner who has filed his motion within a "reasonable time" under the Rule has diligently pursued his claim." *Bynoe*, 966 F.3d at 984 (citations omitted).

First, County's instant Rule 60(b)(6) motion seeking reconsideration of the Discovery Orders pursuant to the *Greer* decision entered February 10, 2025 is timely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time").

Second, prior to filing this Motion, the County promptly sent clawback requests to counsel for all parties seeking the return or destruction of the CIRB documents produced in this case on February 12, 2025, and continued meeting and conferring with the parties in an effort to have the attorney-client privileged CIRB documents returned or destroyed. Bonjean Decl. at ¶ 7-11. Plaintiffs refused County's request, thus necessitating the instant motion.  Bonjean Decl. at ¶ 10, 11.

Third, the County filed Objections and Motions for Reconsideration of the Discovery Orders pursuant to Rule 72(a) on the basis that the findings that legal advice was not the primary purpose of CIRB or the CIRB documents, and that the CIRB documents were not protected by the attorney-client privilege in their entirety, were clearly erroneous and contrary to law. Dkt. 105, 149; *see* Bonjean Decl. at ¶ 3(a)-(m). The County further moved for an order staying each of the Discovery Orders pending District Court review of the same prior to filing its Rule 72 Motions in an effort to

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone    (714) 823-4100
Fax       (714) 823-4101

protect against disclosure of the attorney-client privileged CIRB documents pending resolution of the Rule 72 Motions. Dkt. 98, 146.

County's ongoing efforts seeking relief from the Discovery Orders and their erroneous findings that the CIRB reports and CIRB documents are not protected by the attorney-client privilege weighs in favor of review and reconsideration. See e.g., *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) (habeas petitioner who challenged each denial of his petitions and other motions seeking relief, and filed a Rule 60(b)(6) motion within one year from the relevant change in law was a "sterling example of diligence").

## E. The Totality of the Circumstances Warrants Reconsideration and Reversal of the Discovery Orders

Reconsideration and reversal of the Discovery Orders' rulings with respect to CIRB is necessary to preserve and protect the privileged status of the CIRB Records. The attorney-client privilege is the oldest legal privilege in existence. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). Its purpose is to encourage full and frank communications. *Id.* The County has already suffered harm due to the Discovery Orders compelling County's production of attorney-client privileged CIRB reports, emails, and related documents. As the Ninth Circuit in *Greer* reasoned, while there is "nothing a court can do to withdraw all knowledge or information" that a party may have acquired by examining documents or other material produced in compliance with a court order, "a court can fashion some form of meaningful relief" by exercising the "power to effectuate a partial remedy." *Greer*, 127 F.4th at 1223. The same relief can and should be provided here.

Further, the considerations that would typically prevent a court from grating relief under Rule 60(b)(6) have no application here, where the orders in question address discovery issues and the relief sought is destruction or return of readily identifiable documents and modification of expert reports. *See*, *e.g.*, *Bynoe*, 966 F.3d at 985 ("'relief is less warranted when the final judgment being challenged has caused one or more of the parties to change his legal position' because of the judgment") (citing *Phelps*, 569

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

F.3d at 1138); *Phelps*, 569 F.3d at 1137 ("As an example of a party's reliance interest in the finality of a judgment, the court noted that when a judgment conveys land from one party to another and the prevailing party "enter[s] upon the land and install[s] pipes and appurtenances," the judgment should not be overturned even if it is predicated on a later-overruled legal precedent because the prevailing party has relied on his legal right to the land") (citing *Ritter v. Smith*, 811 F.2d 1398, 1402 (11th Cir. 1987)).

Plaintiffs do not have a compelling interest in the finality of the Discovery Orders here. The totality of the circumstances surrounding the Discovery Orders weigh in favor of this Court's reconsideration and reversal of the Discovery Orders, and further granting County's request for an order requiring that all attorney-client privileged CIRB documents be returned or destroyed, requiring that expert reports revised, and prohibiting future use of any information contained in the privileged CIRB documents.

## V.    CONCLUSION

The Ninth Circuit has affirmatively held that the attorney-client privilege applies to CIRB and CIRB-generated reports and documents. The *Greer* decision overruled the same findings and conclusions set forth in the Discovery Orders and found that this Court's rulings that legal advice is not the primary purpose of the CIRB or the CIRB documents, and that the CIRB reports and related documents were not privileged, were legally flawed. Accordingly, the County respectfully requests that this Court reconsider and reverse the erroneous findings set forth in the Discovery Orders and enter an order requiring that all CIRB documents produced in this case be returned or destroyed, requiring that all expert references and opinions derived from these materials be removed or revised, and prohibiting future use of information derived from these materials.

///

///

///

///

///

*23475*

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

1

2      DATED:  August 25, 2025              COLLINS + COLLINS LLP

3

4                                          By: _Biancabonjean_____

5                                             BIANCA M. BONJEAN
                                              MICHAEL L. WRONIAK
6                                             RADA FELDMAN
7                                             SOFIA TORREZ
                                              Attorneys for Defendants
8                                             COUNTY OF SAN DIEGO and JANINE
9                                             SPARKS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23475

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

21

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR RECONSIDERATION