Michael L. Wroniak, Esq. (State Bar No. 210347)
Rada Feldman, Esq. (State Bar No. 285931)
Bianca M. Bonjean, Esq. (State Bar No. 342297)
Sofia Torrez, Esq. (State Bar No. 355321)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 823-4100 – FAX (714) 823-4101
Email:  mwroniak@ccllp.law
Email:  rfeldman@ccllp.law
Email:  bbonjean@ccllp.law
Email:  storrez@ccllp.law

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually,<br><br>       Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. 3:21-cv-01428-MMA-DDL<br>*Assigned to Judge Ruth Bermudez Montenegro, Courtroom 5B; Magistrate Judge David D. Leshner, Courtroom 2D*<br><br>**DECLARATION OF BIANCA BONJEAN IN SUPPORT OF DEFENDANT COUNTY OF SAN DIEGO'S MOTION FOR RECONSIDERATION OF DISCOVERY ORDERS COMPELLING THE PRODUCTION OF CIRB REPORTS AND RELATED DOCUMENTS [ECF 97, 105] (FRCP 60(b))**<br><br>*[Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, and Request for Judicial Notice]* |

23475

1

DECLARATION OF BIANCA BONJEAN ISO MOTION FOR RECONSIDERATION

|   |   |
|---|---|
|   | Hearing Date: September 29, 2025<br>Courtroom:<br><br>**[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]**<br><br>Complaint Filed:  08/09/2021<br>Trial Date:           None Set |

I , BIANCA BONJEAN, declare as follows:

1. I am an attorney admitted to practice before all the courts of the State of California and the Central District of California and an associate with the law firm Collins + Collins LLP, the attorneys of record for Defendants the County of San Diego and Janine Sparks ("County Defendants"). The following facts and circumstances are personally known to me, and if called upon to do so, I could and would testify as to them.

2. This declaration is submitted in support of Defendant County of San Diego's ("County") Motion for Reconsideration of Discovery Orders Compelling the Production of CIRB Reports and Related Documents (Dkts. 97, 144) pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion").

3. The County previously filed FRCP 72(a) Objections and Motions for Reconsideration of the two discovery orders which are the subject of County's instant Motion. The material facts and circumstances surrounding County's prior FRCP 72(a) Objections and Motions for Reconsideration are set forth below as required by Civil Local Rule 7.1(i)(1).

    a. On **June 27, 2023**, Magistrate Judge David Leshner entered an Amended Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents (Dkt. 58) ("June 2023 Order"). **Dkt. 97**.

    b. The June 2023 Order found that the Morton CIRB report and other documents and emails related to the Morton CIRB were not protected by the attorney-client privilege and compelled County to produce all of the

23475

2

DECLARATION OF BIANCA BONJEAN ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax       (714) 823-4101

Morton CIRB records and documents at issue in Plaintiffs' Motion to Compel with limited redactions to portions of the CIRB report that Judge Leshner identified as privileged attorney-client communications. **Dkt. 97**.

c. On **June 29, 2023**, the County filed an *ex parte* application requesting an order staying the June 2023 Order requiring the County to produce the CIRB documents on the grounds that County intended to object and seek reconsideration of the order. **Dkt. 98**.

d. On **June 30, 2023**, Judge Leshner entered an Order staying the production deadline set forth in the June 2023 Order. **Dkt. 99**.

e. On **July 11, 2023**, the County timely filed its Objections to Discovery Order and Motion for Reconsideration pursuant to FRCP 72(a). **Dkt. 105**. County objected and argued that Judge Leshner's ruling that the Morton CIRB records were not privileged, and compelling the County to produce the documents with redactions to the CIRB report was clearly erroneous and contrary to law because it followed the erroneously decided district court decision in *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022) and misapplied the Ninth Circuit's primary purpose test in *In re Grand Jury* for dual-purpose communications. Plaintiffs' Opposition, Dkt. 115; County's Reply, Dkt. 118.

f. On **August 8, 2025**, District Court Judge Michael Anello entered an Order directing County to lodge hard copies of the documents at issue for *in camera* review. **Dkt. 120**.

g. Judge Anello took County's Motion under submission and entered an Order Overruling County's Objections and Motion for Reconsideration on **September 6, 2023. Dkt. 131**.

h. On **September 20, 2023**, Judge Leshner entered an Order Granting in Part and Denying in Part as Moot Plaintiffs' Motion to Compel Production of Documents (Dkt. 114) ("September 2023 Order"). **Dkt. 144**.

i. The September 2023 Order found that CIRB reports for (19) in-custody deaths were not protected by the attorney-client privilege and compelled County to produce the CIRB reports.

j. On **September 29, 2023**, the County filed an *ex parte* application requesting an order staying the September 2023 Order requiring the County to produce the CIRB reports on the grounds that County intended to object to and move for reconsideration of the order. **Dkt. 146**.

k. On **October 3, 2023**, Judge Leshner entered an Order denying County's ex parte application requesting stay. **Dkt. 147**.

