

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARILYN MORTON, et al.

Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.:  21-cv-1428-RBM-DDL

**ORDER GRANTING PLAINTIFF DEAN MORTON'S MOTION TO SUBSTITUTE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

**[Dkt. No. 278]**

Currently before the Court is Plaintiff's August 10, 2025 Motion to Substitute Parties Pursuant to Federal Rule of Civil Procedure 25.  Dkt. No. 278-1 ("Mot."). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On May 11, 2020, Joseph Earl Morton was arrested by the San Diego County Sheriff's Department.  Dkt. No. 253 at 2.  After numerous interactions with members of the jail staff and medical departments, on May 17, 2020, Joseph Morton committed suicide in his cell.  *Id.* at 6.  On August 9, 2021, Joseph's parents, Marilyn Morton, individually, and as Successor in Interest to Joseph Morton, and Dean Morton, individually, initiated the instant action by filing a

complaint for violations of the Fourteenth Amendment, negligence/malpractice, and wrongful death/survival.  Dkt. No. 1.  In 2024, the parties informed the Court that Dean Morton had passed away.  Dkt. No. 275 at 2 (citing Dkt. No. 253 at 10-11).  The Court then ordered counsel for Plaintiffs to file a motion to substitute parties pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 25.  Dkt. No. 253 at 67.

On March 12, 2025, Plaintiff filed a Motion to Substitute Parties Pursuant to Federal Rule of Civil Procedure 25(c).  Dkt. No. 261.  Plaintiff sought to substitute Linnea Morton as successor in interest for purposes of the instant litigation after the death of Dean Morton.  *Id.* at 2.  On July 2, 2025, District Judge Anello issued an Order Requiring Plaintiff to File Supplemental Brief clarifying "whether Wisconsin or California law governs whether Ms. Linnea Morton qualifies as a 'representative' or 'successor' for purposes of Rule 25[,]" "[w]hether Dean Morton's estate was administered, and if so, in which state with a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest[, and] "[w]hether Ms. Linnea Morton, or any other person, has been appointed as Dean Morton's representative."  Dkt. No. 273 at 1-2.  Plaintiff supplemented the briefing on July 11, 2025.  Dkt. No. 274.

On July 28, 2025, District Judge Anello issued an Order Denying Plaintiffs' Motion to Substitute as Successor in Interest to Dean Morton Under Fed. R. Civ. P. 25 because Plaintiff sought to substitute in Linnea Morton, Dean Morton's daughter but "concede[ed] that [t]he appropriate successor to Dean Morton's cause of action [wa]s not Linnea Morton, decedent's daughter, but Marilyn Morton, decedent's wife."  Dkt. No. 275 at 4 (quoting Dkt. No. 274 at 4).  Judge Anello ordered that any claims asserted by Dean Motion would be dismissed if a renewed motion to substitute an individual was not filed by August 11, 2025.  *Id.* at 5.

On August 7, 2025, Judge Anello recused from the case and District Judge Montenegro was assigned for all further proceedings.  Dkt. No. 276.

On August 10, 2025, in accordance with Judge Anello's Order, Plaintiff filed a Motion to Substitute Parties Pursuant to Federal Rule of Civil Procedure 25.  Mot. The Motion is unopposed.  *Id.* at 1-2.

## LEGAL STANDARD

Substitution of parties is governed by Fed. R. Civ. P 25 which states:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
. . .
(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

## DISCUSSION

Plaintiff requests that the Court substitute Marilyn Morton as a party in place of her late husband, Dean Morton.  Mot. at 2.  Plaintiff argues that under both California and Wisconsin law, Marilyn Morton, is the proper successor in interest for Dean Morton, a former resident of Wisconsin who passed away in that state. *Id.* at 1-2.  Plaintiff also argues that the federal rules govern this issue and that pursuant to Fed. R. Civ. P. 17(b)[1], California state law "determines who can be

---

[1] Fed. R. Civ. P. 17(b) states: (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located,

