Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
TEL: (619) 841-1408

Attorneys for Plaintiffs Marilyn Morton and Dean Morton

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, by and through his successor in interest, MARILYN MORTON.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, JANINE SPARKS, Individually, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, CHRISTOPHER KAGAY, Individually, LIBERTY HEALTHCARE, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 21-cv-01428-RBM-DDL<br><br>**DECLARATION OF GRACE JUN IN SUPPORT OF PLAINTIFF'S RESPONSE TO COUNTY OF SAN DIEGO'S MOTION FOR RECONSIDERATION OF DISCOVERY ORDERS COMPELLING THE PRODUCTION OF CIRB REPORTS AND RELATED DOCUMENTS** |

I, GRACE JUN, being duly sworn, hereby declare:

1. I am an attorney licensed to practice law in the State of California and the Southern District of California. I represent the Plaintiffs in the above-referenced case. I make the following declaration based on my personal knowledge. If called to testify to the matters set forth herein, I could and would competently testify to these matters based on my personal knowledge.

2. In this case, the County of San Diego produced a total of twenty (20) Critical Incident Review Board (CIRB) reports. These reports were related to the following individuals who committed suicide while in the custody of the Sheriff's Department. The dates of each individual's death are noted next to the person's name:

    a. Jason Stey – 1/6/15
    b. Sergio Valenzuela – 8/16/15
    c. Jason Nishimoto – 9/27/15
    d. Martin Dozal – 9/26/15
    e. Nicholas Medel – 11/8/15
    f. Christopher Cook – 11/15/15
    g. Richard Lawerence – 2/12/16
    h. Pedro Arellano – 4/3/16
    i. Heron Moriarty – 5/31/16
    j. Nicholas Helton – 10/29/16
    k. Ross Winkler – 11/30/16
    l. Chadwick Moore – 12/16/17
    m. Jon Erik Nelson – 5/19/18
    n. Michael Patrick Sullivan – 3/28/2018
    o. Manuel Gomez – 10/2/18
    p. Federick Jefferson – 9/1/18

        q. Ivan Ortiz – 3/8/19

        r. Don Ralph – 10/26/19

        s. Julio Lopez – 8/26/19

        t. Joseph Morton - 5/17/2020

3. On August 28, 2025, I sent counsel for the County of San Diego an email requesting: (1) mortality reviews under Section 1046 of Title 15 of the California Code of Regulations; (2) psychological autopsies; and (3) medical records and reports for each of the foregoing in-custody suicides. I also asked counsel if any mortality reviews or psychological autopsies existed for each of the foregoing deaths.

4. In subsequent emails, I discussed the prohibition on the use of the attorney-client privilege, and the CIRB reports, as a sword and a shield. Ms. Pena clarified in an email that Plaintiff was making this request for records so that Plaintiff could use these records in lieu of the CIRB reports. Ms. Bianca Bonjean, counsel for the County of San Diego, informed me that Plaintiff's request for records and information was not relevant to the County's pending motion regarding CIRB (dkt. 279). She noted hat my request for "further discovery on the issues of mortality reviews, autopsies, etc. regarding the 19 in-custody deaths would be better directed to the Court."

5. On September 3, 2025, Ms. Pena and I spoke with Ms. Bonjean. We explained that CIRB, and mortality reviews for previous suicides, were relevant as to the existence of custom or practice and on the issue of municipal deliberate indifference. I again explained my concern that the CIRB reports and CIRB process would be raised at trial in this case and emphasized that the County could not use the attorney-client as a sword and shield. Ms. Pena and I sought to explain to Ms. Bonjean the reason for our request for other records and asked if these records existed.

6. The parties agreed to further meet and confer in accordance with Judge Leshner's chamber rules regarding Plaintiff's request for other documents or records related to the 19 previous in-custody deaths. Counsel for Plaintiff and counsel for the County of San Diego agreed to meet on September 10, 2025.

7. On September 8, 2025, I sent an email to counsel for the County of San Diego asking if counsel would be willing to stipulate that the prohibition on CIRB sought by the County in its motion (dkt. 279) applied with equal force to the County. I wished to discuss "a stipulation for trial prohibiting the County or any of its witnesses, agents, or representatives from mentioning, referencing, or discussing CIRB and the CIRB reports, including any function of CIRB and the existence of CIRB."

8. On September 9, 2025, Ms. Feldman responded to my request by stating, "[n]o stipulation is necessary. We have never used CIRB documents in anything. It isn't in our expert reports, etc."

9. On September 10, 2025, Ms. Pena and I met and conferred with Ms. Bonjean and Ms. Feldman. During our meeting, Ms. Feldman stated that she would not inquire into the existence of any Title 15 mortality review for the previous 19 in-custody deaths because discovery was closed and Defendant had no obligation to respond to our inquiry. We further discussed whether the County, or its witnesses, intended to refer to or reference CIRB. I explained the different ways that the County could reference CIRB at trial and its witnesses could raise CIRB during cross-examination. Ms. Pena and I expressed our concern that the County or its agents would mention CIRB in response to questions regarding mortality reviews mandated under Title 15. I explained that my understanding was that the Sheriff's Department's CIRB review was the only mandatory review of in-custody deaths. Ms. Feldman emphasized that Title 15 mortality reviews and CIRB were entirely separate and not related. Toward the end of our meeting, Ms. Feldman seemed to

suggest that the County would not be affirmatively raising CIRB or its existence during trial.

10. On September 17, 2025, I sent Ms. Feldman the following email:

> Hi Rada,
>
> I am writing to confirm our discussion on September 10, 2025 regarding reference to, or mention of, the CIRB reports during the trial in this case. You represented that counsel for Defendants County of San Diego and Ms. Sparks, and witnesses called by the County Defendants, will not raise, mention, refer to, or discuss the Critical Incident Review Board (CIRB). I am writing to confirm that representation as Plaintiff will be relying on it to formulate a position on the County's pending motion (dkt. 279).
>
> I appreciate your attention.

11. On today's date, September 22, 2025, Ms. Feldman responded to my request as follows:

> We already have and will continue to object to questions related to the CIRB issue on privilege grounds.[1]

12. I did not understand what Ms. Feldman meant in response to my inquiry as to whether the County would agree not to mention or reference CIRB. I informed Ms. Feldman that her email was not responsive to my question.

13. Plaintiff remains concerned that the County of San Diego may attempt to use CIRB offensively at trial to suggest that it conducts thorough in-custody death reviews and, thus, is not deliberately indifferent to the risk of in-custody suicide. For these reasons, Plaintiff submits a conditional opposition.

///

///

---

[1] Although I have not submitted the entire email chain reflecting correspondence among counsel, I am able to do so if the Court so desires and if the Court would find such evidence helpful.

14. To the extent that the County insists on referencing CIRB and the CIRB reports, Plaintiff contends that this amounts to an implied waiver and the County's motion should be denied on that basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of September 2025 in San Diego County, California.

s/ Grace Jun
GRACE JUN