**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Rada Feldman, Esq. (State Bar No. 285931)**
**Bianca M. Bonjean, Esq. (State Bar No. 342297)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: rfeldman@ccllp.law**
**Email: bbonjean@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually, <br><br>              Plaintiffs, <br><br>     vs. <br><br> COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive, <br><br>              Defendants. | CASE NO. 3:21-cv-01428-RBM-DDL <br> *Judge Ruth Bermudez Montenegro, Courtroom 5D; Magistrate Judge David D. Leshner, Courtroom 2D* <br><br> **DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> **Complaint Filed: 08/09/2021** <br> **Trial Date:**         **08/17/2026** |

///

///

*23475*

1

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................5

II. STATEMENT OF MATERIAL FACTS .....................................................................6

III. LEGAL CONTENTIONS ...........................................................................................8

  A. Claim 1: Plaintiff's Fourteenth Amendment Medical Care Claim – Individual Liability under § 1983 Against Sparks........................................................................8

    1. No Causation; Superseding and Intervening Acts ..........................................12

    2. Defendant Sparks Is Entitled to Qualified Immunity .....................................14

  B. Claim 2: Plaintiff's Fourteenth Amendment *Monell* Claim – Municipal Liability under § 1983 Against County.......................................................................................16

    1. State Law Claims (Failure to Summon Medical Care, Medical Malpractice, and Wrongful Death) ..............................................................................................18

IV. ABANDONED ISSUES .............................................................................................18

V. EXHIBITS ..................................................................................................................19

VI. WITNESSES .............................................................................................................19

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Federal Cases

*Alexander v. Nguyen,*
  78 F.4th 1140 (9th Cir. 2023)...................................................................................... 9, 10, 11

*Ashcroft v. al-Kidd,*
  563 U.S. 731 (2011) ............................................................................................................ 14

*Bd. Of Cnty. Comm'rs v. Brown,*
  520 U.S. 397 (1997) ............................................................................................................ 16

*Bremer v. Cnty. of Contra Costa,*
  No. 15-CV-01895-JSC, 2016 WL 6822011 (N.D. Cal. Nov. 18, 2016).................... 11

*Castro v. Cnty. of Los Angeles,*
  833 F.3d 1060 (9th Cir. 2016).................................................................... 9, 10, 12, 17

*Cavanaugh v. County of San Diego,*
  2 o. 3:18-CV-02557-BEN-LL, 2020 WL 6703592 (S.D. Cal. Nov. 12, 2020),
  judgment entered, No. 18-CV-02557-BEN-LL, 2020 WL 6702029 (S.D. Cal. Nov.
  13, 2020), and aff'd, No. 20-56311, 2021 WL 6103115 (9th Cir. Dec. 22, 2021) .. 10,
  12, 13, 16

*Chaudhry v. Aragon,*
  68 F.4th 1161 (9th Cir. 2023)........................................................................................... 10

*City of Canton v. Harris,*
  489 U.S. 378 (1989) ............................................................................................................ 17

*Connick v. Thompson,*
  563 U.S. 51 (2011) ....................................................................................................... 12, 17

*Est. of Barrick v. Cnty. Of San Joaquin,*
  No. 2:18-CV-02216-MCE-DB, 2021 WL 5331456 (E.D. Cal. Nov. 16, 2021). 13, 16

*Estelle v. Gamble,*
  429 U.S. 97 (1976) .............................................................................................................. 12

*Gordon v. County of Orange,*
  888 F.3d 1118 (9th Cir. 2018)................................................................................. 9, 10, 16

*Gordon v. County of Orange,*
  6 F.4th 961 (9th Cir. 2021).............................................................................................. 14

*Hamilton v. Endell,*
  981 F.2d 1062 (9th Cir. 1992)......................................................................................... 15

*Horton by Horton v. City of Santa Maria,*
  915 F.3d 592 (9th Cir. 2019)............................................................................................ 14

*Lee v. City of L.A.,*
  250 F.3d 668 (9th Cir. 2001).......................................................................................... 17

