**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Rada Feldman, Esq. (State Bar No. 285931)**
**Bianca M. Bonjean, Esq. (State Bar No. 342297)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: rfeldman@ccllp.law**
**Email: bbonjean@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 3:21-cv-01428-RBM-DDL <br> *Judge Ruth Bermudez Montenegro, Courtroom 5D; Magistrate Judge David D. Leshner, Courtroom 2D* <br><br> **DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE APPLICATION TO STAY PROCEEDINGS BY VACATING THE TRIAL AND PRETRIAL DATES PENDING SUBSTITUTION OF PARTY UNDER FED. R. CIV. P. 25(a); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Complaint Filed: 08/09/2021** <br> **Trial Date:        08/17/2026** |

///

*23475*

1

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants COUNTY OF SAN DIEGO and JANINE SPARKS (collectively "County Defendants") hereby apply ex parte for an order staying the trial proceedings by vacating the current trial date and all related pretrial deadlines in this action pending substitution of a proper party under Federal Rule of Civil Procedure 25(a). The County Defendants do not seek to stay the entire action or to toll the substitution period under Rule 25(a)(1), which should continue to run.

This Application is made pursuant to Federal Rules of Civil Procedure 16 and 25, Civil Local Rules 7.1 and 83.3(g), the Court's inherent authority to control its docket, and such other authority as may be applicable.

Pursuant to Civil Local Rule 83.3(g) subdivision (2)(1) and the Court's Rules, counsel for the County Defendants met and conferred with deceased Plaintiff's counsel regarding the subject of this Application. On June 3, 2026, the parties met and conferred by videoconference concerning the absence of a substituted plaintiff and the County Defendants' intention to seek ex parte relief staying the trial proceedings pending substitution; the parties were unable to resolve the matter. The County Defendants further notified Plaintiff's counsel and counsel for the Liberty Defendants of the substance of this Application and of the County Defendants' intent to file it. Plaintiff's counsel has stated that Plaintiff opposes this Application and requests a briefing schedule. Counsel for the Liberty Defendants has stated that the Liberty Defendants neither oppose nor join this Application. Further details regarding notice and the meet-and-confer efforts are set forth in the concurrently filed Declaration of Cristina I. Butoiu.

///

///

///

///

///

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

This Application is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Cristina I. Butoiu, the Declaration, all pleadings and papers on file in this action, and upon such further argument and evidence as may be presented to the Court.

DATED:  June 5, 2026                    COLLINS + COLLINS LLP

By:  _____

CRISTINA I. BUTOIU
MICHAEL L. WRONIAK
RADA FELDMAN
BIANCA M. BONJEAN
Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax       (714) 823-4101

23475

3

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

## MEMORANDUM POINTS AND AUTHORITIES

### I.   INTRODUCTION

The sole Plaintiff in this action is deceased, and no one is presently authorized to prosecute the case. Plaintiff Marilyn Morton, who appeared individually and as successor in interest to both Joseph Morton and Dean Morton, died on March 23, 2026. (Docket "Dkt." No. 317.) No motion to substitute a successor has been filed, and no proper party has been substituted under Federal Rule of Civil Procedure 25(a). There is therefore no real party in interest under Rule 17, and counsel for the deceased Plaintiff has no authority to prosecute the action on the decedent's behalf until a proper party is substituted.

A case cannot proceed to trial without a plaintiff. Yet trial is set to begin August 17, 2026, with the Proposed Pretrial Order due June 25, 2026, and the Final Pretrial Conference set for July 2, 2026. (Dkt. No. 313.)  The County Defendants are being required to incur fees and costs preparing for trial against a party that does not presently exist, and to attempt to prepare a joint Proposed Pretrial Order with a plaintiff for whom no authorized representative has appeared.

Requiring the case to proceed in this posture, before a proper party is substituted, also risks a verdict or judgment that is unenforceable or subject to being vacated for want of a real party in interest. These harms cannot be remedied through a regularly noticed motion, which could not be heard before the trial and pretrial deadlines arrive.

The County Defendants therefore respectfully request that this Court vacate the August 17, 2026 trial date and the related pretrial deadlines pending substitution of a proper party under Rule 25(a), and set new dates after substitution is resolved. The County Defendants do not seek to stay the action as a whole, and do not seek to toll or extend the substitution period under Rule 25(a)(1); to the contrary, that period should continue to run so that the question of substitution is resolved promptly.  Although deceased Plaintiff's counsel has represented that a motion to substitute will be filed, no such motion is on file, and the question of who may properly be substituted and in what

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

*23475*

4

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

capacity remains unresolved.

