**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Rada Feldman, Esq. (State Bar No. 285931)**
**Bianca M. Bonjean, Esq. (State Bar No. 342297)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email:  mwroniak@ccllp.law**
**Email:  rfeldman@ccllp.law**
**Email:  bbonjean@ccllp.law**
**Email:  cbutoiu@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 3:21-cv-01428-RBM-DDL <br> *Judge Ruth Bermudez Montenegro, Courtroom 5D; Magistrate Judge David D. Leshner, Courtroom 2D* <br><br> **DEFENDANTS COUNTY OF SAN DIEGO and JANINE SPARKS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO SUBSTITUTE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25** <br><br><br> **Complaint Filed:  08/09/2021** <br> **Trial Date:        08/17/2026** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

///

*23475*

1

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

Defendants COUNTY OF SAN DIEGO and JANINE SPARKS ("County Defendants") hereby submit this opposition to deceased PLAINTIFF's counsel's ex parte application to substitute parties pursuant to Federal Rule of Civil Procedure 25.

## MEMORANDUM POINTS AND AUTHORITIES

### I. INTRODUCTION

The Ex Parte Application to substitute Linnea Morton, Brian Morton, and Elizabeth Helminiak (the "proposed successors") under Federal Rule of Civil Procedure 25 should be denied. Plaintiff Marilyn Morton died on March 23, 2026, yet counsel for the deceased Plaintiff did not file a Notice of Death until May 28, 2026, and did not move to substitute until June 10, 2026, after the County Defendants sought to vacate the trial date for want of a plaintiff. A party may not create urgency through months-long delay and then invoke that urgency to justify ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

The Application also fails on the merits and would not even cure the problem it claims to address. The proposed successors have not shown they are the proper parties: as to Dean Morton, his interest passed to Marilyn at his 2022 death, as this Court already determined (Dkt. No. 281), and now runs through Marilyn's estate, not his intestacy. And as to Marilyn, who died testate, her will is neither produced nor shown to pass these claims to the proposed successors. Finally, by the proposed successors' own account, the proper party for Joseph Morton's claims, which is the core of this case, is a personal representative who has not been appointed and will require a separate, future motion. (Dkt. No. 332-4 ¶¶ 6–7.) Even on their own timeline, substitution cannot be completed before the June 25 Proposed Pretrial Order deadline. (Dkt. 313.) The Application should be denied.

### II. THE PROPOSED SUCCESSORS HAVE NOT ESTABLISHED THEY ARE THE PROPER PARTIES, AND THEIR SUCCESSION THEORY IS CONTRARY TO LAW

A motion under Rule 25(a) may substitute only "the proper party," which is the

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax      (714) 823-4101

23475

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

decedent's personal representative or successor in interest. Fed. R. Civ. P. 25(a)(1). In a California survival action, the successor in interest is the person who succeeds to the cause of action under the law of intestate or testate succession. Cal. Civ. Proc. Code, §§ 377.11, 377.30. The proposed successors have not made that showing for either decedent.

**A. The children cannot substitute as Dean Morton's successors, because Dean's interest passed to Marilyn Morton as this Court already determined.**

Title to a decedent's property "passes on the decedent's death" to the persons entitled to take at that time. Cal. Prob. Code, § 7000. A decedent's heirs are therefore fixed as of the date of death. Dean Morton died in 2022. At that time, his surviving spouse was Marilyn Morton, and under intestate succession the surviving spouse, not the issue, took his interest; the issue take only the portion "not passing to the surviving spouse." Cal. Prob. Code, § 6402; see also Wis. Stat., § 852.01 (entire estate passes to issue only "if there is no surviving spouse"). This Court has already adjudicated the point: it granted Marilyn Morton's motion to substitute as Dean Morton's successor in interest. (Dkt. No. 281.) Dean's cause of action thus passed to Marilyn in 2022 and became an asset of her estate.

The proposed successors nevertheless ask to substitute for Dean as his intestate heirs, reasoning that "because Dean died intestate, and his wife Marilyn Morton is now deceased," they are now Dean's heirs. (Dkt. Nos. 332-6, 332-8, 332-10, ¶ 6.) That reasoning determines Dean's heirs as of 2026 rather than as of his death in 2022, contrary to Probate Code § 7000, and disregards this Court's prior order substituting Marilyn. Dean's cause of action does not pass through Dean's intestacy a second time; it passes, with the rest of Marilyn's estate, under Marilyn's succession. The children's "successor to Dean" declarations therefore proceed on an erroneous theory and do not establish them as the proper parties to Dean's claims.

///

///

*23475*

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**B. The children have not established succession to Marilyn Morton's estate, because Marilyn died testate and the will is neither produced nor shown to pass these claims to them.**

Marilyn Morton died testate. (Dkt. Nos. 332-5, 332-7, 332-9, ¶ 4.) Where a decedent leaves a will, the successor in interest is the beneficiary who succeeds to the cause of action "under the decedent's will." Cal. Civ. Proc. Code, § 377.10(a). The proposed successors rely entirely on their own characterization of the will, specifically that it named them "sole heirs and beneficiaries," but the will is not attached to the Application, its terms are not before the Court, and the declarations do not state whether the will nominates an executor. A pending action is continued "by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code, § 377.31. Where the will names an executor, that personal representative is the proper party, and the successor-in-interest mechanism does not apply. The Application gives the Court no basis to find that Marilyn's will passes these causes of action to the proposed successors, or that no personal representative should be appointed, particularly where Plaintiffs' counsel is concurrently seeking appointment of a personal representative for Joseph Morton's estate. (Dkt. No. 332-4, ¶¶ 6–7.)

