Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
400 Continental Boulevard, Suite 6125
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, BIJAN RAHMANI, MATTHEW BERLIN, CHRISTOPHER KAGAY, and LIBERTY HEALTHCARE OF CALIFORNIA, INC., erroneously sued and served herein as Liberty Healthcare

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01428-RBM-DDL<br><br>*Honorable Ruth Bermudez Montenegro Magistrate Judge: David D. Leshner Courtroom 2D*<br><br>**OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURE (Dkt. 324) BY DEFENDANTS LIBERTY HEALTHCARE OF CALIFORNIA, INC., BIJAN RAHMANI, MATTHEW BERLIN, AND CHRISTOPHER KAGAY**<br><br>Complaint Filed:   August 9, 2021<br>Trial Date:           August 17, 2026 |

## INTRODUCTORY STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(3)(B), defendants Liberty Healthcare of California, Inc., Bijan Rahmani, Matthew Berlin, and Christopher Kagay (the

"Liberty Defendants") object to the witnesses, deposition testimony, and exhibits identified in Plaintiffs' Pretrial Disclosures (Dkt. 324) as set forth below. These objections are without waiver of, and in addition to, any motion in limine, *Daubert* motion, or objection at trial.

## I.        WITNESSES TO BE CALLED AT TRIAL BY PLAINTIFFS

***Linnea Morton.***   Objection to testimony exceeding the witness' personal knowledge of damages, including lay opinion on liability, medical causation, or jail operations (FRE 602, 701), and as cumulative of other family damages witnesses (FRE 403).

***Janine Sparks.***  No objection at this time, subject to the Reservation of Rights below.

***Bijan Rahmani.***  No objection.

***Hosanna Alto.***  No objection at this time, subject to the Reservation of Rights below.

***Matthew Berlin.***  No objection.

***Christopher Kagay.***  No objection.

***Samantha Macanlalay.***  No objection to the witness. Object to hearsay as to her documentation of "risk factors" offered for its truth (FRE 802); foundation reserved.

***Daniel Iverson.***   Objection. Not identified in Plaintiffs' Rule 26(a)(1) disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay regarding Mr. Morton's arrest-time statements (FRE 802) and to relevance/prejudice as to County intake matters not attributable to the Liberty clinicians (FRE 401–403).

***Lois Guillory.***  Object to hearsay as to what Deputy Myers reportedly told her and what she reportedly relayed to Dr. Berlin (FRE 802, 805).  Object to testimony exceeding the witness' personal knowledge (FRE 602). Will be the subject of a Motion in Limine.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

***Marc Myers.*** Object to hearsay as to what Morton reportedly told him and what he reportedly relayed to Guillory and/or Dr. Berlin (FRE 802, 805). Object to testimony exceeding the witness' personal knowledge (FRE 602). Will be the subject of a Motion in Limine.

***Melissa Quiroz.*** No objection to the witness. Object to policy, training, and *Monell* testimony as irrelevant to the individual Liberty clinicians and unfairly prejudicial by spillover (FRE 401–403). Hearsay and foundation objections reserved.

***Jon Montgomery, M.D..*** No objection to the witness. Hearsay and foundation objections reserved.

***Francis Ysla, M.D.*** No objection to the witness. The Liberty Defendants reserve the right to hold the witness to the scope of his Rule 30(b)(6) designation and object to (a) testimony elicited to establish *County* policy, practice, or custom, as beyond his designation and foundation (FRE 602, 701); (b) any undisclosed expert or standard-of-care opinion (FRE 702; Fed. R. Civ. P. 26(a)(2)); and (c) use of his testimony regarding Liberty's training or supervision as evidence against the individual Liberty clinicians (Rahmani, Berlin, Kagay), for which a limiting instruction will be requested.

***Jeffrey Metzner, M.D.*** No objection to the designation. *Daubert* and FRE 702–703 objections reserved as to scope. Will be the subject of a Motion in Limine.

***Kaycea Campbell, Ph.D.*** No objection to the designation. *Daubert* and FRE 702–703 objections reserved as to scope. Will be the subject of a Motion in Limine.

***Robert Canning, Ph.D.*** Objection. Never identified in any Rule 26(a)(1) disclosure and never designated as an expert under Rule 26(a)(2); exclude under Fed. R. Civ. P. 37(c)(1). Offered to give undisclosed expert opinion (FRE 702); irrelevant to the individual clinicians and offered solely as to the County (FRE 401–403); unfairly prejudicial (FRE 403). Motion in limine to follow.

***William D. Gore.*** Objection. Never identified on any party's witness disclosure; exclude under Fed. R. Civ. P. 37(c)(1). Offered to sponsor system-failure

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

materials directed at the County; irrelevant and unfairly prejudicial to the individual clinicians (FRE 401–403); hearsay sponsor (FRE 802).

***Abraham Ibarra.*** Objection. Never identified in Plaintiffs' disclosures and never deposed; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further on hearsay (FRE 802), lack of personal knowledge/competence (FRE 602), and relevance/prejudice (FRE 401–403).

***Custodian / State Auditor of California.*** Objection. Never identified in any disclosure; exclude under Fed. R. Civ. P. 37(c)(1). The witness exists only to authenticate the State Auditor's report, which is irrelevant to the individual clinicians, hearsay, and unfairly prejudicial (FRE 401–403, 802).

***Custodian / San Diego County Grand Jury.*** Objection. Never identified in any disclosure; exclude under Fed. R. Civ. P. 37(c)(1). Offered only to authenticate the 2017 Grand Jury report — irrelevant, hearsay, and unfairly prejudicial (FRE 401–403, 802).

***Custodian / NCCHC.*** Objection. Never identified in any disclosure; exclude under Fed. R. Civ. P. 37(c)(1). Offered only to authenticate the NCCHC report — irrelevant, hearsay, and unfairly prejudicial (FRE 401–403, 802).

***Custodian / San Diego County Medical Examiner.*** Objection. Never identified in any disclosure; exclude under Fed. R. Civ. P. 37(c)(1). Offered only to authenticate other inmates' autopsies (Exs. 101–117), which are inadmissible under FRE 401–404 and 403.

## II.   WITNESSES THAT MAY BE CALLED AT TRIAL BY PLAINTIFFS

***Brian Morton.*** Objection as cumulative family damages testimony (FRE 403) and to scope beyond personal damages (FRE 602, 701).

***Elizabeth Helminiak.*** Objection as cumulative (FRE 403) and to scope beyond personal damages (FRE 602, 701).

***Linnea Pitts.*** Objection. Never disclosed and never deposed; exclude under Fed. R. Civ. P. 37(c)(1). Independently cumulative and of marginal relevance, as an

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

aunt is not a statutory wrongful-death heir (FRE 403).

***Liz Puntillo.*** Objection. Never disclosed and never deposed; exclude under Fed. R. Civ. P. 37(c)(1). Independently cumulative and of marginal relevance (FRE 403).

***Elaine Luong.*** No objection to the witness. Object that a non-marital partner is not a statutory wrongful-death heir and her "damages" testimony is largely irrelevant and prejudicial (FRE 401–403); hearsay objections reserved as to her relaying decedent's statements (FRE 802).

***Maya/Myra Rada.*** Foundation/hearsay reserved.

***James Paul.*** Objection. Not on Plaintiffs' disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object on relevance/prejudice and hearsay as to the pre-booking 5150 (FRE 401–403, 802).

