Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
400 Continental Boulevard, Suite 6125
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, BIJAN RAHMANI,
MATTHEW BERLIN, CHRISTOPHER KAGAY,
and LIBERTY HEALTHCARE OF CALIFORNIA,
INC., erroneously sued and served herein as
Liberty Healthcare

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:21-cv-01428-RBM-DDL <br><br> *Honorable Ruth Bermudez Montenegro* <br> *Magistrate Judge: David D. Leshner* <br> *Courtroom 2D* <br><br> **OBJECTIONS TO COUNTY OF SAN DIEGO AND JANINE SPARKS' PRE-TRIAL DISCLOSURE (Dkt. 327) BY DEFENDANTS LIBERTY HEALTHCARE OF CALIFORNIA, INC., BIJAN RAHMANI, MATTHEW BERLIN, AND CHRISTOPHER KAGAY** <br><br> Complaint Filed:  August 9, 2021 <br> Trial Date:  August 17, 2026 |

## INTRODUCTORY STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(3)(B), defendants Liberty Healthcare of California, Inc., Bijan Rahmani, Matthew Berlin, and Christopher Kagay (the

"Liberty Defendants") object to the witnesses, deposition testimony, and exhibits identified in County of San Diego and Janine Sparks' (the "County Defendants") Pretrial Disclosures (Dkt. 327) as set forth below. These objections are without waiver of, and in addition to, any motion in limine, *Daubert* motion, or objection at trial.

## I.    WITNESSES TO BE CALLED AT TRIAL BY COUNTY DEFENDANTS

***Hosanna Alto.***  No objection at this time, subject to the Reservation of Rights below. Hearsay, foundation, and scope objections reserved, including all objections to any attempt by the County to elicit blame-shifting opinion testimony from or about the Liberty clinicians.

***Misty Baccelia.*** Objection reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay, relevance, and prejudice.

***Grace Baluca, RN.*** Objection. First identified as "Grace" Baluca on June 4, 2026; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to foundation and hearsay.

***Mace Beckson.*** No objection to the designation. *Daubert* and FRE 702–703 objections and a motion in limine reserved as to scope, including any opinion on the Liberty clinicians' standard of care or causation beyond the disclosed report.

***Matthew Berlin.***  No objection.

***Lynetta Devereaux.*** Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026 and not previously made known. Object further to hearsay, relevance, and prejudice.

***David Fractor.*** No objection.

***Francis Gardiner.*** Objection reserved under Fed. R. Civ. P. 37(c)(1). Object to hearsay and investigative-opinion testimony (FRE 701–702, 802); subject-matter specificity demanded.

***Luis Gomez.***  No objection to the witness. Foundation reserved.

***Lois Guillory.***  Object to hearsay as to what Deputy Myers reportedly told her and what she reportedly relayed to Dr. Berlin (FRE 802, 805).  Object to testimony

2

exceeding the witness' personal knowledge (FRE 602). Will be the subject of a Motion in Limine.

**Nurse Lindsay Jameson.**  Foundation/hearsay reserved.

**Jesse Johns.**  Objection.  First identified in the County's Nineteenth Supplemental Disclosure (June 4, 2026), after fact discovery closed; never deposed; exclude under Fed. R. Civ. P. 37(c)(1). The bare "events regarding lawsuit and damages" narrative fails Rule 26(a)(1)(A)(i).

**Christopher Kagay.**  No objection.

**Samantha Macanlalay.**  No objection to the witness. Object to hearsay as to her documentation of "risk factors" offered for its truth (FRE 802); foundation reserved.

**Andrea Medina.** Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026 and not previously made known; most appear on Plaintiffs' 2022 disclosures or in produced records. Hearsay and foundation reserved.

**Paul Mata.** Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026 and not previously made known; most appear on Plaintiffs' 2022 disclosures or in produced records. Hearsay and foundation reserved.

