UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 3:21-cv-01428-RBM-DDL<br><br>**ORDER DENYING COUNTY DEFENDANTS' EX PARTE APPLICATION TO STAY PROCEEDINGS**<br><br>**[Doc. 328]** |

Before the Court is Defendants County of San Diego and Janine Sparks' (collectively, "County Defendants") Ex Parte Application to Stay Proceedings by Vacating the Trial and Pretrial Dates Pending Substitution of Party under Fed. R. Civ. P. 25(a) ("Motion to Stay"). (Doc. 328.) The other Defendants (collectively, the "Liberty Defendants") "neither oppose nor join" the Motion to Stay. (*Id.* at 2.) Plaintiffs oppose the Motion to Stay. (Doc. 330.) The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the filings above, and for the reasons discussed below, the Motion to Stay (Doc. 328) is **<u>DENIED</u>**.

## I.  <u>BACKGROUND</u>

The Complaint was filed almost five years ago. (*See* Doc. 1.) After substantial motion practice and time and effort by the Parties and the Court, the final pretrial

conference was set for July 2, 2026 and the trial was set for August 17, 2026.  (Doc. 313.) On May 28, 2026, Plaintiffs filed a notice indicating that Plaintiff Marilyn Morton had died.  (Doc. 317.)  On June 5, 2026, County Defendants filed the Motion to Stay, seeking to vacate the trial date and all related pretrial deadlines pending the substitution of a proper party for Marilyn Morton under Federal Rule of Civil Procedure ("Rule") 25(a). (Doc. 328 at 2.)  On June 10, 2026, Plaintiffs filed an Ex Parte Motion to Substitute Parties. (Doc. 332.)  On June 12, 2026, County Defendants filed an opposition to Plaintiffs' Ex Parte Motion to Substitute Parties.  (Doc. 333.)  Liberty Defendants joined that opposition in part.  (*See* Doc. 334.)

## II.   LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).  The Court must weigh competing interests in determining whether to grant a *Landis* stay.  "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (cleaned up).  "If there is even a fair possibility that the stay . . . will work damage to some one else . . . [the movant] must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III.   DISCUSSION

County Defendants argue that the Court should stay the trial and pretrial dates pending Marilyn Morton's substitution because "[p]roceeding to trial [in the absence of a substituted plaintiff] . . . leaves the identity of the plaintiff, the capacities in which the plaintiff would appear, and the surviving claims uncertain and subject to change once a proper party is substituted."  (Doc. 328 at 7.)  County Defendants also argue that the lack of a proper party in interest under Rule 17(a)(1) means "there is no party with the capacity

2

to prosecute the action until a proper party is substituted," and that "[t]he death of the client also terminates counsel's authority to act." (*Id.* at 7–8 (citations omitted).) Finally, County Defendants argue that they will be irreparably prejudiced without a stay in light of the above and because they "are being required to incur fees and costs preparing for a trial against a plaintiff that does not presently exist." (*Id.* at 10–11.)

Plaintiffs argue that many of County Defendants' concerns will vanish because Marilyn Morton will be properly substituted prior to trial, "as the motions are currently pending before this court and the probate court." (Doc. 330 at 4.) Plaintiffs also argue that they will suffer prejudice as the non-moving party if the Court grants a stay because: (1) "the passage of time has already resulted in the death of both parent plaintiffs, underscoring the irreversible nature of delay and the loss of critical firsthand testimony;" (2) Plaintiffs have already arranged travel and prepared for the August trial date, "and further continuance would impose avoidable financial and logistical burdens contrary to judicial efficiency;" and (3) "all expert witnesses, retained and non-retained, and third-party witnesses, are presently available for trial, meaning that a continuance would not serve efficiency or convenience but instead would disrupt a fully trial-ready case." (*Id.* at 3–5.)

The Court finds that Plaintiffs' arguments above demonstrate a "fair possibility that the stay" will prejudice them. *Landis*, 299 U.S. at 255. Therefore, County Defendants must "make out a clear case of hardship or inequity in being required to go forward." *Id.* Defendants point to their fees and costs in preparing for trial, "including by serving their Memorandum of Contentions of Fact and Law . . . and their Rule 26(a)(3) pretrial disclosures . . . , and by litigating pretrial matters." (Doc. 328 at 10.) Defendants also point to difficulty in preparing the joint proposed pretrial order because counsel "cannot finalize trial strategy where the identity of the substituted party, the capacities in which that party will appear, and the surviving claims all remain undetermined." (*Id.*)

The fees and costs in preparing for trial would be incurred regardless; it is not a clear case of hardship that they are incurred now rather than after a party is substituted. Additionally, although the Court is sympathetic to the fact that the Parties may face some

3:21-cv-01428-RBM-DDL

uncertainty in preparing their proposed final pretrial order in the absence of a substituted party (for example, in finalizing their lists of witnesses), County Defendants do not indicate how a substitution would affect the surviving claims. *See First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) ("Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural.") (citation omitted). Without the benefit of reviewing any argument from the parties on this topic, the Court views Marilyn Morton's substitution to be a procedural issue that would not alter substantive issues such as the scope of the already-completed discovery or of the remaining claims. Therefore, the Court finds that a stay would not simplify issues, proof, or questions of law. *See Lockyer*, 398 F.3d at 1110. Because the competing interests weigh in favor of denying a stay, and because County Defendants have not met their burden to demonstrate a "clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, the Motion to Stay is **DENIED**.

The Court looks forward to meeting with the Parties at the final pretrial conference on July 2, 2026 at 1:30 p.m. The Court is also cognizant that the Parties' deadline to lodge their proposed final pretrial order is today, and that they will have had the benefit of this Order only hours before their deadline. Accordingly, and in line with the Court's recent order extending the Parties' deadline to file Joint Jury Instructions (*see* Doc. 345), the Court **EXTENDS** the Parties' deadline to lodge a proposed final pretrial order to **June 29, 2026 at 4:30 p.m.**

### IV.    CONCLUSION

Based on the foregoing, the Motion to Stay (Doc. 328) is **DENIED**. The Parties shall lodge their proposed final pretrial order on or before **June 29, 2026 at 4:30 p.m.**

**IT IS SO ORDERED**.

DATE:  June 25, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:21-cv-01428-RBM-DDL