Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, BIJAN RAHMANI,
MATTHEW BERLIN, CHRISTOPHER KAGAY,
and LIBERTY HEALTHCARE OF CALIFORNIA,
INC., erroneously sued and served herein as
Liberty Healthcare

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:21-cv-01428-RBM-DDL <br><br> *Honorable Ruth Bermudez Montenegro* <br> *Magistrate Judge: David D. Leshner* <br> *Courtroom 2D* <br><br> **LIBERTY DEFENDANTS' OBJECTIONS TO PROPOSED VERDICT FORMS BY PLAINTIFFS AND BY COUNTY DEFENDANTS** <br><br><br> Complaint Filed:  August 9, 2021 <br> Trial Date:  August 17, 2026 |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

COME NOW defendants LIBERTY HEALTHCARE OF CALIFORNIA, INC., BIJAN RAHMANI, MATTHEW BERLIN, and CHRISTOPHER KAGAY and

1

hereby submit their objections to the [Proposed] Verdict Forms by Plaintiffs and by Defendants COUNTY OF SAN DIEGO and JANINE SPARKS.

## I.   INTRODUCTION

Defendants Bijan Rahmani, Matthew Berlin, Christopher Kagay, and Liberty Healthcare of California, Inc. (the "Liberty Defendants") object to Plaintiffs' proposed verdict form and to the County Defendants' proposed special verdict form (in the form each exists as of the preparation of these objections), and submit their own [Proposed] Verdict Form. Plaintiffs' form collapses multi-element constitutional standards into single, conclusory questions, omits the required causation findings, combines distinct claims, defendants, legal standards, and categories of damages into single questions, and misallocates fault. The County Defendants' proposed special verdict form correctly adopts an element-by-element structure that the Liberty Defendants' own form also adopts; the Liberty Defendants nevertheless object to the County's form in the several respects identified in Part IV below, where it departs from the governing law and from the distinct posture of the Liberty Defendants – most notably by entering Joseph Morton's survival damages against Liberty Healthcare on claims the form never submits to the jury for decision, by omitting any allocation of comparative fault, and by lumping the federal and state survival damages into a single award.

## II.   LEGAL STANDARD

A verdict form must accurately state the elements and defenses of the claims tried, separate each claim and each defendant, and require the necessary predicate findings before liability may be imposed. Fed. R. Civ. P. 49(a). For a pretrial detainee's Fourteenth Amendment medical-care claim, the jury must separately find each element of the objective standard set out in *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018), and *Sandoval v. County of San Diego*, 985 F.3d 657, 668–69 (9th Cir. 2021), including a discrete, individualized causation finding as to each defendant (*Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988)).

2

*Monell*/entity liability requires a predicate constitutional violation by an employee and proof that the policy or training deficiency was the "moving force" of the violation; a private entity such as Liberty Healthcare is subject to the same *Monell* requirements and cannot be held liable on respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989); *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). State law Professional Negligence is measured against the professional standard of care, not the lay "reasonable person" standard (*Evans v. Hood Corp.*, 5 Cal.App.5th 1022, 1050–51 (2016)); and non-economic damages are several only, allocated by each tortfeasor's proportionate fault (*Civ. Code* § 1431.2). Punitive damages are governed by the federal Section 1983 standard.

## III.    OBJECTIONS TO PLAINTIFFS' PROPOSED VERDICT FORM

### A.    General Objections

#### 1.    *General verdict mislabeled; failure to track Model Instructions*

Plaintiffs' form asks the jury for ultimate legal conclusions rather than special findings on each issue of fact, and does not itemize the elements of the surviving claims. It should be replaced with a special verdict that states each element, separately as to each defendant, consistent with the Ninth Circuit Model Instructions.  Authority: Fed. R. Civ. P. 49(a); *Gordon*, 888 F.3d 1118, 1124–25; *Sandoval*, 985 F.3d 657, 668–69; Ninth Cir. Model Nos. 9.3, 9.34 & Comment (2025).

#### 2.    *Group "any defendant" framing*

The form's "any defendant" phrasing invites impermissible collective liability. Section 1983 liability requires personal participation and an individualized assessment of each defendant's own conduct; the form must use a defendant-by-defendant grid.  Authority: *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Leer v. Murphy*, 844 F.2d 628, 633–34.

