Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
Grace Jun Law PC
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
TEL: (619) 841-1408

Ryan W. Stitt, Esq., SBN 273651
rstitt@stittvu.com
Stitt Vu Trial Lawyers
501 West Broadway, Suite 730
San Diego, CA 92101
Telephone:  (619) 255-0553

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually. <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO *et al*. <br><br> Defendants. | Case No. 21-cv-01428-RBM(DDL) <br><br> **PLAINTIFFS' OBJECTIONS TO SPECIAL VERDICT FORM PROPOSED BY DEFENDANTS LIBERTY HEALTHCARE OF CALIFORNIA, INC., BIJAN RAHMANI, MATTHEW BERLIN, AND CHRISTOPHER KAGAY** |

Plaintiffs submit the following objections to the proposed verdict form of Defendants Liberty Healthcare, Bijan Rahmani, Matthew Berlin, and Christopher Kagay (collectively, "Liberty Defendants"):

1.     The Liberty Defendants' proposed special verdict form is needlessly confusing with multiple interrogatories for each cause of action that constitutes surplusage. A recent Ninth Circuit decision summarizes the flaws in the lengthy and convoluted verdict forms proposed by Defendants:

> Here, the district court included separate questions for each claim of liability, causation, and the affirmative defenses but declined to include separate questions for each element of Wholesalers' claims or Prestige's affirmative defenses. By crafting the special verdict form in this way, the district court summarized the law in a manageable and comprehensible manner . . . The judge opted for a straight line instead of taking Prestige's scenic route, which would have both wasted jurors' time and risked them missing the forest for the trees. The key is to view the instructions together, rather than as fragments. Viewing the district court's instructions as a whole, we see that they fully and fairly presented the complicated issues in this case to the jury.

*LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 617-18 (9th Cir. 2026)

2.     The Liberty Defendants' interrogatories on their proposed special verdict form are contrary to controlling Ninth Circuit authority.  For example:

a. There is no comparative fault in § 1983 actions when an injury is indivisible. *See Hazle v. Crofoot*, 727 F.3d 983, 994–95 (9th Cir. 2013). The injury suffered by Joseph Morton under 42 U.S.C. § 1983 is an indivisible injury because the concurrent actions of all the defendants caused Mr. Morton harm. *Id.* at 995, *citing Rudelson v. United States*, 602 F.2d 1326, 1332 (9th Cir. 1979) ("Here the injuries were indivisible; all of the defendants, acting concurrently,

OBJECTION TO LIBERTY DEFENDANTS' PROPOSED VERDICT FORM
CASE NO. 21-CV-01428-RBM(DDL)

proximately caused the pilots' deaths. Had any one of the defendants exercised due care, none of the injuries would have occurred. Consequently, each defendant is liable for all of the damages stemming from the collision.")

 b. Liability is generally joint and several under the federal common law. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 163 (2003)("this Court's repeated statements that joint and several liability is the traditional rule."). For this reason, "[u]nder current Ninth Circuit law, there is no right of indemnification under Section 1983. This Court, in line with other district courts, finds that Section 1983 also does not provide the related right of contribution. Section 1983 has not created such rights expressly or by implication, and no right of contribution or right of indemnification arises under the 'few and restricted' areas of federal common law." *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1146–47 (N.D. Cal. 2015).

 c. Liberty Defendants' instruction to the jury that questions related to *Monell* entity liability against the County of San Diego can only be answered if individual County defendant Janine Sparks is first found liable in this matter contravenes established Ninth Circuit authority. *See, e.g., Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019) ("[M]unicipal defendants may be liable under § 1983 even in situations in which no individual officer is held liable for violating a plaintiff's constitutional rights."); *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002)("These alleged constitutional deprivations were not suffered as a result of actions of the individual officers, but as a result of the collective inaction of the Long Beach Police Department.").

OBJECTION TO LIBERTY DEFENDANTS' PROPOSED VERDICT FORM
CASE NO. 21-CV-01428-RBM(DDL)

d. For these same reasons, Liberty Defendants' instruction to the jury that questions related to *Monell* entity liability against Liberty can only be answered if individual Liberty defendants are found liable is legally erroneous.

3. The prompts for the Liberty Defendants' proposed verdict form contain confusing instructions that are best suited for jury instructions. The prompts also do not make sense. For example, the prompt following question 1 states "For each Defendant you answered 'No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant." But there is no explanation as to which questions are part of "Claim 1." Such language invites juror confusion and error.

4. Plaintiffs intend to proffer evidence that decedent Joseph Morton suffered economic damages including loss of future income and earnings potential. But Liberty Defendants' interrogatory for damages does not permit the jury to award economic damages for Joseph Morton.

Respectfully submitted,

*s/ Grace Jun*
Dated:  July 1, 2026          Grace Jun, Esq.
                             Attorneys for Plaintiffs

OBJECTION TO LIBERTY DEFENDANTS' PROPOSED VERDICT FORM
CASE NO. 21-CV-01428-RBM(DDL)