Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
Grace Jun Law PC
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
TEL: (619) 841-1408

Ryan W. Stitt, Esq., SBN 273651
rstitt@stittvu.com
Stitt Vu Trial Lawyers
501 West Broadway, Suite 730
San Diego, CA 92101
Telephone:  (619) 255-0553

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually. <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO *et al*. <br><br> Defendants. | Case No. 21-cv-01428-RBM(DDL) <br><br> **PLAINTIFFS' OBJECTIONS TO SPECIAL VERDICT FORM PROPOSED BY DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS** |

Plaintiffs submit the following objections to Defendants County of San Diego's and Janine Sparks' (collectively, "County Defendants") proposed special verdict form:

1.     The County Defendants' proposed special verdict form, like Liberty Defendants' proposed verdict form, is needlessly confusing with multiple interrogatories for each cause of action that constitutes surplusage. A recent published Ninth Circuit decision accurately summarizes the flaws in the lengthy and convoluted verdict forms proposed by Defendants:

> Here, the district court included separate questions for each claim of liability, causation, and the affirmative defenses but declined to include separate questions for each element of Wholesalers' claims or Prestige's affirmative defenses. By crafting the special verdict form in this way, the district court summarized the law in a manageable and comprehensible manner . . . The judge opted for a straight line instead of taking Prestige's scenic route, which would have both wasted jurors' time and risked them missing the forest for the trees. The key is to view the instructions together, rather than as fragments. Viewing the district court's instructions as a whole, we see that they fully and fairly presented the complicated issues in this case to the jury.

*LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 617-18 (9th Cir. 2026)

2.     The County Defendants' instructions and prompts on their proposed special verdict form are contrary to controlling Ninth Circuit authority. For example:

a.   County Defendants' instruction to the jury that questions related to *Monell* entity liability against the County can only be answered if individual County Defendant is first found liable in this matter contravenes established Ninth Circuit authority. *See, e.g., Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019) ("[M]unicipal defendants may be liable under § 1983 even in

2

situations in which no individual officer is held liable for violating a plaintiff's constitutional rights."); *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002)("These alleged constitutional deprivations were not suffered as a result of actions of the individual officers, but as a result of the collective inaction of the Long Beach Police Department.").

**b.**  As the Tenth Circuit explained in *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020), in some cases, "municipal policy devolves responsibility across multiple officers. In those situations, the policies may be unconstitutional precisely because they fail to ensure that any single officer is positioned to prevent the constitutional violation." For this reason, a "municipality may not escape liability by acting through twenty hands rather than two." *Id.* A municipality may still be held responsible when a constitutional violation occurs "as a result of multiple officials' actions or inactions." *Id.*

3.  The County Defendants' proposed verdict form contains excessive language and instruction that is confusing and misleading. For example, the instruction for Question 16 states:

> Enter the survival-damages amount from Question 15 against each Defendant you found liable, on the claim indicated. The single amount in Question 15 is entered jointly and severally against every Defendant you mark "Yes"; do not write a new or additional dollar figure here, and do not enter it against any Defendant you did not find liable.

The purpose of this prompt seems to be to confuse jurors as to what damages can be awarded to Plaintiffs. In any event, this language also contravenes established Ninth Circuit law. The issue of apportionment is not appropriate for submission to the jury. *Hazle v. Crofoot*, 727 F.3d 983, 994–95 (9th Cir. 2013) ("Hazle independently challenges the jury instruction and verdict form that allowed the jury to decide this question, contending that the district judge should have concluded, as a matter of

PLAINTIFFS' OBJECTIONS TO COUNTY'S PROPOSED VERDICT FORM
CASE NO. 21-CV-01428-RBM(DDL)

law, that Hazle was entitled to compensatory damages and that defendants were jointly and severally liable for his injuries. He is correct."). Additionally, because Mr. Morton suffered an indivisible injury his damages cannot be apportioned. *Id*. at 995.

4.  Moreover, liability is generally joint and several under the federal common law. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 163 (2003)("this Court's repeated statements that joint and several liability is the traditional rule."). For this reason, "[u]nder current Ninth Circuit law, there is no right of indemnification under Section 1983. This Court, in line with other district courts, finds that Section 1983 also does not provide the related right of contribution. Section 1983 has not created such rights expressly or by implication, and no right of contribution or right of indemnification arises under the 'few and restricted' areas of federal common law." *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1146–47 (N.D. Cal. 2015).

5.    The instructions of the County's proposed verdict form emphasize the County's absence of liability or immunity to damages in a way obviously intended to persuade the jury. For example, in the instructions for Question 17 and Question 18, the instructions emphasize that the County of San Diego cannot be assessed punitive damages even though the interrogatory does not even permit the jury to award punitive damages against the County. Such language is highly prejudicial to Plaintiffs.

Respectfully submitted,

Dated:  July 1, 2026

*s/ Grace Jun*
Grace Jun, Esq.
Attorneys for Plaintiffs

4

PLAINTIFFS' OBJECTIONS TO COUNTY'S PROPOSED VERDICT FORM
CASE NO. 21-CV-01428-RBM(DDL)