JOSEPH LEVENTHAL (SBN 221043)
jleventhal@glaserweil.com
JOSEPH ORABONA (SBN 223317)
jorabona@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Tele: (619) 765-4380

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, individually and as Successor in Interest to JOSEPH MORTON; and DEAN MORTON, individually, | CASE NO.: 21-cv-1428-RBM-DDL |
| Plaintiffs, | **DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM** |
| v. | |
| COUNTY OF SAN DIEGO; BIJAN RAHMANI, individually; MATTHEW BERLIN, individually; LIBERTY HEALTHCARE; JANINE SPARKS, individually; CHRISTOPHER KAGAY, individually; and DOES 1-10, inclusive, | Hon. Ruth Bermudez Montenegro Courtroom 5D |
| Defendants. | |

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

We, the jury in the above-entitled action, unanimously make the following special findings of fact. Answer the questions in the order presented and follow the directions after each question.

## A.  CLAIM 1 - FOURTEENTH AMENDMENT, INADEQUATE MEDICAL CARE

### (42 U.S.C. § 1983) (INDIVIDUAL DEFENDANTS)

*Answer Questions 1 through 7 separately as to each Individual Defendant: Bijan Rahmani, Matthew Berlin, Janine Sparks, and Chris Kagay. An Individual Defendant is liable on Claim 1 only if you answer "Yes" to Questions 1, 2, 3, 4, 5, 6 and 7 as to that Defendant.*

**QUESTION 1.**  Did Defendant's actions or failure to act deprive Joseph Morton of his Fourteenth Amendment right to safe conditions of confinement and/or needed medical care?

　　　Bijan Rahmani:    Yes _____ No _____

　　　Matthew Berlin:    Yes _____ No _____

　　　Janine Sparks:    Yes _____ No _____

　　　Chris Kagay:    Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

**QUESTION 2.**  Was the Defendant's conduct an actual cause of the claimed injury to Joseph Morton (that is, the Defendant's conduct is the actual cause of the injury only if the injury would not have occurred but for that conduct and the conduct has a sufficient connection to the result)?

Bijan Rahmani:    Yes _____ No _____

Matthew Berlin:    Yes _____ No _____

Janine Sparks:    Yes _____ No _____

Chris Kagay:    Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

**QUESTION 3.** Did the Defendant make an intentional decision regarding the conditions under which Joseph Morton was confined and/or the denial of needed medical care?

Bijan Rahmani:    Yes _____ No _____

Matthew Berlin:    Yes _____ No _____

Janine Sparks:    Yes _____ No _____

Chris Kagay:    Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

**QUESTION 4.** Did the conditions of confinement and/or denial of needed medical care put Joseph Morton at substantial risk of suffering serious harm?

Bijan Rahmani:    Yes _____ No _____

Matthew Berlin:    Yes _____ No _____

Janine Sparks:    Yes _____ No _____

Chris Kagay:    Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

**QUESTION 5.** Did the Defendant fail to take reasonable available measures to abate or reduce the risk of serious harm?

    Bijan Rahmani:   Yes _____ No _____

    Matthew Berlin:   Yes _____ No _____

    Janine Sparks:   Yes _____ No _____

    Chris Kagay:   Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

**QUESTION 6.** Would a reasonable official under the circumstances facing the Defendant have understood the high degree of risk involved - making the consequences of the Defendant's conduct obvious (that is, was the Defendant's conduct objectively unreasonable)?

    Bijan Rahmani:   Yes _____ No _____

    Matthew Berlin:   Yes _____ No _____

    Janine Sparks:   Yes _____ No _____

    Chris Kagay:   Yes _____ No _____

*For each Defendant you answered "No," that Defendant is not liable on Claim 1; do not answer the remaining Claim 1 questions as to that Defendant. For each Defendant you answered "Yes," proceed to the next question as to that Defendant.*

**QUESTION 7.** Did the Defendant's failure to take such measures cause Joseph Morton's injuries?

    Bijan Rahmani:   Yes _____ No _____

    Matthew Berlin:   Yes _____ No _____

    Janine Sparks:   Yes _____ No _____

    Chris Kagay:   Yes _____ No _____

Glaser Weil

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

**B. CLAIM 2 - FOURTEENTH AMENDMENT *MONELL* MUNICIPAL LIABILITY (42 U.S.C. § 1983) (COUNTY OF SAN DIEGO AND LIBERTY HEALTHCARE))**

*Answer this Section only if found in Claim 1 that an Individual Defendant violated Joseph Morton's Fourteenth Amendment right to safe conditions of confinement and/or needed medical care by answering "Yes" to Questions 1, 2, 3, 4, 5, 6, and 7. An entity is not liable unless an underlying constitutional violation occurred, and no entity may be held liable merely because it employed a person who committed a violation.*

County of San Diego (unconstitutional policy / failure to adequately train):

*Answer Questions 8, 9, 10, 11, 12, 13 and 14 only if you found Janine Sparks liable on Claim 1 (Questions 1-7). Ms. Sparks is the only County employee at issue; if you did not find Ms. Sparks liable on Claim 1, the County of San Diego is not liable on Claim 2 and you do not need to answer Questions 8, 9, 10, 11, 12, 13 and 14, and you should proceed to Question 15.*

**QUESTION 8.** Did Janine Sparks' actions or failure to act deprive Joseph Morton of his Fourteenth Amendment right to safe conditions of confinement and/or needed medical care?

