UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:21-cv-01428-RBM-DDL<br><br>**ORDER CONTINUING TRIAL, SETTING BRIEFING SCHEDULE, AND REFERRING MOTION**<br><br>**[Doc. 358]** |

On July 2, 2026, the Court held a final pretrial conference.  (Doc. 367.)  Based on the motions pending before it, and the magnitude of the issues discussed at the final pretrial conference, the Court **CONTINUES** the trial, **SETS** the following briefing schedules, and **REFERS** Plaintiffs' motion(s) to substitute parties to Magistrate Judge Leshner.

## I.　　BRIEFING SCHEDULES

**A.　　Motion to Substitute Party**

Plaintiffs' *Ex Parte* Motion to Substitute Party (Doc. 332) is hereby **REFERRED** to Magistrate Judge Leshner.  That motion is fully briefed.  (*See* Docs. 333, 334.)  Plaintiffs also intend to "file their [Rule 17(a)(3)] motion to join the Special Administrator for the Estate of Joseph Morton."  (Doc. 368 at 2; *see also* Doc. 335 (notice indicating "Plaintiffs

will move to substitute the Estate of Joseph Morton, by and through its Special Administrator . . . as the real party in interest in this matter").)  Plaintiffs **shall file** their Rule 17 motion on or before **July 8, 2026**.  Defendants **shall file** any opposition on or before **July 13, 2026**.  Plaintiffs may file a reply on or before **July 15, 2026**.

**B.    Trial Subpoena**

The County has filed an objection to Plaintiffs' trial subpoena to retired Sheriff William Gore.  (Doc. 323.)  At the pretrial conference, the County represented that a motion to quash the subpoena would also be filed.  Any such motion to quash **shall be filed** on or before **August 3, 2026**.  Any opposition to the motion to quash, or to the objection, **shall be filed** on or before **August 10, 2026**.  No reply may be filed without leave of Court.

**C.    Substantive Issues**

Each of the following substantive issues raised at the final pretrial conference shall follow the same briefing schedule: the Parties **shall file** simultaneous opening briefs on or before **August 17, 2026**, and the Parties **shall file** opposition briefs on or before **August 24, 2026**.  None of the briefs shall exceed 10 pages.

1. Whether the County or Liberty may be liable under *Monell* even if no individually named Defendant is found liable.

2. Whether a jury may find comparative fault or apportion liability in a *Monell* claim.

3. Whether Liberty may be found directly, in addition to vicariously, liable for the remaining state law claims.

4. Whether any portions of the trial should be bifurcated.

5. Whether the substitution of Marilyn Morton affects the scope of, or damages available for, any of the remaining claims.

**D.    Other Pretrial Issues**

The Parties shall meet and confer to resolve any disputes regarding exhibits and **relodge** their proposed pretrial order on or before **August 31, 2026**.  The revised proposed pretrial order shall ensure that each exhibit is Bates numbered, accurately named, and individual (*i.e.*, no exhibit shall contain multiple media files).

Also on or before **August 31, 2026**, the Parties shall send a joint email to the Court proposing a short juror screening questionnaire regarding the sensitive circumstances of this case.

**E.    Motions in Limine**

Based on discussions at the final pretrial conference, the Court **GRANTS** the Parties leave to file additional motions in limine.  Each Party—Plaintiffs, the County Defendants, and the Liberty Defendants—rather than each side, may file five motions in limine.

Motions in limine **shall be filed** on or before **September 7, 2026**.  Oppositions **shall be filed** on or before **September 14, 2026**.  The Court **SETS** a motion in limine hearing for **October 20, 2026 at 1:30 p.m.**

**II.    NEW TRIAL DATE**

The Court appreciates that finding a trial date that works for all counsel, Parties, and witnesses is difficult.  As is evident from the section above, however, there are too many outstanding issues for trial to proceed as scheduled on August 17, 2026.  The Court offers the following trial dates:

1. October 26, 2026 through November 6, 2026

2. November 2, 2026 through November 16, 2026 (accounting for Veterans Day)

3. November 9, 2026 through November 23, 2026 (accounting for Veterans Day)

After meeting and conferring, the Parties **shall file** a joint status report on or before **July 17, 2026** indicating which of these trial dates works.  If none of these dates work, the Parties shall propose at least three alternate dates in January or February 2027.

**III.    CONCLUSION**

As discussed above, the Court **ORDERS**:

1. Plaintiffs' *Ex Parte* Motion to Substitute Party (Doc. 332) and Plaintiffs' incoming Rule 17 motion are **REFERRED** to Magistrate Judge Leshner.  Plaintiffs shall file their Rule 17 motion on or before **July 8, 2026**.  Defendants shall file any opposition on or before **July 13, 2026**.  Plaintiff may file a reply on or before **July 15, 2026**.

3

2. The Parties shall file a joint status report regarding new trial dates on or before **July 17, 2026**.

3. Any motion to quash the trial subpoena shall be filed on or before **August 3, 2026**. Any opposition to the motion to quash, or to the objection to the subpoena, shall be filed on or before **August 10, 2026**.

4. The Parties shall file simultaneous opening briefs regarding the above five substantive issues on or before **August 17, 2026**. The Parties shall file oppositions to the same on or before **August 24, 2026**. The briefs shall not exceed 10 pages.

5. The Parties shall relodge their revised proposed pretrial order and their joint juror screening questionnaire on or before **August 31, 2026**.

6. The Parties shall file their motions in limine on or before **September 7, 2026**. Oppositions shall be filed on or before **September 14, 2026**.

7. The Court **SETS** a motion in limine hearing for **October 20, 2026 at 1:30 p.m.**

8. In light of the Court's rulings, the County's *Ex Parte* Application for an Order Continuing Trial Date (Doc. 358) is **DENIED as moot**.

   **IT IS SO ORDERED**.

DATE: July 7, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:21-cv-01428-RBM-DDL