Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
Grace Jun Law PC
501 West Broadway, Suite 1480
San Diego, CA 92101-6036
TEL: (619) 841-1408

Ryan W. Stitt, Esq., SBN 273651
rstitt@stittvu.com
Stitt Vu Trial Lawyers
501 West Broadway, Suite 730
San Diego, CA 92101

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually. <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO, JANINE SPARKS, Individually, BIJAN RAHMANI, Individually, MATTHEW BERLIN, Individually, CHRISTOPHER KAGAY, Individually, LIBERTY HEALTHCARE, AND DOES 1-10, inclusive, <br><br> Defendants. | Case No. 21-cv-01428-RBM(DDL) <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER (DKT. 380)** <br><br> Hon. David D. Leshner <br><br> *Referred to Magistrate Judge Leshner pursuant to Dkt. 371.* <br><br> *Briefing schedule set by Dkt. 371.* |

During the hearing on July 16, 2026, with respect to Fed. R. Civ. P. 17 motion to join the Estate of Joseph Morton, by and through its Special Administrator, Plaintiffs emphasized their position that decedent Joseph Morton's constitutional claims under 42 U.S.C. § 1983 were neither transferrable nor fungible. This is because decedent Joseph Morton's claims are personal to him and cannot be assigned. *See Pony v. Cnty. of Los Angeles*, 433 F.3d 1138, 1143 (9th Cir. 2006). The Court, during colloquy with counsel, queried the undersigned counsel about claims inherited by a successor in interest versus claims that can be assigned. In light of the Court's inquiry, Plaintiffs take this opportunity to submit the following additional authority.[1]

First, Plaintiffs note that Joseph Morton's constitutional causes of action survive his death due to California Code Civ. Proc. § 377.20, which applies under 42 U.S.C. § 1988(a). *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Next, constitutional claims under § 1983 are tort claims for personal injury that cannot be assigned, whether under federal or California state law. *Pony*, 433 F.3d at 1143. Finally, with respect to survival claims and wrongful death claims related to the death of an individual, Code Civ. Proc. § 377.22 states, "**[n]othing in this chapter shall be construed as affecting the assignability of causes of action.**" (Emphasis added.) As the undersigned counsel did not specifically cite to Code Civ. Proc. § 377.22 in response to the Court's inquiry, Plaintiffs submit such authority now.

Taken together, California's statutory scheme governing survival actions make clear that "[u]nlike a wrongful death claim, a survival claim is not a new cause of action that vests in heirs after the death of the decedent. . . . It is rather an

---

[1] With respect to the Rule 25 motion to substitute Linnea Morton, Brian Morton, and Elizabeth Helmniak as successors in interest to Marilyn Morton, the undersigned counsel agrees that the Declaration of Sebastian van Roundsburg (dkt. 386-1) accurately summarizes the conversation with the undersigned counsel and the representations made by the undersigned counsel. Plaintiffs' counsel thanks Mr. van Roundsburg for his courtesy and efforts to meet and confer.

existing cause of action that belonged to the decedent before death but, by statute, survives that event." *Banks v. Mortimer*, 620 F. Supp. 3d 902, 934 (N.D. Cal. 2022) (internal citations and alterations in the original omitted). For this reason, "survival statutes do not create a cause of action, but merely prevent abatement of a cause of the injured person and provide for its enforcement by or against the personal representative of the deceased." *Moore ex rel. Moore v. Cnty. of Kern*, No. 1:05CV1115 AWISMS, 2007 WL 2802167, at *6 (E.D. Cal. Sept. 23, 2007).

Both the County Defendants and Liberty Defendants urge this Court to hold that decedent Joseph Morton's § 1983 claims passed to Marilyn Morton because she first acted as a successor in interest in this case. In other words, decedent's claims are now personal to Marilyn Morton and her property. That, however, is contrary to the plain language of Code Civ. Proc. § 377.22. As neither constitutional torts nor personal injury claims can be assigned, these claims belong to the decedent Joseph Morton.

Furthermore, in interpreting a state statute, a district court must "'determine the Legislature's intent so as to effectuate the law's purpose.'" *Bass v. Cnty. of Butte*, 458 F.3d 978, 981–82 (9th Cir. 2006) (citation omitted). The district court does this by first "'examining the statute's words, giving them a plain and commonsense meaning.'" *Id*. at 982. The statutory text is not interpreted in isolation; instead, the "'entire substance of the statute'" is examined to "'determine the scope and purpose of the provision.'" *Id*.

