

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al.<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  21-cv-1428-RBM-DDL<br><br>**ORDER (1) GRANTING PLAINTIFFS' APPLICATION TO SUBSTITUTE PARTIES UNDER RULE 25 AND (2) GRANTING PLAINTIFF'S MOTION TO JOIN ESTATE OF JOSEPH MORTON UNDER RULE 17**<br><br>**[Dkt. Nos. 332, 372]** |

**I.**

**INTRODUCTION**

Joseph Morton died in custody at the Vista Detention Facility in 2020.  His parents, Marilyn and Dean, were the initial plaintiffs in this civil rights action.[1]  Unfortunately, both Marilyn and Dean have passed away.  The questions presented in two pending motions are whether Marilyn and Dean's surviving children may substitute as plaintiffs for the state

---

[1]      For purposes of clarity, this Order refers to the parties by their first names given their common surname.

law claims brought by Marilyn and Dean individually under Federal Rule of Civil Procedure 25 and whether the Estate of Joseph Morton may join as a plaintiff for the federal claims brought by Marilyn as Joseph's successor in interest under Rule 17(a).  The Court grants both motions.

## II.

## __PROCEDURAL HISTORY__

On May 17, 2020, Joseph died by suicide in the Vista Detention Facility.  On August 9, 2021, Marilyn and Dean filed this lawsuit.  Marilyn asserted federal claims against the County of San Diego and Liberty Healthcare (as well as their respective employees) in her capacity as Joseph's successor in interest, and both Marilyn and Dean asserted state law claims in their individual capacities.

Dean passed away in 2022.  On August 29, 2025, the Court granted Marilyn's unopposed motion to substitute parties and allow Marilyn to proceed as Dean's successor in interest.  Dkt. No. 281.

In March 2026, Marilyn Morton passed away.  Plaintiffs filed a notice of her death on May 28, 2026.  The instant motions followed.

## III.

## __DISCUSSION__

A.   __Motion to Substitute Parties Under Rule 25 (Dkt. No. 332)__

Plaintiffs move to substitute Marilyn and Dean's surviving children – Linnea Morton, Brian Morton and Elizabeth Helminiak – as Plaintiffs for the state law claims asserted by Marilyn and Dean in their individual capacities.  As alleged in the operative Fourth Amended Complaint, those claims are the third (failure to summon medical care), fourth (wrongful death) and fifth (professional negligence) causes of action.

Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  The motion to substitute may be made "by any party or by the decedent's successor or representative."  *Id.*

/ / /

21-cv-1428-RBM-DDL

The motion complies with Rule 25's procedural requirements in that it was filed within 90 days after the filing and service of the notice of death and was served on all parties.  Fed. R. Civ. P. 25(a)(1) & (a)(3).  On the merits, the Court agrees with all parties that the three surviving children are proper plaintiffs as Marilyn's successors in interest.[2]

"Generally, state substantive law governs whether a state law claim survives the death of party."  *Oatridge v. Future Motion, Inc.*, No. 5:21-CV-09906-BLF, 2025 WL 41935, at *1 (N.D. Cal. Jan. 6, 2025).  Here, California law applies in determining whether Marilyn's claims survive her death and, if so, the appropriate plaintiffs to substitute.  *Id.*  Under California law, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."  Cal. Civ. Proc. Code § 377.20(a).  A cause of action that survives the decedent's death "passes to the decedent's successor in interest," and "an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  Cal. Civ. Proc. Code § 377.30.  Similarly, following the death of a party who commenced the action, the action may be continued "by the decedent's personal representative or, if none, by the decedent's successor in interest."  Cal. Civ. Proc. Code § 377.31.

At time of her death, Marilyn was the sole plaintiff for the state law causes of action in her individual capacity and as Dean's successor in interest.  Marilyn died testate, and her will named Linnea, Brian and Elizabeth as her sole beneficiaries.  Dkt. No. 378-1.  No probate proceeding was ever initiated for Marilyn's estate.  As such, there is no personal representative to pursue this action on her behalf.  *See, e.g., Malauulu v. Wal-Mart Stores, Inc.*, No. 18CV2595-LAB (AGS), 2019 WL 3068795, at *1 (S.D. Cal. July 12, 2019) (finding plaintiff lacked standing to pursue claims on behalf of decedent's estate as

---

[2]  At the July 16 motion hearing, the defendants argued that Marilyn's estate is the proper plaintiff even though no probate was opened.  Following the hearing, defense counsel met and conferred with Plaintiff's counsel regarding the reasons why probate was not opened, and the defendants have withdrawn their opposition to the Rule 25 substitution.  The Court commends counsel for their willingness to engage with each other on this issue.

personal representative where plaintiff "was not the appointed personal representative at the time this action was commenced . . . And it's likewise undisputed that as of this date no probate court has found that she meets the requirements to be a personal representative."). Nor does California law require that Marilyn's estate be probated with the appointment of a personal representative to pursue this action. *See Parsons v. Tinkner*, 31 Cal App. 4th 1513, 1524 (1995). As such, Marilyn's successor in interest may pursue the state law claims under § 377.31.

