Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Cynthia Y. Sun, Esq. (SBN 245123)
csun@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 N. Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, BIJAN RAHMANI, MATTHEW BERLIN, CHRISTOPHER KAGAY, and LIBERTY HEALTHCARE OF CALIFORNIA, INC., erroneously sued and served herein as Liberty Healthcare

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARILYN MORTON, Individually, and as Successor in Interest to JOSEPH MORTON, and DEAN MORTON, Individually,

Plaintiffs,

vs.

COUNTY OF SAN DIEGO, BIJAN RAHMANI, Individually, HOSANNA ALTO, Individually, MATTHEW BERLIN, Individually, LIBERTY HEALTHCARE, JANINE SPARKS, Individually, CHRISTOPHER KAGAY, Individually, AND DOES 1-10, inclusive,

Defendants.

Case No. 3:21-cv-01428-RBM-DDL

*Honorable Ruth Bermudez Montenegro*
*Magistrate Judge: David D. Leshner*
*Courtroom 2D*

**OPPOSITION BRIEF BY THE LIBERTY DEFENDANTS RE WHETHER THE SUBSTITUTION OF MARILYN MORTON AFFECTS THE SCOPE OR AVAILABILITY OF DAMAGES**

Complaint Filed: August 9, 2021
Trial Date: January 25, 2027

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

COME NOW the Liberty Defendants and hereby submit their Responsive Brief re whether the substitution of Marilyn Morton affects the scope of, or damages available for, any of the remaining claims in this matter. (ECF 371, pg. 2:22-23.)

## I. INTRODUCTION

Plaintiffs contend that Marilyn Morton's death and the substitution of her successors have "no effect on the scope and availability of damages in this case." (ECF No. 399, pg. 2: 4-5.) That assertion ignores the distinct effect substitution has on Dean Morton's and Marilyn Morton's individual wrongful death claims, which compensate each plaintiff for his or her own losses arising from Joseph Morton's death. Liberty does not contend that Marilyn Morton's substitution alters the damages attributable to Joseph Morton's surviving federal claims. The wrongful death claims, however, are necessarily limited by the periods during which Dean Morton and Marilyn Morton were alive to sustain those losses. Accordingly, the successors' recovery on those claims must be confined to losses sustained during the Mortons' respective lifetimes.

## II. SUBSTITUTION AFFECTS THE SCOPE OF WRONGFUL DEATH DAMAGES BY LIMITING RECOVERY TO THE MORTONS' RESPECTIVE LIFETIMES.

A wrongful death action compensates the plaintiff for losses personally suffered as a result of the decedent's death. *LAOSD Asbestos Cases*, 28 Cal. App. 5th 862, 872 (2018). In determining the period over which wrongful death losses may be recovered, California law considers the respective lifespans of the decedent and the plaintiff, with the shorter lifespan limiting the period of recovery. *See* CACI No. 3921.

That limitation follows from the nature of wrongful death damages: they compensate only for losses the plaintiff could have experienced or benefits the plaintiff could have received during his or her lifetime. Thus, where the plaintiff's lifespan is shorter than the decedent's, the recoverable loss is confined to the period

during which the plaintiff remained alive. *See Parsons v. Easton*, 184 Cal. 764, 770–71 (1921) (holding that where the parents' life expectancy was shorter than their son's, "the benefits to be considered are those only which might accrue during the life of the surviving parents"); *Francis v. Sauve*, 222 Cal. App. 2d 102, 120–21 (1963) (approving instruction limiting pecuniary loss to the shorter of the decedent's or plaintiff's life expectancy.)

Here, Dean and Marilyn Morton's lifespans are no longer matters of statistical prediction. Their actual dates of death are known. Accordingly, the period during which either could sustain wrongful death damages is no longer estimated by reference to life expectancy; it is fixed by their respective dates of death.

Therefore, substitution permits Marilyn Morton's successors to continue their parents' wrongful death claims, but it does not permit recovery for losses extending beyond their parents' respective lifetimes. California *Code of Civil Procedure* § 377.34 limits recovery in a continued action to the "loss or damage that the decedent sustained or incurred before death." Cal. Civ. Code § 377.34(a); *see also Williamson v. Plant Insulation Co.*, 23 Cal. App. 4th 1406, 1418 (1994) (holding that damages not incurred before death were not recoverable in the decedent's action and reversing an award to the extent it included anticipated future economic losses).

Accordingly, Dean Morton's recoverable losses end with his death in 2022, and Marilyn Morton's with her death in March 2026. Any award extending beyond those dates would compensate for losses the original wrongful death plaintiffs did not live to sustain.

///

///

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, the Liberty Defendants respectfully submit that wrongful death damages attributable to Dean Morton and Marilyn Morton may not extend beyond their respective dates of death.

Date: August 24, 2026

TRESSLER LLP

By: ______________________________

Corey E. Krueger, Esq.
Cynthia Y. Sun
Alexandra Sennet, Esq.
Attorneys for Defendants, BIJAN RAHMANI, MATTHEW BERLIN, CHRISTOPHER KAGAY, and LIBERTY HEALTHCARE OF CALIFORNIA, INC., erroneously sued and served herein as Liberty Healthcare