JOSEPH LEVENTHAL (SBN 221043)
jleventhal@glaserweil.com
JOSEPH ORABONA (SBN 223317)
jorabona@glaserweil.com
SEBASTIAN VAN ROUNDSBURG (SBN 331244)
svanroundsburg@glaserweil.com
LUIS RAMOS (SBN 340711)
lramos@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Tele: (619) 765-4380

Attorneys for Defendants
COUNTY OF SAN DIEGO and JANINE SPARKS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, individually and as Successor in Interest to JOSEPH MORTON; and DEAN MORTON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; BIJAN RAHMANI, individually; MATTHEW BERLIN, individually; LIBERTY HEALTHCARE; JANINE SPARKS, individually; CHRISTOPHER KAGAY, individually; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 21-cv-1428-RBM-DDL<br><br>**DEFENDANTS COUNTY OF SAN DIEGO'S AND JANINE SPARKS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING BIFURCATION OF ANY PORTION OF TRIAL**<br><br>Hon. Ruth Bermudez Montenegro<br>Courtroom 5B |

Glaser Weil

The Court ordered the parties to submit simultaneous briefs on whether any portions of the trial should be bifurcated. ECF No. 371 at 2. Defendants County of San Diego and Ms. Janine Sparks (together, "County Defendants") and the Liberty Defendants submitted their brief. The Liberty Defendants agree that the trial should be trifurcated in the manner the County Defendants propose. Phase one will try the individual defendants' liability; phase two will try the *Monell* claims (if any); and phase three will determine the amount of punitive damages (if any). ECF No. 402 at 5. Plaintiffs, however, did not submit an opening brief fully stating their position and therefore waived the issue.[1] *See Eclipse Grp., LLP v. Target Corp.*, No. 3:15-CV-1411-RBM-JLB, 2024 WL 7020670, at *3 (S.D. Cal. Feb. 26, 2024) (failure to file papers as required may be deemed waiver of request for ruling).

As an additional factor supporting bifurcation of the individual claims and the *Monell* claims, on August 21, 2026, the Court granted Plaintiffs' and the Liberty Defendants' joint motion to dismiss Plaintiffs' *Monell* claim against Liberty Healthcare. ECF No. 414. With the dismissal of the *Monell* claim against Liberty Healthcare, the only remaining *Monell* claims are against one defendant, the County. This provides more reason for the Court to bifurcate the claims against the individual defendants and the *Monell* claims.

First, as argued in the County Defendants' briefs regarding *Monell* liability, there can be no *Monell* liability absent a constitutional violation by the remaining individual County Defendant, Ms. Sparks. ECF No. 407; County Defendants Response Brief Regarding *Monell* Liability. If Ms. Sparks is not liable under 42 U.S.C. §1983, there will be no need to try the *Monell* claim at all. Second, even if Ms. Sparks is found liable, the evidence relevant to the *Monell* claims is even more separable after the dismissal of the *Monell* claim against Liberty Healthcare because only the County's *Monell* liability

[1] To the extent the Court finds it useful to its ruling on whether any portions of the trial should be bifurcated, the County Defendants request leave to file a reply to Plaintiffs' opposition brief.

is at issue now. Plaintiffs only need to put on evidence relevant to the County's policies and training regarding weighing of risk and protective factors in assessing suicide risk, which is separable from the evidence Plaintiffs will rely on as to Ms. Sparks. ECF No. 404 at 7.

In sum, the Court should trifurcate the trial as proposed by the County Defendants and the Liberty Defendants.

DATED: August 24, 2026

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: /s/ *Joseph Orabona*
JOSEPH LEVENTHAL
JOSEPH ORABONA
Attorneys for Defendants
COUNTY OF SAN DIEGO and
JANINE SPARKS

Glaser Weil