l. On **October 4, 2023**, the County timely filed its Objections to Discovery Order and Motion for Reconsideration pursuant to FRCP 72(a). **Dkt. 149**. County again objected and argued that Judge Leshner's ruling that the CIRB reports were not privileged, and compelling the County to produce the reports with redactions was clearly erroneous and contrary to law because it followed the erroneously decided district court decision in *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022) and misapplied the Ninth Circuit's primary purpose test in *In re Grand Jury* for dual-purpose communications. Plaintiffs' Opposition, Dkt. 156; County's Reply, Dkt. 163.

m. Judge Anello took County's Rule 72 Objection and Motion under submission. **Dkt. 164**. On **November 8, 2023** Judge Anello entered an Order Overruling County's Rule 72 Objection and Motion for Reconsideration. **Dkt. 169**.

4. At the time that the June 2023 and September 2023 Orders (DKt. 97, 144) were entered, and Judge Anello overruled County's Rule 72 Objections and Motions for Reconsideration (Dkt. 131, 169) there was no Ninth Circuit decision addressing issues of (1) the primary purpose of the CIRB and CIRB reports and (2) whether reports and other documents generated by or with respect to the CIRB's review of critical

incidents are protected by the attorney-client privilege. Courts in the Southern District were split as to these issues, as summarized below.

    a. *Bush v. County of San Diego,* No. 15CV686-L (JMA), Dkt. No. 22 (S.D. Cal. Nov. 24, 2015) - the Court declined to compel production of a CIRB Report finding that it was privileged.

    b. *Estate of Ruben Nunez v. County of San Diego*, No. 16cv1412-BEN-MDD, Dkt. No. 186 (Sept. 11, 2017) - the Court declined to compel production of a CIRB Report finding that it was privileged.

    c. *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022) - the Court ordered production of 12 CIRB reports finding that they were not privileged pursuant to the primary purpose test set forth in *In re Grand Jury,* 23 F.4th 1088, 1091 (9th Cir. 2021), *cert. granted sub nom. In re Jury,* 143 S. Ct. 80 (2022), and *cert. dismissed as improvidently granted,* 143 S. Ct. 543 (2023).

    d. *Estate of Elisa Serna v. Cnty. of San Diego*, 689 F. Supp. 3d 848 (S.D. Cal. 2023) (entered August 30, 2023) - the Court ordered production of 33 CIRB reports finding that they were not privileged.

5. On **February 10, 2025**, the Ninth Circuit published a decision addressing these issues in *Greer v. Cnty. of San Diego*, 127 F.4th 1216 (9th Cir. 2025). The new Ninth Circuit Greer opinion held that the primary purpose of CIRB and the documents it generates is legal advice, and that the 12 CIRB reports at issue met the requirements for attorney-client privilege.

6. County's instant Motion is brought pursuant to the intervening change in controlling law set forth by the Ninth Circuit in *Greer*.

7. On February 12, 2025, my office sent counsel for Plaintiffs, Dani Pena, and for the Liberty Defendants, Corey Krueger, letters regarding the Ninth Circuit *Greer* decision explaining that the CIRB reports produced by the County were attorney-client privileged pursuant to *Greer*, requesting that all copies of the CIRB documents be

23475

5

DECLARATION OF BIANCA BONJEAN ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

returned or destroyed, that all expert reports relying on the CIRB documents be modified to exclude any information from or references to the CIRB documents, and that declarations confirming counsel's compliance be provided to the County. The letters attached a copy of the published *Greer* decision.

8. Mr. Krueger confirmed that he would comply with the County's request to return or destroy the documents, but may oppose County's request that expert reports be revised due to cost. Mr. Krueger represented that he would be agreeable to redact portions of the reports if appropriate.

9. Between February 12, 2025, and June 10, 2025, I emailed Ms. Pena to follow up on the County's letter and request five times on April 7, 2025, April 10, 2025, May 30, 2025, June 3, 2025 and June 10, 2025. I also attempted to reach Ms. Pena by phone on May 30, 2025 and June 10, 2025. Ms. Pena did not respond to any emails regarding the County's clawback request during this time and did not return or answer my phone calls until June 10, 2025.

10. On June 10, 2025, I was able to reach Ms. Pena by phone to discuss the County's request. Ms. Pena indicated that Plaintiffs disagreed with the County's position that the *Greer* decision applies to the CIRB reports and documents produced in the instant case and disagreed that the *Greer* decision was binding as pending *en banc* review. Ms. Pena represented that she would not be complying with the County's request at this time and that Plaintiffs would oppose a motion by the County seeking reconsideration of the Discovery Orders or seeking Plaintiffs' compliance with County's clawback request.

11. Following further email exchanges between myself and Ms. Pena regarding our respective positions on June 18, 2025, and June 24, 2025, the parties were unable to reach an agreement on this issue.

///

///

///

*23475*

6
DECLARATION OF BIANCA BONJEAN ISO MOTION FOR RECONSIDERATION

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 25th day of August, 2025 at Carlsbad, California.

*[signature]*
BIANCA M. BONJEAN

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax    (714) 823-4101