3

named as the appropriate party representing decedent Dean Morton's claim." *Id.* at 3. Plaintiff explains that California state law "looks to the law of state that governs intestate succession" which in this case is Wisconsin. *Id.* (citing California Code of Civil Procedure section 377.10[2]). Since Dean Morton died in Wisconsin without a will, and all his surviving children were also the children of his surviving spouse, Marilyn, pursuant to the laws of Wisconsin intestate succession, Dean Morton's estate passes to Marilyn Morton and Marilyn "properly succeeds to Dean Morton's interest in this action." *Id.* at 4 (citing Wisconsin statute section 852.01[3]); *see also* Dkt. No. 278-2, Declaration of Marilyn Morton. Plaintiff further argues that the motion is timely, Dean Morton's claims are not extinguished, and each party

---

except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

[2] § 377.10. Beneficiary of the decedent's estate For the purposes of this chapter, "beneficiary of the decedent's estate" means:(a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.(b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code or, if the law of a sister state or foreign nation governs succession to the cause of action or particular item of property, under the law of the sister state or foreign nation. California Code Civ. Proc., § 377.10.

[3] 852.01. Basic rules for intestate succession. (1) Who are heirs. Except as modified by the decedent's will under s. 852.10 (1), any part of the net estate of a decedent that is not disposed of by will passes to the decedent's surviving heirs as follows: (a) To the spouse or domestic partner: 1. If there are no surviving issue of the decedent, or if the surviving issue are all issue of the surviving spouse or surviving domestic partner and the decedent, the entire estate. Wis. Stat. Ann. § 852.01(a)(1)(a) (West)

21-cv-1428-RBM-DDL

and non-party has been served in accordance with Fed. R. Civ. P. 5. *Id.* at 5-6; *see also* Dkts. No. 278-3, Declaration of Linnea Morton, 278-4, Declaration of Elizabeth Morton, and 278-5, Declaration of Brian Morton .

If a party dies, the Court may order substitution of the proper party if a motion is made within ninety days after service of a notice of the death. Fed. R. Civ. P. 25(a)(1). The motion to substitute must be served on parties and non-parties in accordance with Fed. R. Civ. P. 4 and 5. *Id.* at (a)(3). Here, Plaintiff filed a Notification of Death on December 12, 2024 [*see* Dkt. No. 252] and filed a Motion to Substitute ninety days later on March 12, 2025 [*see* Dkt. No. 261]. The Court later denied Plaintiff's motion and ordered that Plaintiff refile the motion by August 11, 2025. Dkt. No. 275 at 5. Plaintiff refiled the motion on August 10, 2025. Mot. The Court therefore finds that Plaintiff's motion is timely.

The Court also finds that Dean Morton's claims are not extinguished. *See Oatridge v. Future Motion, Inc.*, No. 5:21-CV-09906-BLF, 2025 WL 41935, at *1 (N.D. Cal., Jan. 6, 2025) (noting that since plaintiff's claims were originally filed in this district, they are governed by California law and that "[g]enerally, state substantive law governs whether a state law claim survives the death of party.") (quoting *Casa Nido P'ship v. Kwon*, No. 20-cv-07923, 2024 WL 1421259, at *2 (N.D. Cal. Apr. 2, 2024)) (citing *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011)); *see also* Cal. Civ. Proc. Code § 377.20(a) ("a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period"). Plaintiff has demonstrated that Marilyn Morton is the proper party as she is substituting in a representative capacity and under both California and Wisconsin law, the entirety of Dean Morton's estate passes to her as Dean Morton's surviving spouse. *See* Fed. R. Civ. P. 17(b); *see also* Cal. Civ. Proc. Code § § 377.10 and 377.11 and WI Stat § 852.01. The instant motion has also been served on all parties and non-parties in accordance with Fed. R. Civ. P. 25. Mot. at 6; *see also* Dkts. No. 278-3-5. Finally, the Motion is

unopposed.  *See* Docket.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Substitute Parties Pursuant to Federal Rule of Civil Procedure 25.  Marilyn Morton may substitute into this litigation to proceed on behalf of Dean Morton, as his Successor in Interest.

**IT IS SO ORDERED.**

Dated:  August 29, 2025

Honorable David D. Leshner
United States Magistrate Judge

21-cv-1428-RBM-DDL