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

23475

3

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

*Leer v. Murphy,*
  844 F.2d 628 (9th Cir. 1988)................................................................................ 12
*Lemoon v. California Forensic Med. Grp., Inc.,*
  575 F. Supp. 3d 1212 (N.D. Cal. 2021) ......................................................... 10, 16
*Mendez v. Cnty. of Los Angeles,*
  897 F.3d 1067 (9th Cir. 2018)................................................................................ 10
*Monzon v. City of Murrieta,*
  978 F.3d 1150 (9th Cir. 2020)................................................................................ 16
*Oviatt By & Through Waugh v. Pearce,*
  954 F.2d 1470 (9th Cir. 1992)................................................................................ 16
*Parratt v. Taylor,*
  451 U.S. 527 (1981) ................................................................................................ 16
*Pearson v. Callahan,*
  555 U.S. 223 (2009) ................................................................................................ 14
*Russell v. Lumitap,*
  31 F.4th 729 (9th Cir. 2022)..........................................................................5, 9, 10
*Soto v. City of,Sac.,*
  567 F. Supp. 662 (E.D. Cal. 1983)........................................................................ 13
*Taylor v. Barkes,*
  575 U.S. 822 (2015) ................................................................................................ 15
*Toguchi v. Chung,*
  391 F.3d 1051 (9th Cir. 2004)................................................................................ 12
*Van Ort v. Est. of Stanewich,*
  92 F.3d 831 (9th Cir. 1996)............................................................................. 10, 12
*Villegas v. Gilroy Garlic Festival Ass'n,*
  541 F.3d 950 (9th Cir. 2008).................................................................................. 17
*Wakefield v. Thompson,*
  177 F.3d 1160 (9th Cir. 1999)................................................................................ 15
*Wilhelm v. Rotman,*
  680 F.3d 1113 (9th Cir. 2012)................................................................................ 16

State Cases

*Lucas v. City of Long Beach,*
  31 Cal. Rptr.  (1976)............................................................................................... 12

Federal Statutes

42 U.S.C. §1983............................................................................................... passim

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*23475*

4

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Defendants County of San Diego ("County") and Janine Sparks ("Sparks") (collectively, "County Defendants") submit the following Memorandum of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2) and the Court's Order resetting Trial and Pretrial dates (ECF No. 313):

## I.   **INTRODUCTION**

This case arises from the in-custody death of Joseph Morton ("Morton") on May 17, 2020 at Vista Detention Facility ("VDF"). On May 11, 2020, after his release from a 5150 hold, Morton was arrested for attempted robbery and placed in custody at VDF. Morton committed suicide six days later. Plaintiff Marilyn Morton brings claims as Morton's successor in interest against County and Sparks for Fourteenth Amendment violations under 42 U.S.C. §1983.

Plaintiff seeks to hold County and its employee mental health clinician Sparks liable for Morton's death. Also sued is the contracted Liberty Healthcare provider ("Liberty") and Liberty employees Bijan Rahmani, Matthew Berlin, and Christopher Kagay ("Liberty Defendants"). Plaintiff contends that Morton should have been designated "high risk" for suicide and placed in a "safety cell" in the Inmate Safety Program ("ISP") housing. Plaintiff alleges that Sparks, as well as Liberty Psychologists Dr. Rahmani and Dr. Berlin and Liberty Psychiatric Nurse Practitioner Kagay, were deliberately indifferent to Morton's serious medical needs of an alleged risk of suicide.

There is no evidence that County Defendants violated Morton's civil rights. Sparks is entitled to qualified immunity. The claim that Sparks acted with deliberate indifference to Morton's suicide risk is subject to the objective reasonableness standard, which requires Plaintiff "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022). However, there is no evidence that Sparks was "more than negligent" in not completing a follow up check after ISP release: Sparks did not know of Morton's suicide risk and there is certainly no proof that Sparks made an intentional decision with respect to Morton's assessment.

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

Sparks was assigned to complete Morton's ISP follow-up check, but gatekeeper Dr. Berlin assessed Morton for suicide risk after release from ISP due to Morton's suicidal statements to a deputy. Dr. Berlin found that Morton was not suicidal and that Morton did not need ISP housing placement. Thus, County Defendants are not liable for Morton's death under §1983 because there is no causation.

## II.    STATEMENT OF MATERIAL FACTS

On May 11, 2020, Morton was arrested and booked at VDF for attempted robbery, stolen property/ID, and willful cruelty to child without injury or death. He told arresting officers about his release from a 5150 hold on May 10 for attempted suicide by $CO_2$ poisoning.

At intake on May 11 evening, Nurse Samantha Macanlalay flagged Morton for suicide risk and referred him to Liberty Psychologist Dr. Rahmani for an ISP assessment. Macanlalay initiated alcohol withdrawal protocol ("CIWA") noting Morton was asymptomatic but anticipating withdrawal.