## II.    FACTUAL BACKGROUND

Plaintiff Marilyn Morton was the sole remaining plaintiff who appeared individually and as successor in interest to Joseph Morton and Dean Morton and died on March 23, 2026. (Notice of Death of Plaintiff, Dkt. No. 317, p. 2 ¶¶ 1–2.) No substitution of a proper party has been made under Federal Rule of Civil Procedure 25(a). (*See* Ntc. of Death, generally.) On May 28, 2026, more than two months after her death, Plaintiff's counsel filed a Notice of Death. (*Id*.) The Notice identifies three individuals: Linnea Morton, Brian Morton, and Elizabeth Helminiak as the purported successors in interest and states that Plaintiff "will file" a motion under Rule 25(a) to substitute them. (*Id*.) As of the date of this Application, no motion to substitute has been filed, and no successor or proper party has been substituted by order of the Court under Federal Rule of Civil Procedure 25(a).  There is currently no party with legal authority to prosecute this action.

The Notice of Death does not appear to have been served on Linnea Morton, Brian Morton, or Elizabeth Helminiak in the manner provided by Federal Rule of Civil Procedure 4, and no proof of such service appears on the docket. (Butoiu Decl. ¶ 10.) It is therefore unclear whether the ninety-day substitution period under Rule 25(a)(1) has been triggered.

Since Plaintiff's death, filings have continued to be made on behalf of "Plaintiff," including a Memorandum of Contentions of Fact and Law (Dkt. No. 320) and Rule 26(a)(3) Pretrial Disclosures (Dkt. No. 324), notwithstanding that no successor has been substituted and that counsel's authority to act on the decedent's behalf terminated upon her death. These filings underscore why the trial and pretrial dates should be vacated: the case is being prepared for an August 17, 2026 trial with no party authorized to prosecute it.

///

///

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax        (714) 823-4101

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

On June 3, 2026, counsel for the County Defendants met and conferred with Plaintiff's counsel by videoconference regarding the absence of a substituted plaintiff and the County Defendants' intention to seek ex parte relief staying the trial proceedings pending substitution. (Butoiu Decl. ¶¶ 5–6.) During that conference, Plaintiff's counsel represented that a substitution was in process and estimated a motion would be filed within "10-20 days," and the County Defendants notified Plaintiff's counsel and counsel for the Liberty Defendants of the substance of this Application and of their intent to file it. (*Id.*)

On June 5, 2026, counsel for the County Defendants left a voicemail for Plaintiff's counsel; Plaintiff's counsel responded by email that Plaintiff opposes the ex parte and requests a briefing schedule, and further stated that Plaintiff would file a motion for substitution by June 10, 2026. (Butoiu Decl. ¶ 7.) Also on June 5, 2026, counsel for the County Defendants spoke by telephone with counsel for the Liberty Defendants, who stated that the Liberty Defendants would neither oppose nor join this Application. (Butoiu Decl. ¶ 8.)

## III.   THE COURT HAS POWER TO STAY PROCEEDINGS BY VACATING THE TRIAL AND PRETRIAL DATES PENDING SUBSTITUTION

A district court has the inherent power to control its docket, including the power to vacate trial and pretrial dates and to pause proceedings pending the resolution of matters that bear on the case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) The Ninth Circuit has confirmed that a district court's decision to vacate a trial date and pause a

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

case pending the resolution of a related matter falls within this inherent power to control its docket. See *Hill v. Koon*, 24 F.3d 246 (9th Cir. 1994) (unpublished) applying *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

Vacating the trial and pretrial dates is the efficient and orderly course here. No proper party has been substituted under Rule 25(a), and the question of who, if anyone, will be substituted remains unresolved. Proceeding to trial in this posture would be inefficient and potentially wasteful: the absence of a substituted party leaves the identity of the plaintiff, the capacities in which the plaintiff would appear, and the surviving claims uncertain and subject to change once a proper party is substituted.

The Ninth Circuit has recognized that the dead "lack the capacities that litigants must have to allow for a true Article III case or controversy." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950–51 (9th Cir. 2020). Requiring the parties and the Court to try the case before a proper party is substituted therefore risks a verdict or judgment that is unenforceable or subject to being vacated for want of a real party in interest, which is the very waste of judicial and party resources the Court's docket-control authority exists to avoid.

No party or attorney can pursue claims that survive a decedent's death until they have complied with California's statutory requirements for survival actions. Cal. Civ. Proc. Code § 377.30 et seq.; *Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2022 WL 16571165, at *6 (C.D. Cal. Oct. 24, 2022). Furthermore, "[b]efore a statement of death becomes effective, certain procedural rituals must be observed," pursuant to Federal Rule of Civil Procedure 25(a). *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG MRWX, 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013)

Vacating the dates would not prejudice any party. It does not extinguish any claim or shorten any deadline. The County Defendants do not seek to stay the action as a whole or to toll the substitution period under Rule 25(a)(1), which will continue to run. The relief sought simply preserves the status quo until a proper party can be substituted

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax     (714) 823-4101

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

and the case made ready for trial.