**C. The proposed successors are not the proper parties for Joseph Morton's claims, which are the core of this action, and deceased Plaintiffs' counsel concede a personal representative must be appointed.**

The central claims in this action are the survival claims arising from the death of Joseph Morton. The proposed successors are Joseph's siblings, not his heirs or representatives. (Dkt. No. 332-2 [identifying the Morton children]; Dkt. Nos. 332-5–332-10.) Plaintiffs concede that the proper party for Joseph's claims is a personal representative who has not yet been appointed, that they only petitioned for appointment on June 8, 2026, and that they will file a separate, future Rule 25 motion to substitute that representative. (Dkt. No. 332-1 at § III; Dkt. No. 332-4, ¶¶ 6–7.) By Plaintiffs' own account, then, no proper party exists for the principal claims in this case, and none can

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone  (714) 823-4100
Fax      (714) 823-4101

23475

4

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

be substituted by the present motion.

Since the proposed successors have not established that they are the proper parties for any of the three capacities at issue and because the succession theory underlying the motion is contrary to law as to Dean and unsupported as to Marilyn, the Application cannot be granted on the present showing. At a minimum, these questions cannot be resolved on an ex parte basis and require full briefing on a noticed motion.

## III. EX PARTE RELIEF IS UNWARRANTED BECAUSE ANY CRISIS WAS CREATED BY MOVANTS' DELAY AND THE UNDERLYING MOTION LACKS MERIT

Ex parte motions are disfavored and "opportunities for legitimate ex parte applications are extremely limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC,* 2015 WL 4661981, at *1 (D. Nev. 2015) (quoting *In re Intermagnetics America, Inc.,* 101 B.R. 191, 192-93 (C.D. Cal. 1989)). "*Ex parte* relief is rarely justified." *Al Otro Lado, Inc. v. Wolf,* 2020 WL 8617490, at *1 (S.D. Cal. 2020).

A movant proceeding ex parte must "show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). This requires a showing "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* Where the threatened prejudice is not severe, "it must be apparent that the underlying motion has a high likelihood of success on the merits." *Id.* The ex parte satisfies none of these requirements.

First, any crisis is of the deceased plaintiffs' counsels' own making. The sole remaining Plaintiff, Marilyn Morton, died on March 23, 2026, and her counsel has known of the pretrial deadlines and August 17, 2026 trial date throughout. Yet counsel did not file the Notice of Death until May 28, 2026—more than two months later—and

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868-4940
Phone   (714) 823-4100
Fax       (714) 823-4101

*23475*

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

did not move to substitute until June 10, 2026, after the County Defendants had raised the absence of a plaintiff and sought to vacate the trial date. A movant may not manufacture the urgency that justifies ex parte relief by delay, and then invoke that urgency as grounds to bypass noticed-motion procedures. Had expedited substitution genuinely been necessary, counsel could have moved months ago by noticed motion. To the extent any crisis exists, it is of counsel's own making, and it cannot satisfy *Mission Power Eng'g Co.*'s requirement that the movant be without fault. *Id.*

Second, the threatened harm is not irreparable. The relief at stake is the timing of the trial and pretrial date, which is a scheduling matter, not an irreparable injury. Under *Mission Power Eng'g Co.*, the proposed successors therefore must demonstrate a high likelihood of success on the merits of the substitution. *Id.* They cannot. As set forth in Section II, the proposed successors have not established that they are the proper parties for any decedent's claims, and their succession theory is contrary to law as to Dean Morton and unsupported as to Marilyn Morton. A motion that cannot succeed on the present showing cannot justify the extraordinary step of ex parte relief.

Third, the proposed substitution would not even avert the supposed emergency. The proposed successors assert the proper parties "should be substituted prior to the Final Pretrial Conference hearing, set for July 2, 2026." (Dkt. No. 332-1 at § III.) But the Proposed Pretrial Order is due June 25, 2026, which is before the date the proposed successors themselves target for substitution and counsel for the deceased Plaintiffs concede that the proper party for Joseph Morton's claims, a personal representative, has not been appointed and awaits a separate, future motion. (Dkt. No. 313; Dkt. No. 332-4, ¶¶ 6–7.) The proposed successors' own timeline thus confirms that substitution cannot be completed in time to meet the pretrial deadlines, which is precisely why the County Defendants have asked that those dates be vacated. (Dkt. 328.) Granting ex parte substitution now would not cure the problem; it would only resolve part of it, on an emergency basis, while the central claims remain without a party.

///

*23475*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

6

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**

County Defendants cannot prepare for trial when the prosecuting party remains undetermined as the parties' claims remain undetermined. Thus, no party can move forward with pretrial submissions or preparation prior to substitution as a matter of law. *Flores v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:21-CV-00117-VAP-EX, 2022 WL 18277272, at *9 (C.D. Cal. Nov. 2, 2022).

For these reasons, there is no crisis that warrants ex parte relief; to the extent one exists, counsel for the deceased Plaintiffs created it through delay. The proposed successors are not entitled to ex parte relief.

## IV. CONCLUSION

The proposed successors have not shown they are the proper parties to be substituted, and they present no crisis justifying ex parte relief. For these reasons, the County Defendants respectfully request that the Court deny this Ex Parte Application. The unresolved questions of succession, and the proposed successors' own concession that the proper party for Joseph Morton's claims awaits a future motion, further confirm that this case cannot be made ready for the current pretrial deadlines and trial. Accordingly, the trial and pretrial dates should be vacated pending substitution of a proper party, as the County Defendants have separately requested. (Dkt. 328.)

DATED: June 12, 2026        COLLINS + COLLINS LLP

By: _____
CRISTINA I. BUTOIU
MICHAEL L. WRONIAK
RADA FELDMAN
BIANCA M. BONJEAN
Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

23475

7

**OPPOSITION TO PLAINTIFF'S EX PARTE TO SUBSTITUTE PARTIES**