***Deputy J. Bennetts, Jr.*** Objection. Not on Plaintiffs' disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Relevance and hearsay objections reserved.

***Nurse Lindsay Jameson.*** Foundation/hearsay reserved.

***Deputy Talamantez.*** Objection. Not on Plaintiffs' disclosures; generic narrative only; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Relevance/foundation objections reserved; specificity demanded.

***Deputy Odenwalder.*** Objection. Not on Plaintiffs' disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Relevance/foundation objections reserved; specificity demanded.

***PERT Clinician Kapchinsky.*** Objection reserved under Fed. R. Civ. P. 37(c)(1). Object on relevance/prejudice as to the pre-booking 5150 (FRE 401–403).

***Nurse Andrea Medina.*** Foundation/hearsay reserved.

***Deputy Hightower.*** Objection. Not on Plaintiffs' disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Relevance/foundation objections reserved; specificity demanded.

***Captain Billy Duke.*** No objection to the witness; hearsay and foundation

reserved.

***Michael Raguine.*** No objection to the witness; relevance, hearsay, and foundation reserved as to arrest-time statements and County intake matters not attributable to the Liberty clinicians (FRE 401–403, 602, 802).

***Nas Rafi.*** No objection.

***Derek Williamson.*** No objection to the witness. The Liberty Defendants reserve (a) relevance/prejudice objections to County policy, custom, training, or Monell testimony (FRE 401–403); (b) hearsay, foundation, and scope (FRE 602, 802); and (c) all objections to any blame-shifting opinion testimony from or about the Liberty clinicians.

***Luis Gomez.*** No objection to the witness. Foundation reserved.

***Matthew McArdle.*** No objection to the witness. Foundation reserved.

***"Any witness that must be called for foundation or authentication."*** Objection. Improper, vague catch-all that fails Rule 26(a)(3)(A)(i); any such witness not specifically and timely disclosed should be excluded (Fed. R. Civ. P. 37(c)(1)).

***"Any witness disclosed by any other party."*** Objection. Vague and non-compliant with Rule 26(a)(3)(A)(i) to the extent used to evade specific disclosure; reserved.

***"Any treating medical provider of Joseph Morton."*** Objection. Vague; any provider not specifically disclosed should be excluded (Fed. R. Civ. P. 37(c)(1)); object to undisclosed opinion testimony (FRE 702).

### III. <u>WITNESS TESTIMONY EXPECTED TO BE PRESENTED BY DEPOSITION</u>

**Marilyn Morton — deposition transcript designated "in its entirety."** Objection. Designation of an entire transcript is improper; testimony must be designated by page and line, and only admissible portions may be played (Fed. R. Civ. P. 32; FRE 106). The transcript contains irrelevant, speculative, foundation-less, and hearsay material, including the decedent's out-of-court statements (FRE 401–

403, 802); wholesale publication is unfairly prejudicial and cumulative (FRE 403). The witness's unavailability permits use of admissible portions but does not render the entire transcript admissible. The Liberty Defendants reserve all counter-designations and line objections.

## IV.    EXHIBITS PLAINTIFFS EXPECT TO OFFER AT TRIAL

Threshold note: Plaintiffs' list contains no Bates numbers or dates, frustrating Rule 26(a)(3)(A)(iii) review; the Liberty Defendants demand Bates correlation and reserve a Fed. R. Civ. P. 37(c)(1) objection to any exhibit never produced in discovery. Each exhibit is addressed individually below.

**Ex. 1** — San Diego County Sheriff's Department Arrest/Juvenile Contact Report from May 12, 2020, Incident.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 2** — San Diego County Sheriff's Department Officer Report of Daniel Iverson.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 3** — Follow-Up Investigation Report from In Custody Death of Joseph Moton by Det. 26 B. Simpson.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 4** — Medical Clearance Performed by Samantha Macanlalay on May 11,

2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 5** — Receiving Screening Performed by Samantha Macanlalay on May 11, 2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 6** — Incident Reports for Joseph Morton from May 11-14, 2020. Objection. Hearsay (FRE 802); lack of foundation and authentication (FRE 901); unfair prejudice (FRE 403).

**Ex. 7** — ISP Assessment/Follow-Up Completed by Bijan Rahmani on May 11, 2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 8** — Policy MSD.S.10 – Suicide Prevention & Patient Safety Program. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 9** — ISP Assessment/Follow-Up Completed by Hosanna Alto on May 12, 2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 10** — Progress Notes for Joseph Morton.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 11** — San Diego Sheriff's Department Follow- Up Investigative Report by Det. B. 18 Simpson.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 12** — ISP Assessment/Follow-Up for MHC's Performed by Matthew Berlin.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 13** — Policy J.5 – Inmate Suicide Prevention Practices & Inmate Safety

Program.   Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 14** — Policy MSD.M.13 – Medical Observation Beds.   Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 15** — Sick Call Scheduling for Joseph Morton.   No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 16** — Cancellation of Joseph Morton's Sick Call.   No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 17** — Visit Indicator for Janine Sparks for May 13-15, 2020.  No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 18** — Training Transcript for Hosanna H. Alto.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or

10

training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

Ex. 19 — Learner Transcript for Hosanna H. Alto.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

Ex. 20 — Incident Report from 5/11/2020.  Objection. Hearsay (FRE 802); lack of foundation and authentication (FRE 901); unfair prejudice (FRE 403).

Ex. 21 — Incident Report from 5/12/2020.  Objection. Hearsay (FRE 802); lack of foundation and authentication (FRE 901); unfair prejudice (FRE 403).

Ex. 22 — Email from Jake Villeneuve to Francis Ysla Forwarding Mathew Berlin's Email Regarding Joseph Morton Suicide.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

Ex. 23 — Emails with Christopher Francis Ysla and Christopher Kagay regarding Morton Suicide. Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

Ex. 24 — Email from Jake Villenueve to Matthew Berlin Asking Dr. Berlin to Add to Incident Report.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these

post-incident communications and request a limiting instruction.

**Ex. 25** — Progress Notes from 5/11/2020 through 5/18/2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 26** — Emails Between Christopher Kagay and Francis Ysla re Recent In Custody Death.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

**Ex. 27** — Sick Calls for Joseph Morton.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 28** — Call from Joseph Morton to Elaine Loung from 5/12/2020. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 29** — Call from Joseph Morton to Elaine Loung from 5/16/2020. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted

by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 30 — Call from Joseph Morton to Elaine Loung from 5/17/2020. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 31 — Suicide Note to Lainey Luong.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); unfair prejudice (FRE 403).

Ex. 32 — Call from Joseph Morton to Elaine Loung.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 33 — Call from Joseph Morton to Elaine Loung.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 34 — Call from Joseph Morton to Elaine Loung.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 35 — Call from Joseph Morton to Elaine Loung.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 36 — Call from Joseph Morton to Elaine Loung.  Objection. Hearsay (FRE

802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 37** — Call from Joseph Morton to Elaine Loung. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 38** — Suicide Note to Morton Family. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); unfair prejudice (FRE 403).

**Ex. 39** — Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 40** — Transcript of Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 41** — Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 42** — Transcript of Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 43** — Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 44** — Transcript of Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 45** — Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 46** — Transcript of Call from Joseph Morton to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 47** — Call from Det. Nicholas Sisto to Marilyn Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 48** — SOAP Notes for Joseph Morton. No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement

within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

Ex. 49 — Internal County Email from Katrina San Nicolas to Melisssa Quiroz Regarding the In-Custody death of Joseph Morton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403). Motion in limine to follow.