**Matthew McArdle.**  No objection to the witness. Foundation reserved.

**Jon Montgomery, M.D..**  No objection to the witness. Hearsay and foundation objections reserved.

**Reginald Moralde.** Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026 and not previously made known; most appear on Plaintiffs' 2022 disclosures or in produced records. Hearsay and foundation reserved.

**Marc Myers.**  Object to hearsay as to what Morton reportedly told him and what he reportedly relayed to Guillory and/or Dr. Berlin (FRE 802, 805).  Object to testimony exceeding the witness' personal knowledge (FRE 602). Will be the subject of a Motion in Limine.

**Jamie Preecher.** Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

first identified June 4, 2026 and not previously made known; most appear on Plaintiffs' 2022 disclosures or in produced records. Hearsay and foundation reserved.

*Dennis Quintos.* Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026 and not previously made known; most appear on Plaintiffs' 2022 disclosures or in produced records. Hearsay and foundation reserved.

*Melissa Quiroz.* No objection to the witness. Object to policy, training, and *Monell* testimony as irrelevant to the individual Liberty clinicians and unfairly prejudicial by spillover (FRE 401–403). Hearsay and foundation objections reserved.

*Maya/Myra Rada.* Foundation/hearsay reserved.

*Bijan Rahmani.* No objection.

*Nas Rafi.* No objection.

*Serina Rognlien-Hood.* Objection. First identified June 4, 2026; never deposed; exclude under Fed. R. Civ. P. 37(c)(1).

*Felix Santiesteban.* Objection. First identified June 4, 2026; never deposed; exclude under Fed. R. Civ. P. 37(c)(1).

*Brian Simpson.* Objection reserved under Fed. R. Civ. P. 37(c)(1). Object to hearsay and investigative-opinion testimony (FRE 701–702, 802); subject-matter specificity demanded.

*Janine Sparks.* No objection at this time, subject to the Reservation of Rights below.

*Harold Trief.* Objection. First identified June 4, 2026; never deposed; exclude under Fed. R. Civ. P. 37(c)(1). To the extent offered on standard of care or system issues, also an undisclosed expert (FRE 702; Fed. R. Civ. P. 26(a)(2)(C)).

*Kristina Tyler.* No objection to the designation. *Daubert*/FRE 702–703 objections reserved as to scope beyond the disclosed report.

*Kathryn J. Wild.* No objection to the designation. Object to nursing-standard opinions extended to the psychiatric/psychological clinicians; *Daubert*/FRE 702–703 reserved.

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

*Heidi Williams.* Objection. First identified June 4, 2026; unknown role; never deposed; exclude under Fed. R. Civ. P. 37(c)(1).

*Derek Williamson.* No objection to the witness. The Liberty Defendants reserve (a) relevance/prejudice objections to County policy, custom, training, or Monell testimony (FRE 401–403); (b) hearsay, foundation, and scope (FRE 602, 802); and (c) all objections to any blame-shifting opinion testimony from or about the Liberty clinicians.

## II.    WITNESSES THAT MAY BE CALLED AT TRIAL BY COUNTY DEFENDANTS

*Nancy Booth.* Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026; most appear on Plaintiffs'/Liberty's disclosures, were deposed, or are pervasive in the produced investigative record. Object to investigative hearsay (FRE 701–702, 802) as to Iverson, Sisto, Szymanski, and Aaron Brown. Foundation reserved.

*Aaron Boone.* Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026; most appear on Plaintiffs'/Liberty's disclosures, were deposed, or are pervasive in the produced investigative record. Object to investigative hearsay (FRE 701–702, 802) as to Iverson, Sisto, Szymanski, and Aaron Brown. Foundation reserved.

*Amy Brown.* Objection reserved under Fed. R. Civ. P. 37(c)(1) to the extent first identified June 4, 2026; most appear on Plaintiffs'/Liberty's disclosures, were deposed, or are pervasive in the produced investigative record. Object to investigative hearsay (FRE 701–702, 802) as to Iverson, Sisto, Szymanski, and Aaron Brown. Foundation reserved.