///

**LIBERTY DEFENDANTS' OBJECTIONS TO VERDICT FORMS**
Case No. 3:21-cv-01428-RBM-DDL

**B.    Claim 1 – Fourteenth Amendment Medical Care (Question 1)**

*1.    The single, conclusory question omits the required elements and Causation*

Question 1 asks only whether a defendant "violated" the Fourteenth Amendment right to medical care and then routes directly to damages. A pretrial-detainee medical-care claim has four elements the jury must separately find — (i) an intentional decision regarding conditions of confinement or medical care; (ii) substantial risk of serious harm; (iii) failure to take reasonable available measures, where a reasonable person would have appreciated the high degree of risk (objectively unreasonable conduct); and (iv) causation. The question should be replaced with separate per-defendant findings on each element, including a discrete causation finding, and the jury instructed that all elements must be found before liability attaches. Authority: *Gordon*, 888 F.3d 1118, 1124–25; *Sandoval*, 985 F.3d 657, 668–69; Ninth Cir. Model Nos. 9.3, 9.34 & Comment (2025).

*2.    The bare "violated the right" framing misstates the standard*

Without the elements, the question permits a finding of liability on ordinary negligence, which is insufficient as a matter of law; the claim is governed by an objective standard requiring more than negligence and objectively unreasonable conduct. Authority: *Gordon*, 888 F.3d 1118, 1124–25; *Sandoval*, 985 F.3d 657, 668–69.

*3.    Plaintiffs added a causation finding for negligence but omitted causation from the constitutional claim*

Plaintiffs' revised form now includes a separate causation question for the state negligence claim — new Question 4 asks whether each defendant's negligence was "a substantial factor in causing" Joseph Morton's death — but it adds no corresponding causation element to the Fourteenth Amendment claim, which in Question 1 still routes directly to damages. Plaintiffs thus concede on the face of their own form that causation is a required, separately-found element, yet omit it from the

4

Section 1983 claim, where the Ninth Circuit requires an individualized causation finding as to each defendant. The constitutional claim must likewise include a discrete, per-defendant causation finding, and the survival-damages questions must be gated on that finding.  Authority: *Gordon*, 888 F.3d 1118, 1124–25; *Sandoval*, 985 F.3d 657, 668–69; *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988).

### C.    Claim 2 – *Monell*/Entity Liability (Question 2)

*1.    The question is compound, uses a term not in the instructions, and omits required elements.*

Question 2 collapses "Unconstitutional Policy/Custom and/or Unconstitutional Training" into a single "and/or" question. It uses the word "custom," which does not appear in the operative Stipulated Jury Instruction No. 25; it omits the predicate requirement that an employee committed an underlying constitutional violation; and it omits the "moving force" causation element. Entity liability is contingent on an underlying violation and a direct causal link between the policy or training deficiency and the deprivation.  Authority: Ninth Cir. Model Nos. 9.5, 9.8 & Comment (2025); *Monell*, 436 U.S. 658, 691, 694; *City of Canton*, 489 U.S. 378, 388–91; *Connick*, 563 U.S. 51, 61–62; *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021); *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024).

*2.    The question conflates the County and Liberty and ignores Liberty's status*

County and Liberty Healthcare face distinct theories and must be submitted as separate questions, each gated on a predicate violation by that entity's own employee. Liberty Healthcare, a private contractor acting under color of state law, is subject to the same *Monell* requirements and cannot be held liable on respondeat superior. The entity theories should be stated as separate, gated questions requiring a "moving force" finding — for Liberty, a separate failure-to-train question and (if permitted) a separate policy-of-inaction question.  Authority: *Tsao*, 698 F.3d 1128, 1139; *West v. Atkins*, 487 U.S. 42, 54 (1988); Ninth Cir. Model Nos. 9.5, 9.8.

5

### D.    State Law Claims (Question 3)

*1.    The question applies the wrong standard of care*

Question 3 poses a single, undifferentiated "negligence" question that applies the lay "reasonable person" standard rather than the professional standard of care applicable to Dr. Rahmani, Dr. Berlin, and Mr. Kagay. The professional standard of care must be specified.  Authority: CACI Nos. 400, 500; *Evans v. Hood Corp.*, 5 Cal.App.5th 1022, 1050–51 (2016).