County of San Diego:     Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15.*

**QUESTION 9.**   Were the training policies of the County of San Diego inadequate to prevent the Fourteenth Amendment violation or train Janine Sparks to handle the unusual and recurring situations with which she must deal?

County of San Diego:     Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15.*

**QUESTION 10.**  Was the County of San Diego deliberately indifferent to the substantial risk that its policies to train were inadequate to prevent a Fourteenth Amendment violation by Janine Sparks or known or obvious consequences of its failure to train Janine Sparks adequately (that is, did the County of San Diego engage in a conscious choice to disregard a known or obvious consequence of one's acts or omissions)?

County of San Diego:    Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15.*

**QUESTION 11.**  Did the County of San Diego's failure to prevent a Fourteenth Amendment violation and/or provide adequate training cause the deprivation of Joseph Morton's rights by Janine Sparks (that is, did the County of San Diego's failure to prevent the Fourteenth Amendment violation or to train play a substantial part in bringing about or actually causing the injury or damage to Joseph Morton)?

County of San Diego:    Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15.*

**QUESTION 12.**  Did the County of San Diego fail to adequately train its employees on suicide prevention?

County of San Diego:    Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15. If "Yes," answer Question 13.*

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

**QUESTION 13.** Did the failure to adequately train County employees on suicide prevention amount to deliberate indifference to the constitutional rights of persons such as Joseph Morton?

County of San Diego:    Yes _____ No _____

*If you answered "No," the County of San Diego is not liable on Claim 2; proceed to Question 15. If "Yes," answer Question 14.*

**QUESTION 14.** Was the County's failure to train the moving force that caused the violation of Joseph Morton's Fourteenth Amendment rights?

County of San Diego:    Yes _____ No _____

Liberty Healthcare:

*Answer Questions 15, 16, 17, and 18 if you found Bijan Rahmani, Matthew Berlin, or Christopher Kagay liable on Claim 1 (Questions 1-5). If you did not find any of Dr. Rahmani, Dr. Berlin, or Mr. Kagay liable on Claim 1, Liberty Healthcare is not liable on Claim 2 - do not answer Questions 15, 16, 17, and 18, and proceed to Question 19.*

**QUESTION 15.** Did Liberty Healthcare fail to adequately train its employees on suicide prevention, and did that failure amount to deliberate indifference to the constitutional rights of persons such as Joseph Morton?

Liberty Healthcare:    Yes _____ No _____

**QUESTION 16.** Was the Liberty Healthcare's failure to train the moving force that caused the violation of Joseph Morton's Fourteenth Amendment rights?

Liberty Healthcare:    Yes _____ No _____

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

**QUESTION 17.** Did Liberty Healthcare have a policy of inaction (that is, a failure to implement adequate procedures or safeguards to identify, treat, or monitor detainees at risk of suicide), and did that failure amount to deliberate indifference to the constitutional rights of persons such as Joseph Morton?

Liberty Healthcare:        Yes _____ No _____

**QUESTION 18.** Was the Liberty Healthcare's policy of inaction the moving force that caused the violation of Joseph Morton's Fourteenth Amendment rights?

Liberty Healthcare:        Yes _____ No _____

**C.  CLAIMS 4 and 5 – STATE-LAW CLAIMS (Against Rahmani, Berlin, Kagay, and Liberty Healthcare)**

**QUESTION 19.** Was the following defendant negligent in his care or treatment of Joseph Morton, as explained in the Court's instructions? Answer separately as to each defendant.

Bijan Rahmani:    Yes _____ No _____
Matthew Berlin:    Yes _____ No _____
Chris Kagay:        Yes _____ No _____

*If you answered "No" as to every defendant in Question 12, skip Question 13 and proceed to Question 21.*

**QUESTION 20.** For each defendant for whom you answered "Yes" in Question 19, was that defendant's negligence a substantial factor in causing Joseph Morton's death? (Leave blank any defendant you answered "No" in Question 19.)

Bijan Rahmani:    Yes _____ No _____
Matthew Berlin:    Yes _____ No _____
Chris Kagay:        Yes _____ No _____

### D. DAMAGES (CLAIMS 1, 2, 4, and 5))[1]

*Answer this Section only if you found an Individual Defendant liable on Claim 1 (Questions 1-7) or Defendants County of San Diego or Liberty Healthcare liable on Claim 2 (Questions 8-18). These are Joseph Morton's survival damages - the damages Joseph Morton himself sustained before his death, including his pre-death pain and suffering as permitted by the Court's instructions. Do not include the heirs' wrongful-death damages, which are addressed separately in Section E.*

Survival Damages (Federal Civil-Rights Damages: Estate of Joseph Morton) (42 U.S.C. § 1983)

**QUESTION 21.**  What is the total amount of Joseph Morton's survival damages? Award this amount only once. Joseph Morton's estate may recover his survival damages only one time, regardless of the number of Defendants or claims on which you have found liability.