Here, Defendants urge an interpretation of Code Civ. Proc. §§ 377.30 that defies common sense and does not facilitate the purpose of the statute. For example, in section 1983 actions, there may be disputed issues of fact as to who, precisely, is the appropriate successor in interest. *See Saldivar v. Riverside Police Dep't*, No. 2:20-CV-02081-CAS-PD, 2025 WL 2166977, at *6 (C.D. Cal. July 30, 2025). In *Saldivar*, decedent's father asserted Fourth Amendment claims under § 1983 as decedent's successor in interest. *Id*. at *1. Defendants sought summary judgment on

the Fourth Amendment claim, contending that plaintiff-father lacked standing to assert decedent's Fourth Amendment claims because he was not the actual successor in interest. *Id*. at *2. The district court denied the motion due to disputed issues of material fact and found the question required resolution by a jury. *Id*. *6.

Under the County Defendants' and Liberty Defendants' interpretation of the Code of Civil Procedure, the father in *Saldivar* would own or possess decedent's Fourth Amendment claims because he first claimed to be the successor in interest. But what of the potential minor daughter in *Saldivar* given the existence of disputed facts? The situation could be resolved if a probate court appointed a personal representative for the decedent's estate. In fact, the probate court would be best suited to make the determination as to who is the proper heir of the decedent. But according to the Defendants in this case, that is now impossible because the father in *Saldivar* "owns" the decedent's claim as his personal property by virtue of first having filed a successor in interest declaration.

Defendants may attempt to distinguish the situation in *Saldivar* from this case by claiming that Marilyn Morton was clearly the appropriate successor in interest. But what about Dean Morton? As County Defendants acknowledge, Dean Morton could also have been a successor in interest. But, according to County Defendants, decedent Joseph Morton's claims purportedly do not pass to Dean, only Marilyn, because only Marilyn filed a successor in interest declaration. This then raises another question – who decides which party is the proper successor in interest who then "owns" decedent's claims as his/her own personal property? The County and Liberty Defendants are silent on the mechanics of this determination.

Fed. R. Civ. P. 17(a)(3), however, does address this precise issue and provides the appropriate procedural mechanism. Because "survivorship actions are complex and pose a myriad of legal pitfalls[,]" Rule 17(a)(3) offers "plaintiffs a mulligan should they make a mistake along the way." *Est. of Rupard v. Cnty. of San Diego*, No. 23-CV-1357-CAB-BLM, 2025 WL 419164, at *1 (S.D. Cal. Feb. 6,

2025). That is precisely what Plaintiffs aim to do here by joining the Estate of Joseph Morton.

Further consider a different hypothetical that reveals the absurdity of the Defendants' interpretation of California's survival statute. Assume a decedent dies intestate with a surviving wife. The surviving wife is the only proper successor in interest under Code Civ. Proc. §§ 377.10(b) and 377.11 and Probate Code § 6401. According to County Defendants' formulation, the surviving wife now "owns" the decedent-husband's constitutional claims under §1983. Further assume: (1) the surviving spouse only has two parents and (2) that the decedent-husband had two children whom he did not share with his surviving wife. According to the County Defendants, in this hypothetical, if the surviving wife died, the decedent-husband's constitutional claims would be passed to the wife's surviving parents – not the decedent's own two children. This then produces an absurd result that is contrary to the plain language of § 377.11 – the successor in interest who succeeds to the decedent's cause of action may not even be a beneficiary of the decedent's estate. Instead, under the Defendants' formulation, the beneficiary of the decedent's cause of action would now be the beneficiary of some other successor in interest who did not even suffer any personal injuries and has no connection to the original decedent.

In sum, the County and Liberty Defendants urge this Court to interpret California's survival statutes in a manner that is (1) not supported by the plain language of the statutory scheme as it simply ignores § 377.22 and (2) produces absurd and unworkable results that undermine the very purpose of the survival statutes – to ensure that decedent's claims do not abate and tortfeasors who caused the death are held responsible. Plaintiffs respectfully request the Court grant Plaintiffs' Fed. R. Civ. P. 17(a)(3) motion to join the Estate of Joseph Morton, by and through its Special Administrator.

///

///

4

Respectfully submitted,

Dated:  July 24, 2026

*s/ Grace Jun*
Grace Jun, Esq.
Attorneys for Plaintiffs

CASE NO. 21-CV-01428-RBM(DDL)