California law defines "decedent's successor in interest" as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. Linnea, Brian and Elizabeth are Marilyn's sole surviving children and beneficiaries of her estate. Accordingly, the Court agrees with the parties that Linnea, Brian and Elizabeth may continue this action under § 377.31 as the successors in interest to the state law claims initially asserted individually by Marilyn and Dean.

**B.    Motion to Join Joseph Morton's Estate (Dkt. No. 372)**

The Fourth Amended Complaint asserts civil rights claims under 42 U.S.C. § 1983 brought by Marilyn as Joseph's successor in interest. "[A] survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent" but "is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006). Survival action "merely prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased." *Id.* (citation omitted).

Plaintiffs move to join the Estate of Joseph Morton ("the Estate") to pursue the federal claims under Rule 17(a). The motion follows probate proceedings for the Estate in June and July 2026, where the Superior Court of California granted a petition to appoint Kaitlyn Welling, a licensed professional fiduciary, as the Special Administrator for the Estate with authority to pursue the Estate's claims in this action.

"[A]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

"The purpose of the rule is to prevent forfeiture of a claim when an honest mistake was made." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (citation omitted). Given the complexity of survival claims, Rule 17(a)(3) "offer[s] plaintiffs a mulligan should they make a mistake along the way" and thereby promotes the "longstanding policy in favor of deciding cases on the merits." *Est. of Rupard v. Cnty. of San Diego*, No. 23-CV-1357-CAB-BLM, 2025 WL 419164, at *1 (S.D. Cal. Feb. 6, 2025) (citation omitted); *Goodman v. United States*, 298 F.3d 1048, 1053 (9th Cir. 2002) (Rule 17(a)(3) "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought").

A real party in interest includes "an administrator" and "a party authorized by statute." Fed. R. Civ. P. 17(a)(1)(B) & (a)(1)(G). There is no dispute that (1) Marilyn was Joseph's successor in interest, (2) Marilyn was a proper plaintiff to pursue the survival claims initially and (3) following Dean's death, Marilyn was the proper plaintiff to pursue both the survival claims and the individual claims asserted by herself and Dean. As discussed above, defendants now agree that Linnea, Brian and Elizabeth are Marilyn's successors in interest for the state law claims brought by Marilyn and Dean in their individual capacities. By defendants' own logic, these siblings also could pursue the federal claims as Marilyn's successors in interest under California law. As such, there appears to be no dispute that Linnea, Brian and Elizabeth are real parties in interest for all causes of action under Rule 17(a)(1).

However, the parties disagree whether joinder of the Estate is proper under Rule 17. Defendants argue the Estate lacks standing to join as a plaintiff because, by virtue of

21-cv-1428-RBM-DDL

bringing this action as a successor in interest, Marilyn acquired a property right in the survival claims and that, upon her death, the property interest in those claims passed to her successors (*i.e.*, Linnea, Brian and Elizabeth).  Dkt. No. 374.  Plaintiffs respond that the survival claims cannot be assigned and that California law "permits a personal representative of the Estate of Joseph Morton to pursue decedent's survival claims or Joseph Morton's successors in interest."  Dkt. No. 379 at 4.  Although there is no authority directly on point, Plaintiffs' position is more persuasive.

Under California's survival statues, "a single successor in interest may properly commence an action, even if other 'beneficiaries' exist." *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387, at *6 (E.D. Cal. May 21, 2020).  And under Cal. Code Civ. Proc. § 377.33, where a successor in interest pursues claims on behalf of a decedent, the court may "issue orders to ensure that awards of survival damages are properly administered by successors in interest." *Id.* at *6 (citation omitted).  This statute "authorizes courts to issue orders to ensure that awards of survival damages are properly administered by successors in interest." *Id.  See also Dillard v. Curtis*, No. C 04-1449 PJH, 2004 WL 2496130, at *7 (N.D. Cal. Nov. 3, 2004) ("a personal representative or successor in interest who files a survival action for damages necessarily acts in a representative and fiduciary capacity, and any damages awarded in that survival action may be subject to claims of beneficiaries, creditors, and other persons").