Dr. Rahmani performed the initial gatekeeping assessment of Morton and determined he was "low risk" suicide, placed him in Enhanced Observation Housing ("EOH"), and referred him for a 24-hour psychiatric medication evaluation for anti-depressants. Dr. Rahmani noted Morton had a prior suicide attempt, was released from a 5150 hold, and was "still thinking about suicide but does not have any plans."

On May 12 morning, clinician Hosanna Alto completed Morton's second ISP assessment following placement in EOH. Alto assessed Morton low risk for suicide, noting multiple protective factors, including no signs of depression and no verbalized suicidal statements. Per policy, Morton was cleared from EOH after Alto's assessment as this was his second "low risk" designation. Alto noted a psychiatric medication evaluation had already been and per policy, scheduled a 24-hour ISP follow-up check after release from EOH. Morton was released from the ISP and EOH and moved to a COVID-19 quarantine housing module.

///

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

At 2:20 pm, Morton told a deputy in the housing module that he was suicidal and, when asked if he has a plan, said he would use a blanket to hang himself. The deputy escorted Morton to gatekeeping assessment for the suicidal statements. Morton was taken to medical where he was first evaluated by a nurse. The nurse reported Morton was going to gatekeeping for evaluation, "claims [suicidal ideation] 'I will do it with a sheet,'" was not in distress, and had no signs of alcohol withdrawal. At 2:23 pm, Liberty Psychologist Dr. Berlin performed a gatekeeping assessment of Morton to evaluate him for suicide risk and potential ISP placement due to his suicidal statements to the deputy. Dr. Berlin determined that Morton was not suicidal and did not require ISP placement, noting that Morton only said he was suicidal so he could return to EOH to use the phone.

Liberty Psychiatric NP Kagay was the onsite prescriber at VDF and on May 13, 2020, was assigned to complete Morton's 24-hour face-to-face psychiatric medication evaluation scheduled by Dr. Rahmani. On May 13, Kagay performed a chart check for Morton including a review of his pharmacy records and Dr. Berlin's gatekeeping note. Kagay determined Morton did not require immediate medication evaluation. Kagay cancelled the 24-hour psychiatric medication evaluation scheduled for May 12 (which Dr. Rahmani ordered to evaluate Morton for antidepressive medications) and rescheduled it for May 20. Kagay did not see Morton for a psychiatric medication evaluation to assess and prescribe his medications; and did not prescribe/order psychiatric/psychotropic medications and/or anti-depressants for Morton.

From May 12 to May 16, 2020, clinician Sparks worked at VDF and was responsible for appointments for patients across five (5) housing modules, including Morton's housing module. The ISP follow-up check for Morton was assigned to Sparks but was not completed. Sparks was unable to complete all appointments on her sick call list, including Morton's, due to mandatory COVID-19 cleaning and jail protocols. Sparks worked at VDF throughout the pandemic where she was regularly exposed to COVID-19 and saw patients in quarantine housing. Sparks did not observe, interact, or

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*23475*

7

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

communicate with Morton between May 12 and 16, was not aware of Morton's May 12, 2020 in-custody suicidal statement and assessment by Dr. Berlin, and did not have knowledge of Morton's mental state or whether he was housed alone or with a cellmate.

From May 12 through May 15, 2020, medical staff monitored Morton, conducting x-rays, medication administration, withdrawal follow-up, and chart checks. From May 12 through May 14, Morton received the withdrawal medication Librium and was cleared from CIWA protocol on May 14.

Between May 12 through May 17, 2020, Morton made suicidal statements to Mrs. Morton and his girlfriend Elaine Luong over the phone on six separate occasions, including on the morning of May 17. Mrs. Morton and Luong testified that they did not notify County of Morton's suicidal statements.

On the evening of May 17, 2020, Morton committed suicide in his cell by hanging himself.