Accordingly, the Court should exercise its inherent authority to vacate the trial and related pretrial dates pending substitution of a proper party.

## IV.    THERE IS NO PARTY IN INTEREST UNDER FEDERAL RULE OF PROCEDURE RULE 17

Federal Rule of Civil Procedure 17(a)(1) requires that an action be prosecuted in the name of a real party in interest. *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1234 (S.D. Cal. 2015). A dead person cannot serve that role. The Ninth Circuit has made it clear that "a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC,* 957 F.3d at 955. "A deceased plaintiff lacks Article III standing." *Id.* at 953. (internal quotations and citations omitted). When a sole plaintiff dies, there is no party with the capacity to prosecute the action until a proper party is substituted.

The death of the client also terminates counsel's authority to act. An attorney's authority to represent a client is an agency relationship that ends upon the client's death, and counsel for a deceased party is neither a party nor a legal representative of one. *Id.*; *see also Borges v. Walmart Inc.*, No. 2:25-CV-00690-MCS-MAA, 2025 WL 2946984, at *1 (C.D. Cal. Aug. 15, 2025). "Plaintiff's claims are also susceptible to flaws that cannot be cured by amendment. Plaintiff has passed away. . . .  Consequently, any further submissions by Plaintiff's attorney cannot be deemed properly filed by the Plaintiff." *Flores v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:21-CV-00117-VAP-EX, 2022 WL 18277272, at *9 (C.D. Cal. Nov. 2, 2022).

Rule 25(a) provides the exclusive mechanism for curing this defect. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Until the Court enters an order substituting a proper party, the action cannot proceed to trial on the merits. *Fugnetti v.*

23475

8

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*Bird B. Gone, Inc.*, No. SACV1900847CJCDFMX, 2020 WL 10786534, at \*1 (C.D. Cal. June 12, 2020). Motions on behalf of deceased client brought by counsel are improper and premature. *Houghton v. ABB, Inc.*, No. CV 18-3133-MWF (AGRX), 2019 WL 12762938, at \*2 (C.D. Cal. Jan. 8, 2019). Deadlines for expert disclosures, fact discovery, a settlement conference, and motions hearings may be vacated until a party is properly substituted. *Id.* at 3.

Here, the sole remaining plaintiff died on March 23, 2026. (Dkt. No. 317.) Although Plaintiff's counsel filed a Notice of Death on May 28, 2026, no successor, legal representative, or proper party has been substituted under Rule 25(a) and no motion to substitute has been filed. The Notice of Death filed by Plaintiff's counsel does not cure this defect; it confirms it, stating only that a substitution motion "will" be filed and identifying purported successors whose entitlement to substitute has not been established. Accordingly, there is presently no real party in interest, the action cannot proceed to the August 17, 2026 trial on its merits, and the trial and related pretrial dates should be vacated pending substitution of a proper party.

## V.    THE COUNTY AND SPARKS WILL BE IRREPARABLY PREJUDICED IF THE TRIAL AND RELATED DATES ARE NOT VACATED PENDING SUBSTITUTION

Ex parte relief is warranted where the moving party shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Where a defendant seeks to modify an order where short deadlines are imposed, and the plaintiff disagrees, the defendant may seek immediate ex parte relief. *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 114 (S.D. Cal. 2024). "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*23475*

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

prejudicial. . . . If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Mission Power Eng'g Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met here.

First, the County Defendants will be irreparably prejudiced if this matter proceeds on the current schedule. A noticed motion cannot resolve the issue in time: under Civil Local Rule 7.1(e)(1), a noticed motion requires twenty-eight days' notice and could not be heard before the Proposed Pretrial Order (due June 25, 2026), the Final Pretrial Conference (July 2, 2026), or trial (August 17, 2026). (Dkt. No. 313.) In the interim, the County Defendants are being required to incur fees and costs preparing for trial against a plaintiff that does not presently exist, including by serving their Memorandum of Contentions of Fact and Law (Dkt. No. 318) and their Rule 26(a)(3) pretrial disclosures (Dkt. No. 327), and by litigating pretrial matters (Dkt. No. 323). Moreover, the County Defendants cannot meaningfully prepare the joint Proposed Pretrial Order due June 25, 2026 with a plaintiff for whom no authorized representative has been substituted and cannot finalize trial strategy where the identity of the substituted party, the capacities in which that party will appear, and the surviving claims all remain undetermined.