Ex. 50 — San Diego Sheriff's Department Incident Report of J. Bennett. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

Ex. 51 — May 26, 2020, Email from Kristin Sanchez to Geoff Twitchell Regarding Providers Not Completing Mental Health Issues Training.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

Ex. 52 — Email to Ramsey Khouri and Rachel Tait from Kevin Rice Regarding Suicide Risk and Watch.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

Ex. 53 — May 11, 2020, Video Surveillance - 4 Vehicle Entrance.  Objection.

16

Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 54** — May 11, 2020, Video Surveillance - 6 Vehicle Exit. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 55** — May 11, 2020, Video Surveillance – Vehicle Sally Entrance. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 56** — May 11, 2020, Video Surveillance – Vehicle Sallyport. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 57** — May 11, 2020, Video Surveillance – Vehicle Sallyport. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 58** — May 11, 2020, Video Surveillance – Vehicle Sallyport. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 59** — May 11, 2020, Video Surveillance – Vehicle Sallyport. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 60** — May 11, 2020, Video Surveillance – Vehicle Sallyport.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 61** — May 11, 2020, Video Surveillance – RM Sallyport.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 62** — May 11, 2020, Video Surveillance – RM Corridor.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 63** — May 11, 2020, Video Surveillance – Vehicle Entrance.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 64** — May 11, 2020, Video Surveillance – Vehicle Entrance.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 65** — May 11, 2020, Video Surveillance – Sobriety.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 66** — May 11, 2020, Video Surveillance – Sobriety.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 67** — May 11, 2020, Video Surveillance – Outside Male Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 68** — May 11, 2020, Video Surveillance - 10 Outside Male Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 69** — May 11, 2020, Video Surveillance - 12 Outside Male Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 70** — May 11, 2020, Video Surveillance – Male Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 71** — May 11, 2020, Video Surveillance – Male Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 72** — May 11, 2020, Video Surveillance – Pre- 18 Intake. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to

19

angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 73** — May 11, 2020, Video Surveillance – Pre- 20 Intake.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 74** — May 11, 2020, Video Surveillance – Make Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 75** — May 11, 2020, Video Surveillance – Make Intake Sally Port. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 76** — May 11, 2020, Video Surveillance – Male Intake Hallway. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 77** — May 11, 2020, Video Surveillance – Male Intake Hallway. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 78** — May 11, 2020, Video Surveillance – Male Booking.  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to

angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 79** — May 11, 2020, Video Surveillance – Male Booking. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 80** — May 11, 2020, Video Surveillance – Male Booking-Xray. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 81** — May 11, 2020, Video Surveillance – Main Door Hall. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 82** — May 11, 2020, Video Surveillance – (12) (18:41:00 to 23:59:59). Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 83** — May 11, 2020, Video Surveillance – (11) (18:41:00 to 23:59:59). Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 84** — May 12, 2020, Video Surveillance – (12) MedWard (00:00:00 – 06:00:18). Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

21

**Ex. 85** — May 12, 2020, Video Surveillance – (11) MedWard (00:00:00 – 06:00:18).   Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 86** — May 17, 2020, Video Surveillance – (3) LW Mod5 Dayroom (06:53:04 – 08:31:33).  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 87** — May 17, 2020, Video Surveillance – (3) LW Mod5 Dayroom (21:40:00 - 26 22:55:30).  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 88** — Gatekeeper Discharge Completed by Bijan Rahmani on May 11, 2020. 5.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 89** — Gatekeeper Discharge Completed by Lynetta Devereaux on May 11, 2020. 7.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 90** — RN ISP – Placement/Wellness Check Completed by Paul Mata on May 11, 9 2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 91** — General Informed Consent Completed by Samantha Macanlalay on May 11, 2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 92** — EMAR, Electronic Administration Record for Joseph Morton.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 93** — Scheduled Appointments for Joseph Morton From 5/13/2020 to 5/20/2020.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its

truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 94** — Photos of Lower West Module 5.  Objection. Relevance (FRE 401–402); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403).

**Ex. 95** — Photos of Lower West Module 5 Cell 14 and its Contents.  Objection. Relevance (FRE 401–402); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403).

**Ex. 96** — Policy J.4 – Enhanced Observation Housing (EOH): Definition and Use.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 97** — Policy J.5 – Inmate Suicide Prevention Practices & Inmate Safety Program.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 98** — Policy M.4 – Suicide Prevention and Focused Response Team.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 99** — Policy MSD.A.10 – Suicide Prevention & Patient Safety Program.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 100** — Audio Recording of Det. Sisto's Call Notifying Marilyn Morton of Joseph Morton's Death.  Objection. Hearsay (FRE 802), subject only to the limited

24

state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 101** — Medical Examiner's report and autopsy of the suicide death of Jon Nelson.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 102** — Medical Examiner's report and autopsy of the suicide death of Kristopher NeSmith.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 103** — Medical Examiner's report and autopsy of the suicide death of Jason Stey.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 104** — Medical Examiner's report and autopsy of the suicide death of Sergio Valenzuela.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 105** — Medical Examiner's report and autopsy of the suicide death of Jason

25

Nishimoto.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 106** — Medical Examiner's report and autopsy of the suicide death of Martin Dozal.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 107** — Medical Examiner's report and autopsy of the suicide death of Nicholas Medel.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 108** — Medical Examiner's report and autopsy of the suicide death of Christopher Cook.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 109** — Medical Examiner's report and autopsy of the suicide death of Richard Boulanger.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 110** — Medical Examiner's report and autopsy of the suicide death of Pedro Arellano.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 111** — Medical Examiner's report and autopsy of the suicide death of Heron Moriarty.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 112** — Medical Examiner's report and autopsy of the suicide death of Nicholas Helton.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 113** — Medical Examiner's report and autopsy of the suicide death of Sergio Almejo.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 114** — Medical Examiner's report and autopsy of the suicide death of Chadwick Moore.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within

hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 115** — Medical Examiner's report and autopsy of the suicide death of Michael Sullivan.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 116** — Medical Examiner's report and autopsy of the suicide death of Frederick Jefferson.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 117** — Medical Examiner's report and autopsy of the suicide death of Donald Ralph.  Objection. Irrelevant (FRE 401–402); inadmissible other-acts evidence concerning unrelated inmate deaths (FRE 404); hearsay and hearsay within hearsay (FRE 802, 805); and substantial unfair prejudice, confusion, and undue delay (FRE 403). Relevant, if at all, only to the County's *Monell* exposure. Subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced in discovery.

**Ex. 118** — Amended Grand Jury Report, Examining the Issue of Suicide in San Diego Jails, filed May 4, 2017.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 119** — San Diego County Sheriff's Office Response to 2017 Amended

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

Grand Jury Report.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 120** — NCCHC Technical Assistance Report.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 121** — Lindsay Hayes, Report on Suicide Prevention Practices within the San Diego County Jail System, June 22, 2018.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 122** — Disability Rights California, Suicides in Sn Diego County Jail: A System Failing People with Mental Illness, April 2018.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 123** — San Diego County Sheriff's Department's response to the Disability Rights California Report.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 124** — California State Auditor Report and San Diego County Sheriff's Office Response.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); irrelevant to the individual clinicians (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); inadmissible other-acts/system evidence (FRE 404); and improper, undisclosed expert opinion within the report (FRE 702; Fed. R. Civ. P. 26(a)(2)).