*Billy Duke.* No objection to the witness; hearsay and foundation reserved.

*Daniel Iverson.*    Objection. Not identified in Plaintiffs' Rule 26(a)(1) disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay regarding Mr. Morton's arrest-time statements (FRE 802) and to

relevance/prejudice as to County intake matters not attributable to the Liberty clinicians (FRE 401–403).

**B. Jalalian.** Objection. First identified June 4, 2026; unknown role; never deposed; exclude under Fed. R. Civ. P. 37(c)(1).

**Lily Kapchinsky.** Objection. Not identified in Plaintiffs' Rule 26(a)(1) disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay regarding Mr. Morton's arrest-time statements (FRE 802) and to relevance/prejudice as to County intake matters not attributable to the Liberty clinicians (FRE 401–403).

**Elaine Luong.** No objection to the witness. Object that a non-marital partner is not a statutory wrongful-death heir and her "damages" testimony is largely irrelevant and prejudicial (FRE 401–403); hearsay objections reserved as to her relaying decedent's statements (FRE 802).

**Linnea Morton.** Objection to testimony exceeding the witness' personal knowledge of damages, including lay opinion on liability, medical causation, or jail operations (FRE 602, 701), and as cumulative of other family damages witnesses (FRE 403).

**Michael Raguine.** No objection to the witness; relevance, hearsay, and foundation reserved as to arrest-time statements and County intake matters not attributable to the Liberty clinicians (FRE 401–403, 602, 802).

**B. Szymanski.** Objection. Not identified in Plaintiffs' Rule 26(a)(1) disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay regarding Mr. Morton's arrest-time statements (FRE 802) and to relevance/prejudice as to County intake matters not attributable to the Liberty clinicians (FRE 401–403).

**Nicholas Sisto.** Objection. Not identified in Plaintiffs' Rule 26(a)(1) disclosures; exclusion reserved under Fed. R. Civ. P. 37(c)(1). Object further to hearsay regarding Mr. Morton's arrest-time statements (FRE 802) and to

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

relevance/prejudice as to County intake matters not attributable to the Liberty clinicians (FRE 401–403).

**Francis Ysla, M.D.** No objection to the witness. The Liberty Defendants reserve the right to hold the witness to the scope of his Rule 30(b)(6) designation and object to (a) testimony elicited to establish *County* policy, practice, or custom, as beyond his designation and foundation (FRE 602, 701); (b) any undisclosed expert or standard-of-care opinion (FRE 702; Fed. R. Civ. P. 26(a)(2)); and (c) use of his testimony regarding Liberty's training or supervision as evidence against the individual Liberty clinicians (Rahmani, Berlin, Kagay), for which a limiting instruction will be requested.

## III.   WITNESS TESTIMONY EXPECTED TO BE PRESENTED BY DEPOSITION

**Marilyn Morton — deposition transcript designated "in its entirety."** Objection. Designation of an entire transcript is improper; testimony must be designated by page and line, and only admissible portions may be played (Fed. R. Civ. P. 32; FRE 106). The transcript contains irrelevant, speculative, foundation-less, and hearsay material, including the decedent's out-of-court statements (FRE 401–403, 802); wholesale publication is unfairly prejudicial and cumulative (FRE 403). The witness's unavailability permits use of admissible portions but does not render the entire transcript admissible. The Liberty Defendants reserve all counter-designations and line objections.

## IV.   EXHIBITS COUNTY DEFENDANTS EXPECT TO OFFER AT TRIAL

Threshold note: Each exhibit is addressed individually below. The Liberty Defendants reserve a Fed. R. Civ. P. 37(c)(1) objection to any exhibit never produced in discovery.