*2.    Liberty Healthcare is not – or cannot be – a direct negligence Defendant*

Liberty Healthcare's liability on the negligence claims is vicarious only; it cannot appear on the direct negligence line and cannot be assigned its own separate percentage of fault. As a corporation, Liberty Healthcare is legally barred from practicing medicine or psychology and cannot itself render patient care or commit professional negligence; its sole exposure for the alleged conduct of Dr. Rahmani, Dr. Berlin, and Mr. Kagay is vicarious, under the doctrine of respondeat superior. A vicariously liable employer is not allotted an independent share of comparative fault on the verdict form; its liability is derivative of, and equal to, the fault apportioned to its providers. *See* Cal. *Bus. & Prof. Code* §§ 2400, 2907; *People ex rel. State Bd. of Medical Examiners v. Pacific Health Corp.*, 12 Cal.2d 156, 158–59 (1938); *Conrad v. Medical Bd. of Cal.*, 48 Cal.App.4th 1038, 1042–44 (1996) (a corporation cannot itself practice the healing arts); see also CACI No. 3700; Civ. Code § 1431.2.

### E.    Apportionment of Fault (Question 7)

*1.    A single, lumped "Defendant(s)" line cannot support the several allocation the law requires.*

California requires that non-economic damages be allocated to each tortfeasor individually, in proportion to fault; a lumped "Defendant(s)" line is improper. The form also fails to separate economic damages (joint and several) from non-economic damages (several only); fails to distinguish the federal § 1983 damages (joint and

6

several, not reduced by comparative fault) from the state-law damages; omits allocation to the County, Janine Sparks, and Marilyn Morton (whose comparative fault in failing to relay Joseph Morton's suicidal statements is at issue); and improperly assigns Liberty Healthcare its own fault percentage despite its vicarious-only liability. *See Civ. Code* § 1431.2; *DaFonte v. Up-Right, Inc.*, 2 Cal.4th 593, 600, 603 (1992); *Wilson v. Ritto*, 105 Cal.App.4th 361, 367–69 (2003); CACI Nos. 405, 406, 3700.

### 2.    *Apportionment cannot sweep in the federal claims*

Comparative fault apportionment governs only the state law claims. *See Civ. Code* § 1431.2.

### F.    <u>Damages (Questions 5-6)</u>

#### 1.    *The form lumps federal and state damages and submits barred Categories*

Pre-death pain and suffering and "loss of life" are recoverable here only as Section 1983 survival remedies; they are not recoverable on the state survival claim, because California's survival statute bars a decedent's pre-death pain and suffering for an action filed before January 1, 2022 (this action was filed in 2021) and provides no "loss of life" recovery. "Loss of life" must be separately defined and submitted, not bundled with pain and suffering. The economic damages Plaintiffs claim through their economist are wrongful-death losses (the parents' loss of support), not survival damages. Damages must be parsed by claim and source. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014); *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102–03 (9th Cir. 2021); *Code Civ. Proc.* §§ 377.34, 377.60–377.61; CACI No. 3921.

#### 2.    *The damages triggers bypass causation*

The form routes survival damages off a mere finding of "violation" (Question 1) or *Monell* liability (Question 2), neither of which contains a causation finding. Damages must be gated on a liability finding that includes causation. *See Gordon*,

888 F.3d 1118, 1124–25; *Sandoval*, 985 F.3d 657, 668–69.

>            3.      *The survival-damages table lists a wrongful-death category as a survival item*

Question 5's survival-damages table lists "Loss of Earnings" as a component of Joseph Morton's damages. A decedent's lost future earnings are not a recoverable survival remedy; the survival statute limits recovery to the losses or penalties the decedent sustained before death (and, for actions filed on or after January 1, 2022, pre-death pain and suffering) — not lost future earnings. The economic loss Plaintiffs claim through their economist is the parents' wrongful-death loss of financial support, recoverable, if at all, only on the wrongful-death claim. Listing "Loss of Earnings" as a survival item mischaracterizes the damages and invites a double recovery. *See Code Civ. Proc.* §§ 377.34, 377.61; CACI No. 3921.

> **G.      Punitive Damages (Questions 8–9)**

>            1.      *The form does not reflect Plaintiffs' waiver of the state-law punitive claim*

Plaintiffs' counsel has represented that Plaintiffs will waive their state-law claim for punitive damages and will seek punitive damages only under 42 U.S.C. § 1983. The proposed form does not reflect that waiver: Question 8 submits a single malice question and Question 9 a single punitive-damages amount, without stating that punitive damages are sought only under the federal standard and without removing the state-law punitive theory. The form should be revised to confirm that punitive damages are submitted solely under Section 1983. To the extent the form is read to preserve a state-law punitive claim, the Liberty Defendants object: a state-law punitive claim requires the separate malice, oppression, or fraud standard proven by clear and convincing evidence and a managing-agent predicate for any corporate defendant, and is in any event unavailable in a wrongful-death action. *See Cal. Civ. Code* § 3294(a), (b); *Code Civ. Proc.* §§ 377.34, 377.61; CACI Nos. 3940, 3943, 3945.