Total survival damages of Joseph Morton:    $ _____

**QUESTION 22.**  Enter the survival-damages amount from Question 21 against each Defendant you found liable, on the claim indicated. The single amount in Question 21 is entered jointly and severally against every Defendant you mark *"Yes"*; do not write a new or additional dollar figure here, and do not enter it against any Defendant you did not find liable.

Janine Sparks (Claim 1):            Yes _____        No _____

County of San Diego (Claim 2):      Yes _____        No _____

Bijan Rahmani (Claim 1):            Yes _____        No _____

---

[1]  With leave from the Court, the County Defendants may request that the Damages Phase of the Trial be bifurcated after the original verdict is returned on Questions 1 through 20. Therefore, Questions 21, 22, 23, and 24 will be presented to the jury on a separate verdict form only if liability is found as to a Defendant above

Glaser Weil

Matthew Berlin (Claim 1):      Yes _____      No _____

Chris Kagay (Claim 1):         Yes _____      No _____

Liberty Healthcare (Claim 2):  Yes _____      No _____

Wrongful Death Damages (Rahmani, Berlin, Kagay, Liberty Healthcare):

**QUESTION 23.**  *Answer this question only if you answered "Yes" to Question 20.*

| | |
|---|---|
| Marilyn Morton: economic loss (financial support, gifts, benefits, and services she would have received from Joseph Morton during her lifetime) | $ _____ |
| Marilyn Morton: noneconomic loss (loss of love, companionship, comfort, care, society, moral support) | $ _____ |
| Dean Morton: economic loss (financial support, gifts, benefits, and services he would have received from Joseph Morton during his lifetime) | $ _____ |
| Dean Morton: noneconomic loss (loss of love, companionship, comfort, care, society, moral support) | $ _____ |

Allocation of Fault (State Law Claims – Rahmani, Berlin, Kagay)

**QUESTION 24.**  *Answer this question only if you awarded wrongful death damages in Question 23. Assign to each person listed below a percentage of responsibility for Joseph Morton's death, based on that person's fault, if any; the percentages must total 100%.*

| | |
|---|---|
| Bijan Rahmani | _____ % |
| Matthew Berlin | _____ % |

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

| | |
|---|---|
| Christopher Kagay | _____ % |
| Joseph Morton | _____ % |
| Marilyn Morton | _____ % |
| **TOTAL** | **100 %** |

### F. PUNITIVE DAMAGES[2]

*In Question 25, do not award any amount of punitive damages; you decide only whether Plaintiff has proven entitlement. Punitive damages may not be awarded against the County of San Diego.*

**QUESTION 25.** For each Individual Defendant you found liable on Claim 1, has Plaintiff proven that the Defendant acted with malice, oppression, or reckless or callous indifference to Joseph Morton's federally protected rights?

Bijan Rahmani:   Yes _____   No _____

Matthew Berlin:   Yes _____   No _____

Janine Sparks:   Yes _____   No _____

Chris Kagay:   Yes _____   No _____

**QUESTION 26.** If you answered *"Yes"* as to any Defendant in Question 25, state the amount of punitive damages, if any, you award against that Defendant. Assess each amount separately, based on that Defendant's own conduct and financial condition under the Court's instructions. (No punitive damages may be awarded against the County of San Diego.)

---

[2]   With leave from the Court, the County Defendants intend to request that the Punitive Damages Phase of the Trial be bifurcated after the original verdict is returned on Questions 1 through 20. Therefore, Questions 25 and 26 will be presented to the jury on a separate verdict form only if liability is found as to a Defendant above.

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM

Bijan Rahmani:          $ _____

Matthew Berlin:          $ _____

Janine Sparks:          $ _____

Chris Kagay:          $ _____

Liberty Healthcare:          $ _____

*When you have answered all applicable questions, the Presiding Juror must sign and date the form below.*

**Signed:** _____
                    **Presiding Juror**

**Date:** _____

**After this verdict form has been signed, notify the court attendant.**

DATED:  July 1, 2026          GLASER WEIL FINK HOWARD
                                            JORDAN & SHAPIRO LLP


                                            By: /s/ Joseph Orabona _____
                                                 JOSEPH LEVENTHAL
                                                 JOSEPH ORABONA
                                                 Attorneys for Defendants
                                                 COUNTY OF SAN DIEGO and
                                                 JANINE SPARKS

DEFENDANTS COUNTY OF SAN DIEGO AND JANINE SPARKS' [PROPOSED] SPECIAL VERDICT FORM