Defendants' argument that a survival claim is the sole property of the successor in interest who filed suit is inconsistent with the foregoing authorities.  Adopting Defendants' argument would allow a "first to file" successor in interest to acquire a property interest in the survival claim that would pass to the successor's own heirs to the exclusion of other successors or beneficiaries of the decedent, as posited in Plaintiffs' hypothetical scenario (Dkt. No. 388 at 5).  *See Est. of Elkins*, 2020 WL 2571387 at *6; *Dillard*, 2004 WL 2496130 at *7.  And even if the Court were to credit Defendants' argument that Marilyn possessed a property right in the survival claims and that the claims passed to her successors in interest, that would not create a conflict with California's laws of succession.  As discussed

above, Linnea, Brian and Elizabeth are each Marilyn's successors in interest under Code of Civil Procedure § 377.31 and the sole heirs of her estate.  There is no possibility of disenfranchising Marilyn's heirs because Linnea, Brian and Elizabeth will receive any proceeds from this suit regardless of the named plaintiff for the survival claims.

Even though Marilyn's pursuit of the survival claims as a successor in interest does not deprive the Estate of standing to pursue the claims, the question remains whether joinder of the Estate is proper under Rule 17.  As noted above, Rule 17's purpose "is to prevent forfeiture of a claim when an honest mistake was made." *Jones*, 873 F.3d at 1128.  But no mistake has been made here.  Everyone agrees Marilyn was a proper plaintiff for the survival claims, and defendants appear to acknowledge that the surviving siblings would be proper plaintiffs for those claims as Marilyn's successors in interest.  Instead, Plaintiffs seek to join the Estate, a different real party in interest, as the plaintiff for the survival claims.  None of the authorities cited by the parties addresses this particular scenario, *i.e.*, whether Rule 17(a) allows the joinder of the Estate as a real party in interest for the survival claims where different real parties in interest are already litigating other claims and could be substituted as plaintiffs on the survival claims under Rule 25.

The most analogous authority is *Est. of Cornejo ex rel. Solis v. City of Los Angeles*, 618 F. App'x 917 (9th Cir. 2015), where the Ninth Circuit held the decedent's children had standing to pursue the decedent's survival claims notwithstanding the existence of a personal representative for the decedent's estate.  *Id.* at 919.  "Because the cause of action passes to the children and they receive any proceeds from the suit, they have Article III standing for the same reasons that an assignee of a valid legal claim does." *Id.*  This case presents the reverse scenario where Joseph's newly-probated Estate seeks to pursue his survival claims notwithstanding the existence of successors in interest (all of whom agree to have the Estate pursue those claims).  This distinction ultimately is immaterial because the salient point is that here, as in *Cornejo*, the decedent's surviving family members will receive the proceeds of any judgment on the survival claims regardless whether the claims are brought the family members as successors in interest or by the Estate.

21-cv-1428-RBM-DDL

California law authorizes a personal representative (which includes the estate administrator) to pursue the decedent's survival claims. *See* Cal. Civ. Proc. Code § 377.30, Cal. Probate Code § 58. And an estate's administrator is a real party in interest under Rule 17(a)(1). Thus, allowing the Estate to join this case is consistent with the governing federal and state law authorities. Moreover, allowing the Estate to join this action to pursue the survival claims will promote principles of comity by respecting the Superior Court's orders granting the Estate's Special Administrator the authority to pursue those claims. *Cf. California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 769 (9th Cir. 2025) ("Our federal and state court systems operate on the bedrock principle of comity, which includes a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.") (citation omitted). Finally, allowing the Estate to join this action will cause no prejudice to the defendants, who will be defendants to the same causes of action, or to the surviving siblings, who have consented to the administrator's appointment and will receive the proceeds of this lawsuit, whether through the Estate or otherwise. *See Est. of Cornejo*, 618 F. App'x at 919.

## IV.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs' application to substitute parties and Plaintiffs' motion to join the Estate of Joseph Morton are granted.

**IT IS SO ORDERED.**

Dated: August 7, 2026

_____
Hon. David D. Leshner
United States Magistrate Judge

21-cv-1428-RBM-DDL