## III.   LEGAL CONTENTIONS

## A.   Claim 1: Plaintiff's Fourteenth Amendment Medical Care Claim – Individual Liability under § 1983 Against Sparks

Plaintiff's first claim is for deliberate indifference in violation of the Fourteenth Amendment. The Ninth Circuit applies an "objective deliberate indifference" standard for pretrial detainees' claims of inadequate medical care. Plaintiff asserts a medical care claim as successor to Morton's estate against Sparks, Liberty Psychologists Dr. Rahmani and Dr. Berlin, and Liberty Psychiatric NP Kagay, alleging that they were deliberately indifferent to Morton's alleged risk of suicide. To prevail, Plaintiff must prove: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. County of Orange* (*Gordon I),* 888 F.3d 1118, 1124–25 (9th Cir. 2018); *Alexander v. Nguyen*, 78 F.4th 1140, 1144-45 (9th Cir. 2023); Model Civ. Jury Instr. 9th Cir. 9.34 (2026). Plaintiff must prove more than negligence but less than subjective intent —something akin to reckless disregard. *Alexander*, 78 F.4th at 1145. The "mere lack of due care by a state official is not enough to show a constitutional violation" under the Fourteenth Amendment. *Gordon,* 888 F.3d at 1125; *Alexander*, 78 F.4th at 1145.

Plaintiff alleges that Dr. Rahmani and Dr. Berlin improperly assessed Morton as "low risk" and failed to place him in suicide safety housing in ISP, which provided him with the means and opportunity to commit suicide. Furthermore, Plaintiff alleges that Kagay, the psychiatric prescriber assigned to complete Morton's 24-hour psychiatric medication evaluation, was deliberately indifferent when he determined that Morton did not require evaluation and reset his appointment for a week later without seeing Morton in person.

With respect to Sparks, Plaintiff alleges that she made an intentional decision not to complete Morton's 24-hour ISP follow-up check because she was afraid to enter the COVID-19 quarantine module. To succeed at trial, Plaintiff must prove that Sparks (i) made an intentional decision with respect to the conditions of Morton's confinement; (ii) those conditions put Morton at substantial risk of suffering serious harm; (iii) Sparks did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of Sparks' conduct obvious; and (iv) by not taking such measures, Sparks caused Morton's injuries. *Gordon,* 888 F.3d at 1125 (citing *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060 (9th Cir. 2016). A showing of mere negligence is insufficient. *Id*. Plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Russell*, 31 F.4th at 739.

///

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Regarding the third element: "mere lack of due care by a state official" is not enough to show a constitutional violation. *Gordon,* 888 F.3d at 1125 (quoting *Castro,* 833 F.3d at 1071 (quotations omitted)); *Alexander*, 78 F.4th at 1145. Plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Russell*, 31 F.4th 729 at 739.

The fourth element is causation. To succeed on a §1983 claim, Plaintiff "must demonstrate that [the defendant's] conduct was both the actual and proximate cause of their claimed deprivation." *Chaudhry v. Aragon*, 68 F.4th 1161, 1172 (9th Cir. 2023). "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). Whether proximate cause exists turns on foreseeability. *Id.* Intervening causes "break the chain" of proximate causation and preclude §1983 liability. *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

There is no evidence to support Plaintiff's contention that Sparks was deliberately indifferent to Morton's medical needs. Here, Sparks was not deliberately indifferent to Morton's suicide risk because Sparks had no knowledge of Morton's alleged suicide risk and did not intentionally fail to complete Morton's ISP follow-up.

Plaintiff cannot prove that Sparks knew of Morton's alleged risk of suicide. Sparks did not assess Morton or interact with him. This does not rise to deliberate indifference. *Lemoon v. California Forensic Med. Grp., Inc.*, 575 F. Supp. 3d 1212, 1223 (N.D. Cal. 2021) (because defendant did not interact or engage with decedent before he committed suicide, plaintiff could not prove they knew of and disregarded decedent's health risks); *Cavanaugh v. County of San Diego* (S.D. Cal. Nov. 12, 2020), judgment entered, No. 18-CV-02557-BEN-LL, 2020 WL 6702029 (S.D. Cal. Nov. 13, 2020), and aff'd, No. 20-56311, 2021 WL 6103115 (9th Cir. Dec. 22, 2021) ("If none of the [Defendants] had an individual encounter with [decedent inmate], there is no reason to suspect they could possibly be aware of his suicide risk."). Plaintiff claims

**COLLINS + COLLINS** LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Sparks was on notice of Morton's increased risk for suicide because she allegedly knew he had just been released from ISP based on the appointment description. However, Sparks did not review Morton's appointment or charts and did not know the reason for his follow-up. Morton's release from ISP is insufficient to put Sparks on notice that Morton was at risk of committing suicide. *Bremer v. Cnty. of Contra Costa*, No. 15-CV-01895-JSC, 2016 WL 6822011, at *9 (N.D. Cal. Nov. 18, 2016) ("merely knowing that someone had been placed on suicide watch—even the highest level—is insufficient to put an officer on notice that the person is in imminent danger of harming themselves"). Here, the wellness check follow-up for Morton after ISP release was not marked as "priority" on the sick call list and therefore, was not on Sparks' priority schedule and would have been at the bottom of her routine appointment list on May 13 to May 16, 2020.