Second, the underlying request has merit. As set forth above, there is presently no real party in interest, and the action cannot proceed to trial unless and until a proper party is substituted under Rule 25(a). Because the relief sought is meritorious and the threatened harm of being forced to trial without a plaintiff, or to incur the costs of preparing for one is significant, ex parte review is justified. *Mission Power*, 883 F. Supp. at 492.

Third, the County Defendants are without fault. The circumstances requiring this Application arise solely from the death of the sole Plaintiff on March 23, 2026, and the absence of any substitution, not from any lack of diligence by the County Defendants, who have diligently defended this action throughout. Plaintiff's death was not noticed

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

10

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

on the record until May 28, 2026 (Dkt. No. 317), more than two months after it occurred, and no motion to substitute has been filed in the time since. Upon being confronted with these circumstances, the County Defendants promptly raised the issue with Plaintiff's counsel at the June 3, 2026, meet and confer, gave notice of their intent to seek this relief, and filed this Application without delay. (Butoiu Decl. ¶¶ 5–8, 13.)

Accordingly, the County Defendants request this ex parte relief vacating the trial and pretrial dates pending substitution of a proper party.

## VI.    GOOD CAUSE SUPPORTS MODIFYING THE SCHEDULING ORDER TO VACATE THE TRIAL AND PRETRIAL DATES

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause under Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment"; where the moving party has been diligent and the need for modification arises from circumstances outside its control, good cause is satisfied. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Good cause is plainly present. The need to vacate the trial and pretrial dates arises not from any lack of diligence by the County Defendants, who have litigated this matter diligently through dispositive motions, the pretrial-disclosure stage, and trial preparation, but from the death of the sole Plaintiff and the absence of a substituted party, which are circumstances entirely outside the County Defendants' control. The County Defendants therefore respectfully request that the Court modify the operative Scheduling Order (Dkt. No. 313) to vacate the trial and related pretrial dates pending substitution of a proper party, with new dates to be set after substitution is resolved.

///

///

///

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

## VII.  CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court grant this Ex Parte Application and enter an order: (1) vacating the August 17, 2026 trial date and all related pretrial deadlines, including the June 25, 2026 Proposed Pretrial Order and the July 2, 2026 Final Pretrial Conference; (2) providing that this Order does not stay, toll, or extend the substitution period under Federal Rule of Civil Procedure 25(a)(1), which shall continue to run; and (3) setting a status conference to address the status of substitution and the resetting of trial and pretrial dates after a proper party has been substituted.

DATED:  June 5, 2026

COLLINS + COLLINS LLP

By: _____
CRISTINA I. BUTOIU
MICHAEL L. WRONIAK
RADA FELDMAN
BIANCA M. BONJEAN
Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

23475

12

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,              )
                                  )  ss.
County of Los Angeles.            )

   I am employed in the County of Pasadena.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena CA 91101.

   On this date, I served the foregoing document described as **DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE APPLICATION TO STAY PROCEEDINGS BY VACATING THE TRIAL AND PRETRIAL DATES PENDING SUBSTITUTION OF PARTY UNDER FED. R. CIV. P. 25(a); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE THROUGH ECF)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **June 5, 2026** at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Michele L. Schee
mschee@ccllp.law

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

23475

13

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**

**MORTON, et al v. COUNTY OF SAN DIEGO, et al.**
**United States District Court-Southern District Case Number: 3:21-cv-01428-RBM-DDL**
**CCLLP File Number: 23475**

**SERVICE LIST**

Danielle Renee Pena
PHG LAW GROUP
501 West Broadway Suite 1480
San Diego, CA 92014
T: (619) 826-8060 – Fax: (619) 826-8065
dpena@PHGLawgroup.com;
lpierce@PHGLawgroup.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Grace Jun
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
T: (619) 841-1408
grace@gracejunlaw.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Joseph M. McMullen
Law Offices of Joseph M. McMullen
501 West Broadway, Suite 1510
San Diego, CA 92101-6036
T: (619) 501-2000
joe@jmm-legal.com
**ATTORNEYS FOR PLAINTIFFS DEAN MORTON and MARILYN MORTON, Individually, and as Successor in Interest to Joseph Morton**

Corey E. Krueger
Alexandra Sennet
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, CA 90045
T: (310) 203-4800; Fax: (323) 486-2704
ckrueger@tresslerllp.com
JPatterson@tresslerllp.com
asennet@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS BIJAN RAHMANI, MATTHEW BERLIN, CHRISTOPHER KAGAY and LIBERTY HEALTHCARE OF CALIFORNIA, INC., erroneously sued and served herein as Liberty Healthcare**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*23475*

14

**DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' EX PARTE FOR AN ORDER STAYING THE CURRENT TRIAL DATE AND ALL RELATED PRETRIAL DEADLINES**