**Ex. 125** — May 19, 2020, County Internal Email from Janine Sparks to Melissa Quiroz Regarding Last Week's Scheduling.  No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 126** — May 19, 2020, Janine's List from Sick Call Viewer QMHP.  No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 127** — QMHP ISP f/u Appt Entered by Samantha Macanlalay on May 11, 2020..  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 128** — May 11, 2020, AXON Body X81023729 Initial Arrest of Joseph Morton (20:59:20 – 20:59:33).  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 129** — May 11, 2020, AXON Body X81023729 Initial Arrest of Joseph Morton (20:59:20 – 21:01:03).  Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the

charged conduct (FRE 401–402).

**Ex. 130** — May 11, 2020, AXON Body X81023729 Initial Arrest of Joseph Morton (21:52:58 – 22:06:36).   Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 131** — May 11, 2020, AXON Body X81023729 Initial Arrest of Joseph Morton (22:06:39 – 22:20:35).   Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 132** — May 11, 2020, AXON Body X81023729 Initial Arrest of Joseph Morton (22:46:22 – 22:48:13).   Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 133** — Four Jail Calls Between Marilyn Morton and Joseph Morton. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 134** — SDSD Detentions: Vista Detention Green Sheet Procedure J.4.V – Enhanced Observation Housing (EOH); Definition and Use.   Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 135** — SDSD Detentions: Vista Detention Green Sheet Procedure L.1.V –

31

Laundry Schedule.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 136** — Internal emails from Liberty Health Staff regarding the in custody death of Joseph Morton.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

**Ex. 137** — Janine Sparks VDF DOPS Visit Indicator for Dates 5/13/2020 – 5/16/2020.  No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 138** — Morton Family Photos, Letters, and Cards.  Objection. Unfair prejudice through cumulative emotional appeal (FRE 403); hearsay as to any letters or cards offered for their truth (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced.

**Ex. 139** — Deposition Transcript and Exhibits of Marilyn Morton.  Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

## V.    EXHIBITS PLAINTIFFS MAY OFFER AT TRIAL

**Ex. 140** — Email from Thomas Seiver Regarding Morton Suicide.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation and authentication (FRE 901); relevance (FRE 401–402); unfair prejudice (FRE 403).

**Ex. 141** — County of San Diego Inter-Department Correspondence Regarding 7-Day Quarantine Proposal.  Objection. Irrelevant to the individualized claims against

32

the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 142** — County Internal Emails Regarding Preparation for the Death Reviews with Documents Pertaining to Joseph Morton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 143** — Letter from San Diego County Sheriff's Department to Vista Fire Department Requesting Records and Reports from Incident.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 144** — Jeffrey L. Metzner, M.D., P.C.'s Expert Reports and File. Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 145** — Kaycea Campbell PH.D.; Expert Report and File.  Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 146** — Defendant County of San Diego's Supplemental Response to Plaintiff Marilyn Morton's Interrogatory No. 21 (Set Three).  Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 147** — County Internal Email Regarding ICD Morton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 148** — County Internal Email Regarding Joseph Morton and Family Requesting Records.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 149** — Emails Between Jeffrey McDonald and Linnea Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 150** — Claim Form Against the County of San Diego.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 151** — February 26, 2021, Letter from Christopher S. Morris to Christopher Miedico Requesting Joseph Morton's Jail Medical Records With Declarations. Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 152** — Follow-Up Investigation Report from In Custody Death of Joseph Moton by Sgt. 21 A. Brown.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE

403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 153** — County Internal Email Regarding Joseph Morton and Family Requesting Records.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 154** — Hosanna H. Alto's Resume.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 155** — Matthew Berlin, Psy.D Resume.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 156** — Plaintiffs' Expert Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).  Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 157** — Plaintiff Marilyn Morton's Seventh Notice of Taking Deposition of the County of San Diego's 30(b)(6) Witness(es) on Topic.  Objection. Irrelevant; a deposition notice is not evidence (FRE 401–402); unfair prejudice/confusion (FRE 403).

**Ex. 158** — Email from Daniel Dennis re Pre-CIRB Meeting.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 159** — Pre-CIRB Meeting Attendee List.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 160** — San Diego Sheriff's Department Homicide Unit – Team – In Custody Death, Case Number 20121404, Sunday, May 17, 2020, Vista Detention Facility (VDF) Presentation.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 161** — Emails Regarding Preliminary Death Review.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 162** — Morbidity Review – Joseph Morton 20921478.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 163** — Suicide Prevention and Focused Response Team (SPFRT) Meeting Minutes.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403).

**Ex. 164** — Plaintiff Marily Morton's Sixth Amended Notice of Taking

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

Deposition of the County of San Diego's 30(b)(6) Witness(es).  Objection. Irrelevant; a deposition notice is not evidence (FRE 401–402); unfair prejudice/confusion (FRE 403).

Ex. 165 — Christopher Kagay, RN, MSH, PMHNP- 8 BC Resume.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

Ex. 166 — Statement of Elaine Loung.  Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

Ex. 167 — CATCH Computer and Technology Crimes High Tech Task Force Device Examination Report for Initial Report.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

Ex. 168 — Bijan Rahmani's Resume.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

Ex. 169 — What is EOH? – Treatment Plan.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

37

**Ex. 170** — San Diego County Sheriff's Department Officer Report of Alexander Martinez. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 171** — San Diego County Sheriff's Department Officer Report of James Paul. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 172** — May 7, 2020, Departmental Report for San Diego Police Department Incident: 22 20605443. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 173** — San Diego Sheriff's Department Inmate Detail Report for Joseph Morton. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 174** — County of San Diego, Dept. of Purchasing and Contracting, Contract No. 555357, Amendment No. 5. No objection to authenticity or foundation (produced at SD 00044–00082 as part of the County–Liberty contract, "Comprehensive Onsite Detention Psychiatric Health Services"). No relevance

38

objection. The Liberty Defendants reserve only the rule of completeness (FRE 106): the amendment is incomplete and potentially misleading if offered without the base Contract No. 555357 and the remaining amendments, and the Liberty Defendants will offer/require the complete contract.

**Ex. 175** — Contract No. 555357, Amendment No. 4. No objection to authenticity or foundation. No relevance objection. Reserved only as to completeness (FRE 106) — to be offered with the base Contract No. 555357 and the full set of amendments.

**Ex. 176** — Contract No. 555357, Amendment No. 3. No objection to authenticity or foundation. No relevance objection. Reserved only as to completeness (FRE 106) — to be offered with the base Contract No. 555357 and the full set of amendments.

**Ex. 177** — Contract No. 555357, Amendment No. 2. No objection to authenticity or foundation. No relevance objection. Reserved only as to completeness (FRE 106) — to be offered with the base Contract No. 555357 and the full set of amendments.

**Ex. 178** — Contract No. 555357, Amendment No. 1. No objection to authenticity or foundation. No relevance objection. Reserved only as to completeness (FRE 106) — to be offered with the base Contract No. 555357 and the full set of amendments.