**Ex. 1 —** Morton Arrest Records SD00001 - 00043. Objection. Hearsay and hearsay within hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and

confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 2** — San Diego County SD 00083-00091 Sheriff's Department Laboratory Service 100 Reports.  Objection. Hearsay (FRE 802); lack of foundation (FRE 901); opinions require a qualified, properly disclosed sponsor (FRE 702); unfair prejudice (FRE 403).

**Ex. 3** — Morton's Jail Medical SD 00255-00335; Records SD00111 – SD00248; SD005873 - 6 SD05883; SD 06992 - SD 06993.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 4** — Morton San Diego SD 00092 -00254; County Jail File SD 005690 - 05737.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 5** — 2020-05-13 through SD00096-98 13 2020-05-15 Inmate Emails with Elaine Luong and Morton.  Objection. Hearsay (FRE 802), subject only to the limited state-of-mind use permitted by FRE 803(3); authentication (FRE 901); completeness (FRE 106); unfair prejudice (FRE 403).

**Ex. 6** — 2020-05 Morton Letter SD00109-00110;  to Elaine Luong and SD00487-00489 Photos of letter to Luong.  Objection. Hearsay (FRE 802), subject

8

only to the limited state-of-mind use permitted by FRE 803(3); authentication (FRE 901); completeness (FRE 106); unfair prejudice (FRE 403).

**Ex. 7** — San Diego Sheriff's SD 01751-01791 Department Follow-Up Investigative Report for In Custody Death of Joseph Morton dated 05/17/20 conducted by Sergeant Brown.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 8** — San Diego Sheriff's SD01792- 01793 Department Follow-Up Investigative Report for 100 In Custody Death of Joseph Morton dated 05/21/20 conducted by Detective Sisto.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 9** — San Diego Sheriff's SD01794 Department Follow-Up Investigative Report for In Custody Death of Joseph Morton dated 08/18/20 conducted by Detective Szymanski. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 10** — Seal of Autopsy, SD 01795 Toxicology and Investigator's reports dated 05/18/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are

9

independently inadmissible.

**Ex. 11** — Statement of Deputy SD 01796 -01798 Church dated 07/14/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 12** — Statement of Deputy SD 01797-01801 Johnson dated 05/21/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 13** — Statement of Deputy SD 01801 -01803 Johnson dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 14** — Statement of Deputy SD 01804 -01805 Madrigal dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 15** — Statement of Deputy SD 01806 -01807 Madrigal dated 07/14/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and

confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 16** — Statement of Deputy SD 01808 -01809 Reyes dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 17** — Statement of Deputy SD 01810 -01811 Vallejo dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 18** — Statement of Elaine SD 01812 Luong dated 07/12/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 19** — Statement of Elaine SD 01813 -01816 Luong dated 07/27/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 20** — Incident Scene/Autopsy SD 00336-00598 Photographs – Silverthorn (BMS 0001 – BMS 0197). Objection. Unfair prejudice — probative

11

value substantially outweighed by the danger of inflaming the jury (FRE 403); cumulative; lack of foundation (FRE 901). Motion in limine to follow.

**Ex. 21** — San Diego County SD 00599-01627; Sheriff's Department SD 04889 – Policies and Procedures 05329; SD 05345 – SD 05372; SD 05884 – SD 6010; SD 06950 - 18 SD 06988.  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 22** — CATCH Device SD 01628-01680 Examination Report dated 07/24/20.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 23** — County of San Diego SD 01681-01693 Medical Examiner's Report dated 05/18/20. Objection. Hearsay (FRE 802); lack of foundation (FRE 901); opinions require a qualified, properly disclosed sponsor (FRE 702); unfair prejudice (FRE 403).