**LIBERTY DEFENDANTS' OBJECTIONS TO VERDICT FORMS**
Case No. 3:21-cv-01428-RBM-DDL

>    2.    *The federal punitive-damages questions remain improperly structured*

Even as a federal-only submission, Questions 8 and 9 are defective. Question 9 calls for a single lump-sum punitive award rather than a separate amount as to each defendant; under Section 1983, punitive damages are assessed against each individual defendant based on that defendant's own culpability and are not joint and several. Question 8 also lists Liberty Healthcare on the malice line, although the availability of punitive damages against the entity in this posture is, at a minimum, distinct from individual punitive liability and should not be submitted without a separate predicate finding. Any punitive amount should further be determined in a separate, bifurcated proceeding based on each defendant's culpability and financial condition. *See Smith v. Wade*, 461 U.S. 30, 56 (1983); Ninth Cir. Model No. 5.5; *Cal. Civ. Code* § 3295(d).

## IV.    OBJECTIONS TO COUNTY DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

The Liberty Defendants agree with much of the special-verdict structure in the County Defendants' proposed form, including its element-by-element submission of the Fourteenth Amendment claim and its predicate-violation and "moving force" gating of the Monell questions. The Liberty Defendants object, however, to the following respects in which the County's form departs from the governing law or from the Liberty Defendants' distinct posture.

### A.    The Form Enters Damages Against Liberty Healthcare On Claims It Never Submits For Decision

The County's revised form no longer submits any liability question against Liberty Healthcare, yet it still enters damages against it. The revised form omits Liberty Healthcare from the *Monell* section (Claim 2) and, by deleting the state-law negligence section in its entirety, submits no negligence or causation question against Liberty Healthcare or the individual Liberty providers on the state-law claims. Question 16 nevertheless directs the jury to enter Joseph Morton's survival damages

against "Liberty Healthcare (Claims 2 and 4-5)" and against Dr. Rahmani, Dr. Berlin, and Mr. Kagay on "Claims 1 and 4-5." A verdict form cannot impose damages on a claim the jury was never asked to decide. The form must either supply the predicate liability findings for each such claim—a *Monell* question as to Liberty Healthcare and negligence and causation questions as to each Liberty defendant—or delete the references to those unadjudicated claims, as set out in the Liberty Defendants' proposed form.  *See* Fed. R. Civ. P. 49(a).

**B.      The Form Omits Any Allocation Of Comparative Fault**

By deleting the state-law negligence section in its entirety, the County's revised form eliminates any question allocating comparative fault among the responsible persons. That omission prejudices the Liberty Defendants. Non-economic damages on the state-law negligence and wrongful-death claims are several only, and each defendant is liable for those damages only in proportion to his own share of fault. Without an allocation-of-fault question, the jury cannot make the several apportionment the law requires, and the Liberty providers are left exposed to the entire measure of non-economic damages regardless of the fault of others. The form should include an allocation-of-fault question for the state-law claims, as set out in the Liberty Defendants' proposed form.  *See Civ. Code* § 1431.2; *DaFonte v. Up-Right, Inc.*, 2 Cal.4th 593, 600, 603 (1992); CACI Nos. 405, 406.

**C.      The County And Ms. Sparks Must Remain In The Allocation Of Fault**

To the extent the County contends that it and Ms. Sparks must be removed from the allocation of fault because the state-law claims against them were dismissed at summary judgment, the Liberty Defendants object. Whether that dismissal forecloses the jury from allocating comparative fault to the County and Ms. Sparks is governed, in this federal action, by Federal Rule of Civil Procedure 56 and federal issue-preclusion principles — not by any state summary-judgment statute. Under those principles, a prior ruling forecloses a later determination of an issue only where the