Plaintiff's claim that Sparks intentionally did not complete the assessment because she was afraid of COVID-19 exposure is unsupported by evidence. Sparks worked throughout the pandemic and regularly risked COVID-19 exposure when completing gatekeeping assessments and cell-side Administrative Segregation appointments for patients who had not yet quarantined. Multiple factors reasonably impacted Sparks' ability to complete her appointments. Evidence shows that COVID-19 protocol required additional cleaning between appointments and reduced the number of patients who could be seen; clinicians had to prioritize appointments as directed by deputies; and mental health liaison deputies had to escort inmates to clinic appointments and accompany clinicians for cell-side assessments, but deputies were not always available to do so. At best, Plaintiff's contentions support a finding of mere negligence.

There is no evidence that Sparks acted unreasonably or that Sparks was "more than negligent" in not completing a wellness check follow up after ISP release. *Alexander*, 78 F.4th at 1145. Sparks did not know of Morton's suicide risk and there is no evidence that Sparks made an intentional decision with respect to Morton's assessment.

*23475*

11

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Deliberately indifferent conduct must be objectively unreasonable under the circumstances. *Castro,* 833 F.3d at 1080. Plaintiff must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon,* 888 F.3d at 1125; *Connick v. Thompson,* 563 U.S. 51, 61 (2011) ("'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."). Mere negligence in diagnosing or treating a medical condition does not violate rights. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Liability under §1983 requires actual and proximate cause. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988). Traditional tort law principles regarding intervening causes that break the chain of proximate causation apply. *Van Ort,* 92 F.3d at 837. Failure to appreciate a detainee is suicidal is not an "intentional decision," as the first element requires for a finding of deliberate indifference. *Castro,* 833 F.3d at 1070 (accidents cannot satisfy element). There was no deliberate indifference to Morton's serious medical needs. No decisions denied, delayed, or intentionally interfered with Morton's mental health treatment or access. *Toguchi v. Chung,* 391 F.3d 1051, 1061 (9th Cir. 2004).

## 1. <u>No Causation; Superseding and Intervening Acts</u>

Liability under Section 1983 requires actual and proximate cause. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988). Traditional tort law principles regarding intervening causes that break the chain of proximate causation apply. *Van Ort,* 92 F.3d at 837. For Sparks to be liable, Plaintiff must prove there was nothing to break the chain of causation.

Plaintiff cannot prove causation between Sparks' lack of follow-up after ISP release and Morton's suicide four days later. *Cavanaugh,* 2020 WL 6703592 at *20; *Lucas v. City of Long Beach,* 31 Cal. Rptr. 470 (1976). Dr. Berlin performed a suicide risk assessment of Morton on May 12, 2020, within 24 hours after Morton's release from ISP due to Morton's suicidal statement to the deputy, and determined Morton was not suicidal, and should not be placed in ISP housing. Dr. Berlin's assessment is an intervening and superseding cause that breaks the chain of causation. Plaintiff's

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

intentional act of suicide is also a superseding cause. *Cavanaugh,* 2020 WL 6703592 at *20.

Suicide is an intentional act which breaks the chain of causation. *Id*. In the context of a suicide, if a decedent's suicide is "the result of a mental condition proximately caused by defendants' violation of his constitutional rights, which condition prevents him from realizing the nature of his act or controlling his conduct," the causal chain is not broken. *Soto v. City of Sac.,* 567 F. Supp. 662, 694 (E.D. Cal. 1983). "On the other hand, if at the time of the … suicide [the decedent] was able to appreciate the nature of his act and able to control his conduct, but chose freely to [commit] suicide, defendants would not be liable for the injuries sustained by virtue of the … suicide." *Id.* The issue of causation is resolved on basis of the decedent's state of mind at the time of the suicide. *Id*. Plaintiff will be unable to prove causation at trial because the evidence shows Morton was in control of his actions and appreciated the nature of his conduct. Morton's suicide was an intentional decision, as shown by his numerous threats made to Mrs. Morton and Luong that he would kill himself if he was not bailed out.