**Ex. 179** — San Diego County Sheriff's Department Regional Crime Laboratory – Laboratory Service Report (Autopsy) SDSD Case #20121404 – Event 4. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 180** — San Diego County Sheriff's Department Regional Crime

Laboratory – Laboratory Service Report (Collection of Major Case Prints) SDSD Case #20121404 – Event 5.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 181** — San Diego County Sheriff's Department Regional Crime Laboratory – Laboratory Service Report (Collection of Major Case Prints) SDSD Case #20121404 – Event 6.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 182** — San Diego County Sheriff's Department Regional Crime Laboratory – Laboratory Service Report (Scene Investigation) SDSD Case #20121404 – Event 1.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 183** — San Diego County Sheriff's Department Regional Crime Laboratory – Laboratory Service Report (Scene Investigation) SDSD Case #20121404 – Event 2.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 184** — San Diego County Sheriff's Department Regional Crime

Laboratory – Laboratory Service Report (Scene Investigation) SDSD Case #20121404 – Event 3.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 185** — County Internal Email from Danielle Benz Regarding ME Seal Autopsy Request.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); protected by the medical/psychiatric peer-review and quality-improvement privileges; inadmissible subsequent remedial measures (FRE 407); irrelevant to the individual clinicians and offered as to the County (FRE 401–403). Motion in limine to follow.

**Ex. 186** — County Internal Email Correspondence from Julia Shelby Regarding Incoming Call Query.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 187** — Inmate Email Archive – Email for Joseph Morton from Elaine Luong, ID 8467661.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); authentication (FRE 901); completeness (FRE 106); unfair prejudice (FRE 403).

**Ex. 188** — Inmate Email Archive – Email for Joseph Morton from Elaine Luong, ID 8467637.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); authentication (FRE 901); completeness (FRE 106); unfair prejudice (FRE 403).

**Ex. 189** — Inmate Email Archive – Email for Joseph Morton from Elaine Luong, ID 8465175.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); authentication (FRE 901); completeness (FRE 106); unfair prejudice (FRE 403).

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 190** — Classification Navigator for Joseph Morton.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 191** — Inmate Death Notification Checklist for Inmate Joseph Morton. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 192** — Email/Letter from Detective Brian Simpson to Elaine Luong Regarding Suicide Note.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 193** — Email/Letter from Detective Brian Simpson to Marilyn Morton Regarding Suicide Note.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 194** — San Diego County Sheriff's Department Vital Signs Listed for Joseph Morton.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 195** — San Diego County Sheriffs Department – Area Activities Summary Report for Fac. 17 007 Area: Lower West.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 196** — San Diego County Sheriffs Department – Inmate History Summary Report. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 197** — San Diego Sheriffs Department Booking Intake/ Personal Property Inventory Case no. 20120541. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 198** — San Diego Sheriffs Department Probable Cause Declaration For Warrantless Arrest Case no. 20120541. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 199** — San Diego County Sheriff's Department Mug Shot Profile-Facecard for Joseph Morton. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 200** — Vista Detention Facility Medical Services Deployment, Shift Schedule for May 17, 8 2020. 9. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 201** — Comprehensive Detox Screen Completed by Samantha Macanlalay on May 11, 11 2020.. No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 202** — Mandown Assessment Completed by Lindsay Jameson on May 17, 2020. No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's

43

contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 203** — Autopsy Photos of Joseph Morton.  Objection. Unfair prejudice — probative value substantially outweighed by the danger of inflaming the jury (FRE 403); cumulative; lack of foundation (FRE 901).

**Ex. 204** — Policy J.1 – Safety Cells: Definition and Use. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 205** — Policy J.2 – Sobering Cells: Definition and Use.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 206** — Policy J.3 Segregation: Definition and Use.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 207** — Policy J.7 – Emergency Transportation of Incarcerated Persons with Mental Health Needs.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 208** — Miscellaneous Policies J.8-9.  Objection. Irrelevant to the

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 209** — Policy M.5 – Medical Emergencies.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 210** — Policy M.6 – Life Threatening Emergencies: Code Blue. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 211** — Policy M.7 – Inmate Deaths.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 212** — Policy M. 9 – Receiving Screening.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 213** — Policy M.15: Sick Call.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 214** — Policy M.24: Emergency Sedation and Involuntary Medications. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 215** — Policy M.25 – Psychiatric Stabilization Units. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 216** — Miscellaneous Policies M.1-3,11-13, 17- 14 23, 26-29, 32-46. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 217** — Policy M.47 – Suspected Opioid Overdose. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 218** — Policy M.48 – Naloxone Issuance and Storage. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 219** — Policy MSD.S.13 – Special Medications: Ordering, Procuring and Administration. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell*

46

liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 220** — Policy A.1.1 – Access to Care.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 221** — Policy SNP.A.1 – Abrasions (Superficial) and Open Wound Care. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 222** — San Diego Sheriff's Department – Policy and Procedure Manual. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 223** — San Diego County Sheriff's Department Public Information Plan 2020.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 224** — County of San Diego Medical Examiner's Department Investigative Narrative of Jessica Magana.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 225** — County of San Diego Medical Examiner's Department Autopsy and Toxicology Report by Eric Hirsch.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 226** — San Diego County Sheriff's Department Crime/Incident Report of Celso Lopez on May 18, 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 227** — San Diego County Sheriff's Department Officer Report of Scott Paris on May 19, 16 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 228** — San Diego County Sheriff's Department Officer Report of Tyler Edwards on May 18, 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 229** — San Diego County Sheriff's Department Officer Report of Steven Frazier on May 18, 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403).

Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 230** — San Diego County Sheriff's Department Officer Report of Megan Granquist on May 18, 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 231** — San Diego County Sheriff's Department Officer Report of Paul Lewis on May 19, 5 2020. 6.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 232** — San Diego Regional Deputy's Report – Narrative of Det. N. Sisto Regarding Call with Linnea Morton on May 18, 2020.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 233** — San Diego Sheriff's Department Follow- 10 up Investigative Report of Det. B. 11 Simpson regarding attending Joseph Morton's Autopsy on May. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 234** — San Diego Sheriff's Department Follow-up Investigative Report of Det. B. Simpson Regarding the In-custody Death of Joseph Morton on May 17, 2020. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 235** — San Diego Sheriff's Department Follow-up Investigative Report of Sgt. A. Brown Regarding Joseph Morton's Jail Telephone Communications on May 17, 2020. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 236** — San Diego Sheriff's Department Follow-up Investigative Report – Synopsis of Det. B. Simpson. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 237** — San Diego Sheriff's Department Follow-up Investigative Report of Det. B. Szymanski. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 238** — Letter from the San Diego Sheriff's Department to Sheriff's Detention Investigations Unit Regarding Withholding Release of Autopsy,

Toxicology and Investigator's Reports.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 239** — San Diego Sheriff's Department Follow- 9 up Investigative Report Regarding the Statement of Freddy Church.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 240** — San Diego Sheriff's Department Follow- 12 up Investigative Reports Regarding the Statement of Deputy D. Johnson.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 241** — San Diego Sheriff's Department Follow- 15 up Investigative Reports Regarding the Statement of Deputy M. Madrigal.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 242** — San Diego Sheriff's Department Follow- 18 up Investigative Report Regarding the Statement of Deputy J. Reyes.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of

foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 243** — San Diego Sheriff's Department Follow- 21 up Investigative Report Regarding the Statement of Deputy F. Vallejo.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 244** — San Diego Sheriff's Department Follow- 24 up Investigative Report Regarding the Statement of Abraham Ibarra.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 245** — San Diego Sheriff's Department Follow- 4 up Investigative Report Regarding the Statement of Marilyn Morton. 6.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 246** — San Diego Sheriff's Department Follow- 7 up Investigative Reports Regarding the Statement of RN E. Baluca. 9.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 247** — San Diego Sheriff's Department Follow- 10 up Investigative Report