**Ex. 24** — San Diego County SD 01694-01697 Sheriff's Department Crime/Incident Report for Joseph Morton dated 100 05/18/20.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 25** — San Diego County SD 01698-01705 Sheriff's Department Officer Report (Paris) dated 05/19/20.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement

investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 26 —** San Diego County SD 01706 Sheriff's Department Officer Report (Edwards) dated 05/18/20.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 27 —** San Diego County SD 01707-01708 Sheriff's Department Officer Report (Frazier) dated 05/18/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 28 —** San Diego County SD 01709 Sheriff's Department Officer Report (Granquist) dated 05/18/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 29 —** San Diego County SD 01710-01711 Sheriff's Department Officer Report (Lewis) dated 05/19/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 30 —** San Diego County SD 01712 Sheriff's Department Officer Report (Vollmar) dated 05/18/20.  Objection. Hearsay, including investigative narratives and

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 31** — San Diego County SD 01713 Sheriff's Department Officer Report (Wettstead) dated 05/18/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 32** — San Diego Region SD 01714-01715 Deputy's Report Narrative. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 33** — San Diego Sheriff's SD 01716-01718 Department Follow-Up Investigative Report for In Custody Death of Joseph Morton (Autopsy Report) dated 07/14/20 conducted by Detective Sisto. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 34** — San Diego Sheriff's SD 01719-01750 Department Follow- up Investigative Report for In Custody Death of Joseph Morton (Scene and Investigation) dated 08/11/20 conducted by Detective Sisto. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE

14

403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible.

**Ex. 35** — San Diego Sheriff's SD 01751-01791 Department Follow-Up Investigative Report for In Custody Death of 100 Joseph Morton dated 05/17/20 conducted by Sergeant Brown.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 7 (cumulative; FRE 403).

**Ex. 36** — San Diego Sheriff's SD 01792-01793 Department Follow-Up Investigative Report for In Custody Death of Joseph Morton dated 05/21/20 conducted by Detective Sisto.  Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 8 (cumulative; FRE 403).

**Ex. 37** — San Diego Sheriff's SD 01794 Department Follow-Up Investigative Report for In Custody Death of Joseph Morton dated 08/18/20 conducted by Detective Szymanski. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 9 (cumulative; FRE 403).

**Ex. 38** — Seal of Autopsy, SD 01795 Toxicology and Investigator's reports dated 05/18/20.  Objection. Hearsay, including investigative narratives and opinions

(FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 10 (cumulative; FRE 403).

**Ex. 39 —** Statement of Deputy SD 01796 -01798 Church dated 07/14/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 11 (cumulative; FRE 403).

**Ex. 40 —** Statement of Deputy SD 01797-01801 Johnson dated 05/21/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 12 (cumulative; FRE 403).

**Ex. 41 —** Statement of Deputy SD 01801 -01803 Johnson dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 13 (cumulative; FRE 403).

**Ex. 42 —** Statement of Deputy SD 01804 -01805 Madrigal dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently

16

inadmissible. Additionally, this exhibit duplicates Exhibit 14 (cumulative; FRE 403).

**Ex. 43** — Statement of Deputy SD 01806 -01807 Madrigal dated 07/14/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 15 (cumulative; FRE 403).

**Ex. 44** — Statement of Deputy SD 01808 -01809 Reyes dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 16 (cumulative; FRE 403).

**Ex. 45** — Statement of Deputy SD 01810 -01811 Vallejo dated 05/28/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 17 (cumulative; FRE 403).

**Ex. 46** — Statement of Elaine SD 01812 Luong dated 07/12/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 18 (cumulative; FRE 403).

**Ex. 47** — Statement of Elaine SD 01813 -01816 Luong dated 07/27/20. Objection. Hearsay, including investigative narratives and opinions (FRE 802, 805); lack of foundation and authentication (FRE 901); and unfair prejudice and

17

confusion of the issues (FRE 403). Law-enforcement investigative reports are not admissible for their truth, and embedded witness statements are independently inadmissible. Additionally, this exhibit duplicates Exhibit 19 (cumulative; FRE 403).