10

identical issue was *actually litigated and necessarily decided* in the earlier proceeding. The Court's December 16, 2024 summary-judgment order (ECF 250) neither litigated nor decided whether the County or Ms. Sparks was at fault. To the contrary, the Court denied summary judgment on the merits of the professional-negligence claim, holding that "a reasonable jury could determine that" Ms. Sparks's actions "were objectively unreasonable," and it dismissed the professional-negligence and wrongful-death claims against the County and Ms. Sparks solely on statutory immunity under California Government Code sections 844.6 and 845.6. A determination of statutory immunity is not a determination that a party was without fault; immunity presupposes conduct that might otherwise be actionable. Because the fault of the County and Ms. Sparks was neither actually litigated nor necessarily decided, the Rule 56 ruling has no preclusive effect on the jury's allocation of comparative fault, and California's substantive several-liability rule permits fault to be allocated to a person who is immune or no longer a party so long as there is evidence of that person's fault. The County and Ms. Sparks should therefore remain on the state-law allocation of fault, together with Marilyn Morton (whose comparative fault in failing to relay Joseph Morton's suicidal statements is at issue) and Joseph Morton. *See* Fed. R. Civ. P. 56(a); *Montana v. United States*, 440 U.S. 147, 153 (1979); *Arizona v. California*, 530 U.S. 392, 414 (2000); *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019); *Civ. Code* § 1431.2; *DaFonte v. Up-Right, Inc.*, 2 Cal.4th 593, 600, 603 (1992); CACI No. 406.

### D.    The Form Improperly Lumps Federal And State Survival Damages

The County's form submits one survival-damages number, entered jointly and severally across the federal and state claims. This obscures that the Section 1983 survival recovery (joint and several, not reduced by comparative fault) is distinct from the state survival recovery, which is limited – there is no "loss of life" recovery under state law – and from the state recovery's comparative fault and several-only treatment. Survival damages should be parsed by source and gated on the appropriate causation

11

findings.  *See Chaudhry*, 751 F.3d 1096, 1105; *Valenzuela*, 6 F.4th 1098, 1102–03; *Code Civ. Proc.* §§ 377.34, 377.61; *Civ. Code* § 1431.2.

### E.    The Threshold "Deprivation" Question Is Conclusory And Duplicative

Question 1 asks, as a threshold matter, whether each defendant "deprive[d]" Joseph Morton of his Fourteenth Amendment right — the ultimate legal conclusion — before the form asks the jury to find the individual elements of that claim in Questions 3 through 7. Posing the ultimate question first invites the jury to decide liability before making the required element findings and creates a risk of inconsistent answers. The compound "safe conditions of confinement and/or needed medical care" phrasing also blends a conditions-of-confinement theory with the medical-care theory actually at issue as to the Liberty providers. The threshold question should be removed and the claim submitted element by element, as in the Liberty Defendants' proposed form.  *See Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018); Fed. R. Civ. P. 49(a).

### F.    Amount Of Punitive Damages Should Not Be Included

The revised form no longer submits a state-law punitive claim, which is consistent with Plaintiffs' abandonment of that claim. As to the federal punitive submission, however, the form is internally inconsistent: it lists Liberty Healthcare on the punitive-amount line (Question 18) but not on the entitlement line (Question 17), and it submits punitive damages against Liberty Healthcare even though the form contains no Section 1983 claim against Liberty Healthcare on which such an award could rest. Liberty Healthcare should be removed from the punitive questions.  Any punitive amount should be determined in a separate, bifurcated proceeding based on each defendant's own culpability and financial condition. *See* Cal. *Civ. Code* §§ 3294 and 3295.

///

///

## V.    RESERVATION OF RIGHTS

These objections are made without waiver of, and expressly preserve, the Liberty Defendants' contention that the evidence is insufficient to support submission of any claim to the jury. The Liberty Defendants reserve the right to object further to any revised verdict form and to propose additional or alternative questions and special interrogatories.

## VI.    CONCLUSION

For the foregoing reasons, the Liberty Defendants respectfully request that the Court adopt the Liberty Defendants' [Proposed] Verdict Form, or require that Plaintiffs' and the County Defendants' forms be revised to cure the deficiencies identified above.

Date:  July 1, 2026                              Tressler LLP

By: _____
        Corey E. Krueger, Esq.
        Alexandra Sennet, Esq.
        Attorneys for Defendants, BIJAN
        RAHMANI, MATTHEW BERLIN,
        CHRISTOPHER KAGAY, and
        LIBERTY HEALTHCARE OF
        CALIFORNIA, INC., erroneously sued
        and served herein as Liberty Healthcare

**LIBERTY DEFENDANTS' OBJECTIONS TO VERDICT FORMS**
Case No. 3:21-cv-01428-RBM-DDL