Plaintiff's claim that Morton would have expressed suicidality to Sparks during a subsequent ISP follow-up is unsupported. *Est. of Barrick v. Cnty. Of San Joaquin,* No. 2:18-CV-02216-MCE-DB, 2021 WL 5331456, at *6 (E.D. Cal. Nov. 16, 2021). Plaintiff's claim speculates that had Sparks completed the follow-up check, Morton would have told her that he was suicidal and would have been placed in ISP. Plaintiff's argument assumes, without evidence, that Morton was in fact suicidal during the timeframe that his ISP follow-up was scheduled to take place, between the mornings of May 12 and May 13. This is speculative and lacks any evidentiary support.

Morton showed no signs of a heightened risk of suicide. Morton interacted with other medical staff on at least eight occasions after being released from ISP and did express or show signs of suicidal ideation. Morton was administered medication between May 12 - May 14. Morton was seen for withdrawal follow-up on May 13 where Morton voiced no complaints and verbalized his understanding that he should notify

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*23475*

13

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

staff of any changes to his condition. Morton was immediately taken to the mental health office for assessment after his suicidal statements to the deputy. Dr. Berlin was the only provider to assess Morton after he made a suicidal statement and Dr. Berlin determined that Morton was not suicidal and did not need ISP housing placement. Dr. Berlin evaluated Morton within the 24-hour period – seven hours after Morton was released from ISP. Morton denied suicidal ideation to Dr. Berlin.

There is no evidence that Morton was suicidal or would have admitted his suicidal intent. The evidence confirms that Morton was a "guarded patient" and would not have expressed suicidality to any jail or medical staff as doing so would have thwarted his plan to commit suicide, e.g., Morton's jail calls with Plaintiff and Luong show his intention and desire to commit suicide if he was not bailed out. Plaintiff cannot prove that an additional assessment after Dr. Berlin's assessment, where Dr. Berlin determined that Morton was not suicidal and did not meet criteria for ISP housing placement, would have prevented Morton's suicide four days later.

## 2. **Defendant Sparks Is Entitled to Qualified Immunity**

Sparks is entitled to qualified immunity because Plaintiff cannot demonstrate that she violated a constitutional right or that the right was clearly established at the time. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019). Sparks is entitled to qualified immunity unless she (1) violated a constitutional right (2) that was "clearly established" at the time of the wrongdoing. *Pearson v. Callahan,* 555 U.S. 223, 231- 232 (2009). Plaintiff has burden of showing the right was clearly established and must point to a case showing reasonable officials would have known their actions were unconstitutional under the specific circumstances they encountered. *Gordon,* 6 F.4th at 969. Qualified immunity applies if plaintiff's facts do not establish the violation of a constitutional right; or the right was not clearly established at the time of the alleged misconduct. *Pearson,* at 232. Sparks cannot be deliberately indifferent to alleged unknown risk of suicide.

///

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

14

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

There was no constitutional violation by Sparks because she did not have knowledge of Morton's alleged suicide risk and did not make an intentional decision with respect to Morton's assessment. The evidence confirms that Sparks did not know the ISP follow-up had to be completed within 24 hours and that she did not make an intentional decision not to complete it. No established right was therefore violated.

No jail medical case places the constitutionality of Sparks' actions "beyond debate." Case law asserted for denying Sparks qualified immunity only applies if she (1) knew Morton's scheduled ISP follow-up had to be completed within 24-hours and (2) made an intentional decision not to complete it. *Wakefield v. Thompson* 177 F.3d 1160 (9th Cir. 1999) and *Hamilton v. Endell,* 981 F.2d 1062 (9th Cir. 1992) (the defendant knew of and intentionally disregarded physician orders and knew that the inmate would be injured as a result). The evidence confirms that Sparks did not know the follow-up after ISP release had to be completed within 24 hours and that she did not make an intentional decision not to complete it.

Intentional refusals of prison officials to follow directives from physicians to prescribed treatment do not establish Sparks' conduct violated a clearly established right. *Wakefield,* 177 F.3d at 1165 (official failed to dispense psychotropic medication to inmate upon release from prison instructed by doctor); *Hamilton,* 981 F.2d at 1062 (officials instructed by physician inmate could not fly flew him for transfer); *Taylor v. Barkes*, 575 U.S. 822, 826 (2015) (granting qualified immunity to officials who failed to properly implement adequate suicide prevention protocols, finding: "[n]o decision of this Court establishes a right to the proper implementation of adequate suicide prevention protocols…[or]… discusses suicide screening or prevention protocols.")