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

Regarding the Statement of RN L. Jameson.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 248** — San Diego Sheriff's Department Follow- 13 up Investigative Report Regarding the Statement of RN P. Matta.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 249** — San Diego Sheriff's Department Follow- 16 up Investigative Report Regarding the Statement of RN R. Moralde.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 250** — San Diego Sheriff's Department Follow- 19 up Investigative Report Regarding the Statement of RN J. Preechar.  Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 251** — Audio Recording of Det. S Paris's Interview with Inmate Abraham Ibarra.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 252** — Audio Recording of Det. S Paris's Interview with Inmate David

Woodard.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 253** — Audio Recording of Det. S Paris's Interview with Inmate Erick Arguelles.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 254** — Audio Recording of Det. S Paris's Interview with Inmate John Howard.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 255** — Audio Recording of Det. S Paris's Interview with Inmate Jose Avitia.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 256** — Audio Recording of Det. S Paris's Interview with Inmate Justin Kikuchi.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 257** — Audio Recording of Det. S Paris's Interview with Inmate Kris Kopicki.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 258** — Audio Recording of Det. S Paris's Interview with Inmate Michael Inglett.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 259** — Audio Recording of Det. S Paris's Interview with Inmate Michael

Wrzek.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 260** — Audio Recording of Det. S Paris's Interview with Inmate Nicholas Rin.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 261** — Audio Recording of Det. S Paris's Interview with Inmate Richard Gaoiran.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 262** — Audio Recording of Det. S Paris's Interview with Inmate Richard Jaime.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 263** — Audio Recording of Det. S Paris's Interview with Inmate Robert Franco.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 264** — Audio Recording of Det. S Paris's Interview with Inmate Shaun Vanreeth.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 265** — Audio Recording of Det. S Paris's Interview with Inmate Stephen Holmes.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 266** — Audio Recording of Det. S Paris's Interview with Inmate Timothy

Durfee.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 267** — Audio Recording of Det. S Paris's Interview with Inmate Wesley Norton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 268** — Audio Recording of Det. Sisto's Call Notifying Elaine Luong of Joseph Morton's Death.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 269** — Audio Recording of Det. B. Simpson's Interview with Deputy Church.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 270** — Audio Recording of Det. Szymanski and Det. B. Simpson's Follow-up Interview with Deputy Church.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402).  Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 271** — Audio Recording of Det. Gardiner's Interview with Deputy Johnson.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 272** — Audio Recording of Det. Stathis' Interview with Deputy Johnson. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–

402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 273** — Audio Recording of Det. Kearny and Det. Gardiner's Interview with Deputy Madrigal.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 274** — Audio Recording of Det. Simpson and Det. Szymanski's Interview Follow-up with Deputy Madrigal.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402).  Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 275** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of Deputy Reyes.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 276** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of Deputy Vallejo.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 277** — Audio Recording of Follow-up Questions to Abraham Ibarra Through a Deputy.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 278** — Audio Recorded Phone Call of Det. B. Simpson's Interview of Abraham Ibarra.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 279** — Audio Recorded Phone Call of Det. B. Simpson's Interview of

Elaine Luong.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 280** — Audio Recorded Phone Call of Det. B. 13 Simpson's Interview of Marilyn Morton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 281** — Audio Recorded Phone Call of Det. B. 15 Simpson and Marilyn Morton Regarding Requesting Records.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 282** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of RN Irma Baluca.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 283** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of Charge Nurse Jameson.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 284** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of Nurse Paul Mata.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 285** — Audio Recording of Det. Gardiner and Det. Kearny's Interview of RN Moralde. 28.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 286 — Audio Recording of Det. Gardiner and Det. Kearny's Interview of RN Preechar. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 287 — Audio Recording of Det. Simpson Leaving Elaine Luong a Voicemail. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 288 — Audio Recording of Det. Simpson Notifying Elaine Luong of the Letter Joseph Morton Wrote for Her. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 289 — Audio Recording of Linnea Morton Calling Det. Simpson Regarding Release of Medical Records. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 290 — Audio Recording of Elaine Luong Calling Det. Simpson Regarding Mailing the Letter from Joseph Morton. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 291 — Audio Recording of Det. Simpson Leaving Linnea Morton a Voicemail. Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 292** — Om-Site Urgent QMHP Assessment PowerPoint. Objection. Hearsay (FRE 802); lack of foundation (FRE 901); relevance (FRE 401–402); unfair prejudice (FRE 403).

**Ex. 293** — Intake QMHP Referral Update Slides PowerPoint. Objection. Hearsay (FRE 802); lack of foundation (FRE 901); relevance (FRE 401–402); unfair prejudice (FRE 403).

**Ex. 294** — April 20, 2020, County of San Diego Letter from Jail Population Management to Detention Services Bureau Regarding a 7-Day Quarantine Proposal. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 295** — Medical Services Training Bulletin Regarding Masks in a Correctional Setting. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 296** — Medical Services Training Bulletin Regarding COVID-19 Precautions: In- 8 Custody Management. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 297** — Medical Services Training Bulletin Regarding COVID-19 Precautions: Medical Intake Process. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 298** — Human Infection with 2019 Novel Coronavirus Person Under

60

Investigation (PUI) and Case Report Form.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 299** — Coronavirus Disease 2019 CDC Infographic.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 300** — 2019 Novel Coronavirus (2019-nCoV).  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 301** — COVID19 Protocols Screenshot from Skills Content Management. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 302** — CDC Health Advisory – Elevated Influenza Activity: Influenza B/Victoria and A(H1N1) pdm09Virusesarethe Predominant Viruses.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 303** — Criteria to Guide Evaluation of Patients Under Investigation (PUI) for 2019 NOVEL CORONAVIRUS (2019 – nCoV).  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the

County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 304** — The California Department of Health – News Release: Two Confirmed Cases of Novel Coronavirus in California. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 305** — May 11, 2020, AXON BWC of Mistaken Identity Stop. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 306** — May 11, 2020, AXON Body X81367612 Statement from Jason Knox. Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 307** — May 11, 2020, AXON Body X81367612 (21:54:07 – 22:21:12). Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

**Ex. 308** — May 11, 2020, AXON Body X81367612 (22:47:20 – 22:49:12). Objection. Lack of foundation and authentication (FRE 901); rule of completeness (FRE 106); cumulative and a waste of time as to peripheral angles (FRE 403); relevance as to angles not depicting Mr. Morton or the charged conduct (FRE 401–402).