**Ex. 48** — Statement of Inmate SD 01817 -01818 Abraham Ibarra dated 10/05/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 49** — Statement of Marilyn SD 01819 Morton dated 07/12/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 50** — Statement of RN Baluca SD 01820 -01821 dated 05/28/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 51** — Statement of RN SD 01822 -01823 Jameson dated 05/28/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 52** — Statement of RN Mata SD 01824 -01825 dated 05/28/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 53** — Statement of RN SD 01826 -01827 Moralde dated 05/28/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its truth.

**Ex. 54** — Statement of RN SD 01828 -01829 Preechar dated 05/28/20. Objection. Hearsay (FRE 802); lack of foundation/authentication (FRE 901); unfair prejudice (FRE 403). A written witness statement is inadmissible for its

truth.

**Ex. 55** — Audio Files – Interviews SD 01830 -01846 with Inmates conducted by Detective S. Paris. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 56** — Audio Files – Interviews SD 01847 - 1848 with Family of Joseph Morton conducted by Detective Sisto - Elaine Luong and Marilyn Morton.  Objection. Hearsay and hearsay within hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 57** — Audio File with Deputy SD 01849 Church (Simpson) dated 05/29/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 58** — Audio File with Deputy SD 01850 Johnson (Gardiner) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 59** — Audio File with Deputy SD 01851 Johnson (Stathes) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 60** — Audio File with Deputy SD 01852 Madrigal (Kearney) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 61** — Audio File with Deputy SD 01853 Madrigal (Simpson) dated 05/29/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

(FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 62** — Audio File with Deputy SD 01854 Reyes (Gardiner) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 63** — Audio File with Deputy SD 01855 Vallejo (Kearney) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 64** — Audio File with Deputy SD 01856 Church (Szymanski) dated 05/29/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). **Recorded out-of-court interview statements are inadmissible for their truth.**

**Ex. 65** — Phone Call with SD 01857-01858 Abraham Ibarra dated 07/12/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 66** — Audio File with Deputy SD 01859 Madrigal (Szymanski) dated 05/29/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 67** — Audio File of Elaine SD 01860 Luong (Simpson) dated 06/05/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 68** — Audio File of Linnea SD 01861 Morton (Simpson) dated 06/03/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication

(FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 69 —** Audio File of Elaine SD 01862 Luong (Simpson) dated 06/05/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 70 —** Audio File of Elaine SD 01863 Luong (Simpson) dated 05/26/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 71 —** Audio File of Linnea SD 01864 Morton (Simpson) dated 05/26/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 72 —** Audio File of Elaine SD 01865 Luong (Simpson) dated 06/09/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 73 —** Audio File of Linnea SD 01866 Morton (Simpson, message) dated 06/05/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 74 —** Audio File of Linnea SD 01867 Morton (Simpson) dated 06/05/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

**Ex. 75 —** Audio File with RN SD 01868 Baluca (Kearney) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication

(FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 76 — Audio File with RN SD 01869 Jameson (Kearney) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 77 — Audio File with RN SD 01870 Mata (Kearney) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 78 — Audio File with RN SD 01871 Moralde (Gardiner) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 79 — Audio File with RN SD 01872 Preechar (Gardiner) dated 05/18/20. Objection. Hearsay (FRE 802, 805); lack of foundation/authentication (FRE 901); cumulative (FRE 403); relevance (FRE 401–402). Recorded out-of-court interview statements are inadmissible for their truth.

Ex. 80 — Morton Outgoing Jail SD 02053 -02096 Calls.  Objection. Hearsay (FRE 802); lack of authentication (FRE 901); rule of completeness (FRE 106); unfair prejudice (FRE 403); and objection to wholesale, cumulative designation of multiple calls.