The evidence confirms that Sparks did not know the follow-up after ISP release had to be completed within 24 hours and that she did not make an intentional decision not to complete it. Thus, there was no deliberate indifference by Sparks to Morton's serious medical needs, and her conduct was not unreasonable, nor in violation of clearly established law.

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Under 42 U.S.C. § 1983, simple negligence does not constitute a violation of federal civil rights. (*Parratt v. Taylor,* 451 U.S. 527 (1981).) Sparks was not deliberately indifferent to Morton's risk of suicide because she did not make an intentional decision with respect to Morton's conditions of confinement. *Gordon*, 888 F.3d at 1125; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("[a]n inadvertent failure to provide adequate medical care does not, by itself, state a deliberate indifference claim for § 1983 purposes."). Accordingly, "Plaintiff cannot prove that [Sparks] knew of and disregarded [Morton's] health [or safety] risks." *Lemoon,* 575 F. Supp. 3d at 1223; *Cavanaugh,* 2020 WL 6703592 at *14 ("If none of the [] Defendants had an individual encounter with [decedent inmate], there is no reason to suspect they could possibly be aware of his suicide risk."). Deliberate indifference cannot be established under these facts. *Lemoon* at 1223; *Est. of Barrick*, 2021 WL 5331456, at *5 (no deliberate indifference by on-site supervising clinician with respect to detainee's in-custody suicide where clinician did not provide mental health treatment to detainee and did not interfere with treatment).

## B.    Claim 2: Plaintiff's Fourteenth Amendment *Monell* Claim – Municipal Liability under § 1983 Against County

Plaintiff alleges a Fourteenth Amendment *Monell* claim against County, contending that County's suicide prevention policies and training were deficient. Plaintiff must prove (1) there was a violation of Morton's constitutional rights, (2) County had a longstanding unlawful policy or custom, and (3) the alleged policy or custom was a moving force behind the constitutional violation. *Oviatt By & Through Waugh v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992). "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. Of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff's *Monell* Claim lacks causation and underlying constitutional violation that was "moving" force. No constitutional right was infringed by a County employee. *Monzon v. City of Murrieta,* 978 F.3d 1150, 1164 (9th Cir. 2020). A failure to train requires evidence

*23475*

16

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

of a constitutional injury that could have been avoided through proper training. *Lee v. City of L.A.,* 250 F.3d 668, 681 (9th Cir. 2001). There is no evidence to support finding that Sparks violated Morton's rights under the Fourteenth Amendment. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability."). Furthermore, Plaintiff must prove County's actual or constructive notice of alleged deficiencies and failure to correct them. *Castro*, 833 F.3d at 1075-76. Plaintiff must show County's alleged failure rose to a "deliberate indifference to the rights of persons with whom the [medical staff] come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). The identified deficiency in County's training program must be closely related to the ultimate injury. Plaintiff must prove that the deficiency in training actually caused defendant Sparks' indifference to Morton's medical needs. *Id.* at 391. Plaintiff must also demonstrate there is a pattern of similar constitutional violations by untrained employees, or policy of inaction functional equivalent of decision by County to violate the Constitution. *Canton,* 489 U.S at 395; *Connick,* 563 U.S. 51 at 71-72.

Plaintiff cannot prove theory for causation between the alleged policy and training deficiencies and any constitutional violation, which is a required element of this claim. *Connick,* 563 U.S. 51 at 60. Plaintiff has no support for the claim that the County's policies and training were constitutionally inadequate. Plaintiff lacks evidence that County was on actual or constructive notice of these alleged deficiencies and failed to correct them. There is also no evidence of County's failure to train its medical staff rose to deliberate indifference.  Furthermore, there is no evidence of a pattern of similar constitutional violations by untrained employees, or policy of inaction functional equivalent of decision by County to violate the Constitution. County is thus not subject to municipal liability based on failure to train its medical staff.