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 309** — Thirty-Three Jail Calls Between Various Bond Agencies and Joseph Morton.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 310** — One Jail Call Regarding Joseph Morton Asking Others for Help to Pay His Bail.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 311** — Four Jail Calls.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 312** — One Jail Call Made by Joseph Morton to A Wrong Number. Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 313** — Two Jail Calls.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

**Ex. 314** — July 30, 2020, County Internal Email from Christopher Thibodeaux to Laura de la Torre Regarding Incoming Call Query.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 315** — August 2, 2020, County Internal Email from Julian Shelby to Laura

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

de la Torre Regarding Incoming Call Query.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 316** — June 2, 2020, County Internal Email from Sandie Hargis to Danielle Benz Regarding Records Requested Related to Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 317** — Letters, Reports, and Run Sheets from the Vista Fire Department Regarding Incident 2020-032280.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 318** — May 18, 2020, County Internal Email from Jon Montgomery to Billy Duke Regarding the In-Custody Death of Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 319** — May 19, 2020, County Internal Email Chain Det. Nicholas Sisto, Aaron Brown, Lena Lovelace and Shawn Wray Regarding Contacting Linnea Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 320** — May 19, 2020, County Internal Email Chain Det. Nicholas Sisto, Aaron Brown and Shawn Wray Regarding Contacting Linnea Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 321** — May 21, 2020, County Internal Email from Det. Nicholas Sisto to Det. Brian Simpson Regarding Linnea Morton's inquiry in Putting Hold on Joseph Morton's Bank Account.  Objection. Irrelevant — administrative records-request and

notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 322** — May 22, 2020, Email Chain between Det. 9 Brian Simpson and Linnea Morton Regarding Bank Account Hold and Obtaining a Death Certificate. Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 323** — June 13, 2020, Email from Linnea Morton to San Diego Sheriff's Department Records Clerk Annette Ortiz- 15 Sanchez with Attached Scans of Joseph Morton's Death Certificate, Records Request, and Drivers License.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 324** — August 20, 2020, Forwarded Email to John Reagan Samaniego from Christopher Miedico with Attached Medical Examiners Reports Regarding Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 325** — May 26, 2020, County Internal Email from Det. Brian Simpson to Det. Peter Myers and Dep. Daniel Iverson Regarding Suicidal Statements Made by Joseph Morton During Arrest.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 326** — May 27, 2020, County Internal Email from Det. Brian Simpson to Nancy Booth Regarding AED Download.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 327** — May 27, 2020, County Internal Email from Det. Brian Simpson to

Det. Brian Simpson Regarding Dep. Lois Guillory's Observations and Actions Related to Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 328** — May 27, 2020, County Internal Email from Det. Brian Simpson to Det. Brian Simpson Regarding Dep. Hightower's Observations and Actions Related to Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 329** — May 27, 2020, County Internal Email from Det. Brian Simpson Forwarded to Rene Arce Regarding AED Download and Joseph Morton's Previous Mental Health Records.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 330** — May 18, 2020, County Internal Email from Aaron Brown to Thomas Seiver and Shawn Wray Regarding In-Custody Death #20121404.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 331** — May 30, 2020, County Internal Email from Dep. Daniel Iverson to Det. Brian Simpson Regarding BWC Capturing Joseph Morton's Asking Deputies to Shoot Him.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 332** — May 27, 2020, County Internal Email from Christopher Miedico to Det. Brian Simpson Regarding Sending Over the AED on a CD.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

66

**Ex. 333** — July 24, 2020, County Internal Email from Jameson Perham to Det. Brian Simpson Regarding In-Custody Death.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 334** — May 19, 2020, County Internal Email Chain Between Det. Nicholas Sisto and Det. Brian Simpson Regarding Synopsis of the In-Custody Death of Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 335** — June 18, 2020, County Internal Email from Patricia McFadden, Sheriff's Records & ID Clerk, to Det. Brian Simpson Regarding Records Request with Attachment of Marilyn Morton's Driver's License and Joseph Morton's Death Certificate.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 336** — May 19, 2020, County Internal Email from Evidence Tech Brande Silverthorn Regarding the Death Investigation of Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 337** — May 19, 2020, County Internal Email from Detective Nicholas Sisto Regarding Obtaining a Copy of Joseph Morton's Autopsy Report.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 338** — August 17, 2020, Email from NoReply@sdsheriff.net Regarding San Diego Sheriff's News Release: Death Investigation at Vista Detention Facility. Objection. Irrelevant — administrative records-request and notification

67

correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 339** — San Diego County Sheriff's Department Homicide Unit - Media Information Regarding Death Investigation.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 340** — May 18, 2020, County Internal Email from David Wettstead to Tyler Edward Regarding Observations and Actions Taken.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 341** — May 18, 2020, County Internal Email from Lourdes Barbarin to Debbie Parker Regarding Notification of a Deceased Inmate.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 342** — May 18, 2020, County Internal Email from Det. Nicholas Sisto Regarding Autopsy Results.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 343** — May 18, 2020, County Internal Email from Celso Lopez to Joseph Reyes with Scribe Notes Attachment.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 344** — May 12, 2020, County Internal Email from Matthew Berlin to Kristin Sanchez with VDF DOPS Visit Indicator List.  Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

instruction.

**Ex. 345** — May 12, 2020, County Internal Email from Valarie Stallings Regarding List of Issued and No Complaint Defendants for 5-13-2020.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 346** — August 17, 2020, County Internal Email from Thomas Seiver with Attachments of Two Medical Examiner's Reports for Joseph Morton.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 347** — May 14, 2020, County Internal Email Chain with Jose Estrada, Rafael Delira and David Odenwalder Regarding CIWA/COWS Bottles.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 348** — County internal emails regarding the in- 25 custody death of Joseph Morton. 26.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 349** — SDSD Detentions: Vista Detention Green Sheet Procedure I.43.V – Count Procedures of Incarcerated Persons.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 350** — SDSD Detentions: Vista Detention Green Sheet Procedure J.I.V – Safety Cells; Definition and Use.  Objection. Irrelevant to the individualized claims

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 351** — SDSD Detentions: Vista Detention Green Sheet Procedure L.4.V – Housekeeping Plan.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 352** — SDSD Detentions: Vista Detention Green Sheet Procedure L.6.V – Razors.   Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 353** — SDSD Detentions: Vista Detention Green Sheet Procedure L.9.V – Haircut/Hair Care.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 354** — SDSD Detentions: Vista Detention Green Sheet Procedure L.11.V – Personal Hygiene.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 355** — SDSD Detentions: Vista Detention Green Sheet Procedure M.9.V – Receiving Screening.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

70

**Ex. 356** — SDSD Detentions: Vista Detention Green Sheet Procedure M.41.V – Infection Control, Medical Waste.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 357** — SDSD Detentions: Vista Detention Green Sheet Procedure P.9.V – Social Visiting.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 358** — SDSD Detentions: Vista Detention Green Sheet Procedure T.2.V – Inmate Orientation.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 359** — SDSD Detentions: Vista Detention Green Sheet Procedure T.11.V – Exercise and Recreation.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 360** — Detention Training Unit: Class 20.7 – Suicide Prevention. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 361** — Detention Training Unit: Class 20.8 – Foundation and Definitions: Signs and Symptoms.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or

71

*Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 362** — Detention Training Unit: Class 20.2 – Trauma.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 363** — Detention Training Unit: Class 20.9 – Safety.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 364** — Detention Training Unit: Class 20.3 – Interventions and Resources. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 365** — San Diego County Sheriff Line-Up Training: Suicide Detection and Prevention Part 1-4.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 366** — San Diego County Sheriff Line-Up Training: Excited Delirium Topic #82.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 367** — San Diego County Sheriff Line-Up Training: Under the Influence