Ex. 81 — Emails and attachments CONFIDENTIAL regarding Vista Fire SD 04436 -04446 Department Records.  Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

Ex. 82 — Emails relating to CONFIDENTIAL "Incoming Call Query" SD 04447 -04477. Objection. Irrelevant — administrative records-request and

LIBERTY DEFENDANTS' OBJECTIONS TO COUNTY'S PRE-TRIAL DISCLOSURES
Case No. 3:21-cv-01428-RBM-DDL

notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 83 —** Emails exchanged with CONFIDENTIAL the Morton family SD 04478 - 04498. Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 84 —** Emails exchanged CONFIDENTIAL between Liberty SD 04499-04512 Healthcare personnel regarding Joseph Morton. Objection. Unfair prejudice and confusion (FRE 403); rule of completeness (FRE 106); lack of foundation (FRE 901). To the extent offered against the Liberty Defendants as their own statements, the hearsay objection is limited (FRE 801(d)(2)); the Liberty Defendants reserve all objections to use of these post-incident communications and request a limiting instruction.

**Ex. 85 —** Emails and attachments CONFIDENTIAL exchanged regarding SD 04513 - 15 Morton investigation 04805; 04849- 16 and medical examiner 04888 report. Objection. Hearsay (FRE 802, 805); lack of foundation and authentication (FRE 901); relevance (FRE 401–402); unfair prejudice (FRE 403).

**Ex. 86 —** Emails and attachments CONFIDENTIAL exchanged regarding SD 04806 -04836 Morton media information. Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 87 —** Emails and attachments CONFIDENTIAL exchanged regarding SD 04837 - 04848 Morton death notification. Objection. Irrelevant — administrative records-request and notification correspondence has no bearing on liability or damages (FRE 401–402); hearsay (FRE 802); unfair prejudice (FRE 403).

**Ex. 88 —** SDSD Detention SD 05127 - SD Services Bureau - 05329 Training Materials and 100 Related Documents. Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies,

customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 89** — Training Transcript for CONFIDENTIAL Hosanna H. Alto SD 05330 - SD 05336.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 90** — Training Transcript for CONFIDENTIAL Samantha A. SD 05337 - SD Macanlalay 05344.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 91** — Learner Transcript for CONFIDENTIAL Samantha A. 05373 - 05374 Macanlalay.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 92** — Learner Transcript for SD 05375 Hosanna Alto.  Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 93** — Personnel File for SD 05376 - 05392 Hosanna Alto. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 94** — Personnel File for SD 05393 - 05424 Samantha Macanlalay. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair

prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 95 —** SDSD Medical Services CONFIDENTIAL Division - Learner SD 05375 Transcript of Samantha A. Macanlalay. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 96 —** SDSD Medical Services CONFIDENTIAL Division - Learner SD 05376 - SD Transcript of Hosanna 05389 H. Alto. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 97 —** Supervisor Evaluations CONFIDENTIAL and Policies re: Hosanna SD 05390 - SD H. Alto 05392. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 98 —** Curriculum Vitae of CONFIDENTIAL Hosanna H. Alto SD 05390 - SD 05392. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 99 —** Supervisor Evaluations CONFIDENTIAL and Policies re: SD 05393 - SD Samantha A. 05422 Macanlalay. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

25

**Ex. 100** — Curriculum Vitae of CONFIDENTIAL Samantha A. SD 05423 - SD Macanlalay 05424. Objection. Hearsay (FRE 802); relevance (FRE 401–402); unfair prejudice (FRE 403). A resume, CV, or training/learner transcript offered for its truth is inadmissible, and credentialing evidence invites an improper *Monell*-type inference against the individual clinicians.

**Ex. 101** — SDSD VDF Documents CONFIDENTIAL re: Cell Checks and Area SD 05425 - SD Activities 05541.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 102** — San Diego County CONFIDENTIAL Sheriff Floor SD 05542 - SD Evacuation List 05545. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 103** — Automated External CONFIDENTIAL Defibrillator Report SD 05546 - SD 05587. Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 104** — San Diego County CONFIDENTIAL Sheriff's Department SD 05588 - SD Health Information 05689 Management.  Objection. Lack of foundation and business-records predicate (FRE 803(6), 901); hearsay (FRE 802); relevance (FRE 401–402).

**Ex. 105** — Training Bulletin for SD 05843 - SD "QMHP Role in Critical 05844 100 Incidents".  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

**Ex. 106** — Training Bulletin for SD 05845 - SD "MSD LUT Suicide 05855 Detection and Prevention".  Objection. Irrelevant to the individualized claims against the Liberty clinicians and offered solely as to the County's policies, customs, training, or *Monell* liability (FRE 401–402); unfair prejudice and confusion through spillover (FRE 403); lack of foundation (FRE 901); hearsay (FRE 802).

26

**Ex. 107** — Chronic Care 06-25-20 CONFIDENTIAL SD 05873.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 108** — Dental Sick Call 03-07- CONFIDENTIAL SD 05874.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 109** — Medical Chart Review CONFIDENTIAL 05-13-20 SD 05875.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 110** — Medical Chart Review CONFIDENTIAL 05-15-20 SD 05876.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 111** — Psych Chart Review 05- CONFIDENTIAL 13-20 SD 05877.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 112** — Psych Sick Call 05-12- CONFIDENTIAL SD 05878.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 113** — Psych Sick Call 05-20- CONFIDENTIAL SD 05879.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 114** — QMHP 05-13-20 CONFIDENTIAL SD 05880.  No objection to authenticity or foundation; the Liberty Defendants do not dispute relevance and will stipulate to the admission of Mr. Morton's contemporaneous clinical records as business records (FRE 803(6), 902(11)). The Liberty Defendants reserve only: (a) objection to any specific opinion, diagnosis, risk characterization, or embedded third-party statement within the record offered for its truth (FRE 802, 805); and (b) the rule of completeness (FRE 106).

**Ex. 115** — VDF DOPS Spreadsheet CONFIDENTIAL for Janine Sparks SD 06925 5/13/2020. No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 116** — VDF DOPS Spreadsheet CONFIDENTIAL for Janine Sparks SD 06926 5/14/2020. No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 117** — VDF DOPS Spreadsheet CONFIDENTIAL for Janine Sparks SD 06927 5/15/2020. No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 118** — VDF DOPS Spreadsheet CONFIDENTIAL for Janine Sparks SD 06928 5/16/2020. No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 119** — Emails and attachments CONFIDENTIAL between Janine Sparks SD 06989 - SD and Melissa Quiroz 06991. No objection at this time, subject to the Reservation of Rights below (foundation and authentication reserved).

**Ex. 120** — David Fractor, PhD, Expert Report. Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 121** — Dr. Mace Beckson, M.D., DLFAPA, FASAM, Expert Report. Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 122** — Dr. Kristina Tyler, PhD, QME Expert Report. Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

**Ex. 123** — Kathryn Wild, RN, MPA, CCHP-RN, Expert Report. Objection. An expert report and a Rule 26(a)(2) disclosure are not themselves admissible; the report is hearsay (FRE 802) and the expert's testimony, not the report, is the evidence; unfair prejudice (FRE 403). *Daubert* and scope objections to the testimony reserved.

## RESERVATION OF RIGHTS

The Liberty Defendants reserve the right to: (1) assert motions in limine and *Daubert* motions; (2) supplement or amend these objections following meet-and-confer and the Court's pretrial rulings; (3) serve counter-designations to any deposition testimony; (4) object at trial on any ground; and (5) require proof of timely disclosure for each exhibit and witness. No objection or non-objection stated herein concedes the admissibility of any item the Liberty Defendants have themselves identified, and the Liberty Defendants do not join any co-defendant's objections at this time.

Date:  June 18, 2026                    TRESSLER LLP

By: _____
          Corey E. Krueger, Esq.
          Alexandra Sennet, Esq.
          Attorneys for Defendants, BIJAN
          RAHMANI, MATTHEW BERLIN,
          CHRISTOPHER KAGAY, and
          LIBERTY HEALTHCARE OF
          CALIFORNIA, INC., erroneously sued
          and served herein as Liberty Healthcare