There cannot be County liability based on Sparks' alleged conduct. The Court's Order on County's Motion for Summary Judgment ("MSJ") confirms this point, finding that there is no causation between anything Sparks did and/or did not do and Plaintiff's

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*23475*

17

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

alleged policy or training deficiency. ECF No. 250. Plaintiff contends that Sparks did not complete a "wellness check" (which is different from a suicide risk assessment) for Morton. County clinicians and Liberty providers are licensed professionals with prior education and training. They are qualified to use clinical judgment in assessing suicide risk. Any policy deficiencies with respect to weighing risk and protective factors during a suicide risk assessment could not have been a moving force behind an alleged constitutional violation by Sparks. There was also no constitutional violation by Alto. Alto was not deliberately indifferent because she used clinical judgment and reasonably assessed Morton as "low risk" for suicide. Alto was granted qualified immunity from individual liability, and a jury will not find that she committed any constitutional violation. Accordingly, Plaintiff's claim will fail at trial and/or be excluded via motions in limine.

1. **State Law Claims (Failure to Summon Medical Care, Medical Malpractice, and Wrongful Death)**

County Defendants' MSJ was granted as to the failure to summon claims, finding it failed as a matter of law. Summary judgment was also granted on statutory immunity grounds as to the claims for professional negligence and wrongful death. Accordingly, all state law claims against the County Defendants have been dismissed.

## IV.  ABANDONED ISSUES

County Defendants' Motion for Summary Judgment: On December 16, 2024, the Court granted majority of County Defendants' Motion for Summary Judgment, dismissing all claims against Alto, several of Plaintiff's *Monell* liability theories against County, and all state law claims against County Defendants as well as explicitly rejecting Plaintiff's "collective inaction" theory. ECF No. 250. The Court granted County Defendants' MSJ in part. ECF No. 250. Following County's MSJ, Plaintiff's only theories that survived are an alleged lack of policy and training providing guidance on how to weigh various risk and protective factors when assessing suicide risk. ECF No. 250 at 53:1-59:8.

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*23475*

18

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

County Defendants' *Daubert* Motions: County Defendants moved to exclude expert opinions by Plaintiffs' standard of care and policy expert Dr. Metzner. Dkt. 220. Judge Anello granted the Motion in part. ECF No. 250 at 15-29. As relevant to Plaintiff's remaining claims against County Defendants, the Court ruled that Dr. Metzner's opinions regarding why Sparks did not complete Morton's ISP follow-up assessment are to be excluded.

Dismissal of Samantha Macanlalay: Plaintiffs voluntarily dismissed County nurse Macanlalay. Dismissal was entered on October 20, 2023. ECF Nos. 161, 162.

## V.   **EXHIBITS**

County Defendants' exhibits are set forth in County Defendants' pretrial disclosures and will be filed pursuant to the Court's Order Resetting Pretrial Deadlines. (ECF No. 143.)

## VI.   **WITNESSES**

County Defendants' witnesses are set forth in County Defendants' pretrial disclosures and will be filed pursuant to the Court's Order Resetting Pretrial Deadlines. (ECF No. 143.)

DATED:  May 28, 2026                    COLLINS + COLLINS LLP

By: _____
CRISTINA I. BUTOIU
MICHAEL L. WRONIAK
RADA FELDMAN
BIANCA M. BONJEAN
Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*23475*

19

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,          )
                             )  ss.
County of Los Angeles.        )

I am employed in the County of Pasadena.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena CA 91101.

On this date, I served the foregoing document described as **DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **May 28, 2026**  at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Michele L. Schee
mschee@ccllp.law

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

23475

20

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**MORTON, et al v. COUNTY OF SAN DIEGO, et al.**
**United States District Court-Southern District Case Number: 3:21-cv-01428-RBM-DDL**
**CCLLP File Number: 23475**

**SERVICE LIST**

Danielle Renee Pena
PHG LAW GROUP
501 West Broadway Suite 1480
San Diego, CA 92014
T: (619) 826-8060 – Fax: (619) 826-8065
dpena@PHGLawgroup.com;
lpierce@PHGLawgroup.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Grace Jun
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
T: (619) 841-1408
grace@gracejunlaw.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Joseph M. McMullen
Law Offices of Joseph M. McMullen
501 West Broadway, Suite 1510
San Diego, CA 92101-6036
T: (619) 501-2000
joe@jmm-legal.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Corey E. Krueger
Alexandra Sennet
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, CA 90045
T: (310) 203-4800; Fax: (323) 486-2704
ckrueger@tresslerllp.com
JPatterson@tresslerllp.com
asennet@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS BIJAN RAHMANI, MATTHEW BERLIN, CHRISTOPHER KAGAY and LIBERTY HEALTHCARE OF CALIFORNIA, INC., erroneously sued and served herein as Liberty Healthcare**

**COLLINS + COLLINS** LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

*23475*

**COUNTY DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**