Recognition Refresher.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 368** — Addressing Mental Health Issues in Jail Course Schedule. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 369** — Excited Delirium & Agitated Chaotic Events Course Schedule. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 370** — ACO Supplemental Core Course Schedule.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 371** — January 27, 2020, Training Bulletin Regarding a Qualified Mental Health Professional's Role during Critical Incidents.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 372** — December 29, 2020, Training Bulletin Regarding Personal Protective Equipment for Staff.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs,

training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

Ex. 373 — June 4, 2021, Training Bulletin Regarding 7-Day Quarantine Arraignment Cohort Separation.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

Ex. 374 — June 18, 2021, Training Bulletin Regarding Signs & Symptoms of Withdrawal.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

Ex. 375 — June 18, 2021, Training Bulletin Regarding Signs of Medical Distress and Life Threatening Emergencies.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

Ex. 376 — July 19, 2021, Training Bulletin Regarding Naloxone Update. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

Ex. 377 — May 10, 2022, Training Bulletin Regarding Medically Supervised Withdrawal and Treatment.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

74

**Ex. 378** — Psychiatric Emergency Response Team (PERT): Crisis Intervention Behavioral Health Training. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 379** — 2020-2021 County of San Diego Covid- 10 Continuity of Operations Phase Plans. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 380** — March 16, 2022, DSB Covid-19 Operating Plan. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 381** — Day Quarantine Module: Staff and Module Precautions. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 382** — Quarantine Module: Staff and Module 16 Precautions. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 383** — Suspected Covid-19 Module: Staff and Module Precautions. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE

75

401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 384** — Covid-19 Positive Module: Staff and Module Precautions. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 385** — High Risk Housing Module: Staff and Module Precautions. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 386** — Community Medical Facilities COVID Guidelines.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 387** — San Diego County Sheriff: Intensified Format Training Instructions – Medical Emergency Response.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 388** — Training Transcript of Samantha Macanlalay.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 389** — Learner Transcript for Samantha Macanlalay.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or

training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 390** — Employee Performance Appraisal Report and Training Certificates for Hosanna Alto.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 391** — Employee Performance Appraisal Report and Training Certificates for Samantha Macanlalay.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 392** — Samantha Macanlalay's Resume.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 393** — San Diego County Vista Detention Facility Day Count and Floor Count Sheets.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 394** — San Diego Sheriff's Department Inmate Roster of Facility Area M. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 395** — May 17, 2020, San Diego County Sheriff Floor Evacuation List for Facility Area LW.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 396** — AED Rescue Report.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 397** — The San Diego Union Tribune Article: Vista Suicide is County's

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

Second Jail Death This Year.  Objection. Hearsay (FRE 802); irrelevant (FRE 401–402); unfair prejudice (FRE 403). A newspaper article is inadmissible for its truth. Motion in limine to follow.

**Ex. 398** — Kaiser Documents for Joseph Morton.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced. No objection to relevance of the decedent's pre-incarceration mental-health and employment records.

**Ex. 399** — Alvarado Parkway Institute: Behavioral Health System Information Regarding Joseph Morton Documents.  No objection. The Liberty Defendants reserve only the rule of completeness (FRE 106).

**Ex. 400** — Joseph Morton Earnings Statements from Mossy Volkswagen Escondido.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced. No objection to relevance of the decedent's pre-incarceration mental-health and employment records.

**Ex. 401** — Employee Handbook and Forms Related to Joseph Morton's Employment at Mossy Volkswagen Escondido.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced. No objection to relevance of the decedent's pre-incarceration mental-health and employment records.

**Ex. 402** — Mossy Volkswagen Escondido Time Detail Report for Joseph Morton from 2/21/2020 to 5/17/2020.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced. No objection to relevance of the decedent's pre-incarceration mental-health and employment records.

**Ex. 403** — Instacart Employment Information for Joseph Morton.  Objection.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); subject to exclusion under Fed. R. Civ. P. 37(c)(1) to the extent never produced. No objection to relevance of the decedent's pre-incarceration mental-health and employment records.

**Ex. 404** — Deposition Transcript and Exhibits of Bijan Rahman. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 405** — Deposition Transcript and Exhibits of Hosanna H. Alto. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 406** — Deposition Transcript and Exhibits of Marc Myers. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 407** — Deposition Transcript and Exhibits of Lois Guillory. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 408** — Deposition Transcript and Exhibits of Janine Sparks. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line

objections reserved.

**Ex. 409** — Deposition Transcript and Exhibits of Melissa Quiroz.  Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 410** — Deposition Transcript and Exhibits of Matthew Berlin.  Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 411** — Deposition Transcript and Exhibits of Kaycea Campbell. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 412** — Deposition Transcript and Exhibits of Luis Gomez.  Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 413** — Deposition Transcript and Exhibits of Christopher Kagay. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 414** — Deposition Transcript and Exhibits of Elaine Luong.  Objection. Improper designation of an entire deposition transcript; testimony must be designated

by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 415** — Deposition Transcript and Exhibits of Matthew McArdle. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 416** — Deposition Transcript and Exhibits of Jeffrey Metzner. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 417** — Deposition Transcript and Exhibits of Jon Montgomery. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 418** — Deposition Transcript and Exhibits of Linnea Morton. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 419** — Deposition Transcript and Exhibits of Derek Williamson. Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

**Ex. 420** — Deposition Transcript and Exhibits of Francis Ysla.  Objection. Improper designation of an entire deposition transcript; testimony must be designated by page and line and an available witness must testify live (Fed. R. Civ. P. 32; FRE 106); hearsay (FRE 802); unfair prejudice (FRE 403). Counter-designations and line objections reserved.

**Ex. 421** — Discovery Responses from Defendant County of San Diego. Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 422** — Discovery Responses from Defendant Hosanna Alto.  Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 423** — Discovery Responses from Defendant Janine Sparks.  Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 424** — Discovery Responses from Defendant Bijan Rahmani.  Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair

prejudice (FRE 403).

**Ex. 425** — Discovery Responses from Defendant Matthew Berlin. Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 426** — Discovery Responses from Defendant Christopher Kagay. Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

**Ex. 427** — Discovery Responses from Defendant Liberty Healthcare of California, Inc. Objection. Improper, omnibus designation of entire discovery responses; vague and non-compliant (Fed. R. Civ. P. 26(a)(3)(A)(iii)). The County's and co-defendants' responses are hearsay as to the Liberty Defendants (FRE 802); the Liberty Defendants' own responses, if offered, raise completeness concerns (FRE 106); unfair prejudice (FRE 403).

///
///
///
///
///
///
///
///
///

83

## RESERVATION OF RIGHTS

The Liberty Defendants reserve the right to: (1) assert motions in limine and *Daubert* motions; (2) supplement or amend these objections following meet-and-confer and the Court's pretrial rulings; (3) serve counter-designations to any deposition testimony; (4) object at trial on any ground; and (5) require Bates correlation and proof of timely disclosure for each exhibit and witness. No objection or non-objection stated herein concedes the admissibility of any item the Liberty Defendants have themselves identified, and the Liberty Defendants do not join any co-defendant's objections at this time.

Date: June 18, 2026                    TRESSLER LLP

By: _____

    Corey E. Krueger, Esq.
    Alexandra Sennet, Esq.
    Attorneys for Defendants, BIJAN
    RAHMANI, MATTHEW BERLIN,
    CHRISTOPHER KAGAY, and
    LIBERTY HEALTHCARE OF
    CALIFORNIA, INC., erroneously sued
    and served herein as Liberty Healthcare

LIBERTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL